IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-07196 |
| v. | ) | |
| THE STATE OF ILLINOIS *et al.*, | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

The parties represented by the undersigned attorneys hereby submit this joint initial status report.

1. **The Nature of the Case**

    A. **Identification of all attorneys of record for each party.**

*Plaintiff Anthony Gay:*

| | |
|---|---|
| Antonio M. Romanucci (lead trial attorney) | Alexis Garmey Chardon |
| Nicolette Ward | Stephen H. Weil |
| Romanucci & Blandin, LLC | Weil & Chardon LLC |
| 321 North Clark St. | 333 S. Wabash Ave. |
| Suite 900 | Suite 2700 |
| Chicago, IL 60654 | Chicago, IL 60604 |
| (312) 458-1000 | 312-585-7404 |
| aromanucci@rblaw.net | ali@weilchardon.com |
| nward@rblaw.net | steve@weilchardon.com |
| | |
| Maggie E Filler | Daniel M. Greenfield |
| Roderick & Solange MacArthur Justice Center | Roderick & Solange MacArthur Justice Center |
| 745 Atlantic Ave. | Northwestern Univ. Pritzker School of Law |
| 8th Floor | 375 East Chicago Ave. |
| Boston, MA 02111 | Chicago, IL 60611 |
| (857) 284-1455 | (312) 503-1271 |
| maggie.filler@macarthurjustice.org | daniel-greenfield@law.northwestern.edu |

*Defendants John Baldwin, and Melvin Hinton:*

Nicholas Staley
Illinois Attorney General's Office
100 W. Randolph St., 13th Floor
Chicago, IL 60601
(312) 814-3711
nstaley@atg.state.il.us

*Defendants Kelli Ann Renzi, William Puga, and Wexford Health Sources, Inc.:*

Matthew H. Weller
Joseph Jack Lombardo
Cassiday Schade LLP
222 West Adams Street
Suite 2900
Chicago, IL 60606-2903
(312) 641-3100
mweller@cassiday.com

*Defendant Pierre Nunez:*

Stetson F. Atwood
Laura Coffey Ieremia
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, IL 60603
(312) 422-0900
stetson.atwood@dbmslaw.com
ieremia@dbmslaw.com

**B. Brief description of the nature of the claims asserted in the complaint.**

Plaintiff Anthony Gay alleges that from 1994 through 2018 he was a prisoner at the Illinois Department of Corrections who suffered from severe mental illness, and that for a period of more than twenty years he was placed in solitary confinement. Plaintiff alleges the following causes of action:

- **Eighth Amendment to the U.S. Constitution**. Plaintiff alleges that his placement in extended solitary confinement inflicted cruel and unusual punishment and exhibited deliberate indifference to his mental illness and serious medical needs.

- **Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA")**. Plaintiff alleges that by placing him in solitary confinement, the defendants discriminated against him because of his mental illness and failed to reasonably accommodate his mental illness, in violation of the ADA and the RA.

- **Fourteenth Amendment**. Plaintiff alleges that he had a right under the Due Process Clause to meaningfully challenge his placement in solitary confinement, and that he was deprived of that right.

C. **Briefly identify the major legal and factual issues in the case.**

The major legal issues in the case concern whether Plaintiff's rights under the U.S. Constitution and the ADA and RA, as summarized in Section B above, were violated. The major factual issues in the case concern: the course of Plaintiff's incarceration and the decision to place him, and keep him, in solitary confinement; Plaintiff's condition and actions while in solitary confinement; the medical and mental healthcare (or lack thereof) that Plaintiff received during his incarceration, and the reasons therefor; and the physical and psychological injuries Plaintiff suffered as a result of his continued placement in solitary confinement.

D. **State the relief sought by any of the parties.**

Plaintiff seeks compensatory damages, punitive damages, nominal damages, and an award of reasonable attorneys' fees and costs.

2. **Jurisdiction**

This Court has jurisdiction over this action because it raises federal questions. 28 U.S.C. §§ 1331 and 1343(a). Counts I and IV are brought pursuant to 42 U.S.C. § 1983 and seek relief

for violations of Plaintiff's federal constitutional rights under the Eighth and Fourteenth Amendments, respectively. Count II is brought under the Americans With Disabilities Act (ADA), § 1988(b), and Count III is brought under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

3. **Status of Service**

The following defendants have agreed to waive service of summons: John Baldwin, Kelli Ann Renzi, William Puga, Wexford Health Sources, Inc. and Pierre Nunez. Melvin Hinton has been served via summons.

The following defendants have not yet been served: Jeff Sims, Shane Reister, Sylvia Butler, Dr. Chess and the State of Illinois. Service by request for waiver was attempted. Summons were issued for these defendants on January 3, 2019 and Plaintiff is attempting service of summons.

4. **Consent to Proceed Before a United States Magistrate Judge.**

Counsel have advised their clients of their right to proceed before a magistrate judge if all parties so consent. There is not unanimous consent to proceed before a magistrate judge.

5. **Motions**

Counsel for Wexford, Puga, and Renzi have filed an unopposed motion for entry of a qualified protective order pursuant to HIPAA. (ECF 15, 17.)

Defendants will be jointly moving to transfer venue of this to the Central District of Illinois. Defendants will also be jointly moving to stay discovery and responsive pleadings until the Court decides their transfer motion. In addition, Defendants will be filing dispositive motions in response to the Complaint.

6. **Case Plan**

A. **MIDP**

Counsel of record held an initial Rule 26(f) conference on January 9, 2019. Counsel for all parties which have appeared were in attendance. Pursuant to the MIDP Standing Order, as amended December 1, 2018, the parties understand that their responses to MIDP initial discovery are due 30 days after the first answer to the Complaint.

**B. Proposed Discovery Plan[1]**

1) Description of the general type of discovery needed:

Plaintiff anticipates needing discovery regarding his medical records, his disciplinary records, and other records relating to his confinement (such as housing classification); information relating to the Defendants' policies and practices regarding the solitary confinement of prisoners, the discipline of prisoners, and the provision of mental healthcare to prisoners, discipline, and mental healthcare; and Plaintiff's injuries resulting from his placement in solitary confinement and his treatment by the Defendants.

The parties agree that, in compliance with Fed. R. Civ. P. 26(f)(3)(C), within 14 days of service of Fed. R. Civ. P. 34 requests for production, they will meet and confer to develop a plan for the disclosure, discovery, and preservation of electronically stored information ("ESI"), including the form or forms in which ESI should be produced.

2) Date to issue written discovery: March 15, 2019.

3) Fact discovery completion date: January 15, 2020.

4) Delivery of expert reports:

    Plaintiff will deliver expert reports by March 2, 2020.

    Defendants will deliver expert reports by May 1, 2020.

    Plaintiff will deliver any rebuttal expert reports by June 15, 2020.

---

[1] Defendants have agreed to the time allotments of this proposed discovery plan. However, Defendants take the position that the specific dates would need to be adjusted in the event that the Court stays discovery while a motion to transfer venue is pending.

5) Expert discovery completion date: July 1, 2020.

6) Final date for supplementation of mandatory initial discovery responses: November 15, 2019.

7) Dispositive motions filing date: August 5, 2020.

C. **Trial**

Plaintiff requests a jury trial. The parties anticipate that trial will last three weeks.

**7. Status of Settlement Discussions**

The parties have not discussed settlement. No party has requested a settlement conference at this time.

Dated: January 11, 2019

Respectfully submitted,

/s/ *Alexis G. Chardon*

Alexis G. Chardon – ali@weilchardon.com
Stephen H. Weil – steve@weilchardon.com
Weil & Chardon LLC
333 S. Wabash Ave., Suite 2700
Chicago, IL 60604
312-585-7404

/s/ *Antonio Romanucci*

Antonio Romanucci - aromanucci@rblaw.net
Nicolette Ward - nward@rblaw.net
Romanucci & Blandin, LLC
321 North Clark St., Suite 900
Chicago, IL 60654
(312) 458-1000

/s/ *Maggie E. Filler*

Maggie E. Filler*
Roderick & Solange MacArthur Justice Center
745 Atlantic Avenue, 8th Floor
Boston, MA 02111
(857) 284-1455
maggie.filler@macarthurjustice.org

/s/ *Daniel M. Greenfield*

Daniel M. Greenfield
Roderick & Solange MacArthur Justice Center
Northwestern University
Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-8538
daniel-greenfield@law.northwestern.edu

*Attorneys for Plaintiff Anthony Gay*

/s/ *Nicholas S. Staley*

Nicholas Scott Staley
Illinois Attorney General's Office
100 W. Randolph St., 13th Floor
Chicago, IL 60601
(312) 814-3711
nstaley@atg.state.il.us

*Attorney for defendants John Baldwin, and Melvin Hinton*

/s/  *Stetson F. Atwood*

Stetson F. Atwood
Laura Coffey Ieremia
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, IL 60603
(312) 422-0900
stetson.atwood@dbmslaw.com
ieremia@dbmslaw.com

*Attorney for defendant Pierre Nunez*

/s/  *Joseph Jack Lombardo*

Matthew H. Weller
Joseph Jack Lombardo
Cassiday Schade LLP
222 West Adams Street
Suite 2900
Chicago, IL 60606-2903
(312) 641-3100
mweller@cassiday.com

*Attorney for defendants Kelli Ann Renzi, William Puga, and Wexford Health Sources, Inc.*

**CERTIFICATE OF SERVICE**

    I, Stephen H. Weil, a licensed attorney (ARDC No. 6291026) hereby certify that on January 10, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system.

                                          /s/ Stephen H. Weil