IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 C 1133 |
| | ) | |
| JOHN BALDWIN, et al., | ) | Hon. Harold A. Baker, Judge |
| | ) | |
| Defendants. | ) | Hon. Eric I. Long, Mag. Judge |

**PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S DENIAL OF
PLAINTIFF'S MOTION FOR ENTRY OF AMENDED ESI PROTOCOL**

Plaintiff Anthony Gay, by his attorneys, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72.2(A), hereby respectfully submits this objection to Magistrate Judge Long's March 6, 2020 Text Order denying Plaintiff's Motion for Entry of Amended ESI Protocol (Dkt. 73). In support, Plaintiff states as follows:

**INTRODUCTION**

Plaintiff has brought this lawsuit against high-level Illinois Department of Corrections (IDOC) and Wexford executives for maintaining a system of inadequate mental health treatment that traded treatment for solitary confinement. Plaintiff has repeatedly asked the Magistrate Judge to permit him to obtain electronically stored information, including email communications, regarding the system of inadequate mental health care. The Magistrate Judge has refused, ruling that Plaintiff is only permitted to obtain ESI documents that mention him by name.

The primary disputes between the parties in this case are the adequacy of the mental health care system at IDOC during Plaintiff's imprisonment there, Defendants' knowledge of those inadequacies, and what (if anything) they did about it. To deprive Plaintiff of discovery

into Defendants' communications about those topics precludes Plaintiff from obtaining the discovery he needs to prove the allegations made in his complaint. This is clear error. This Court should sustain Plaintiff's objection and enter his amended ESI protocol to ensure that Defendants are not permitted to hide from discovery evidence of their own admissions regarding the inadequacy of the system of mental health care that is at the center of Plaintiff's case.

## BACKGROUND

In his Partial Objections to the Magistrate Judge's January 24, 2020 ESI Order, Dkt. 74, Plaintiff explained in detail the allegations that form the basis of his Eighth Amendment claims against the supervisory Defendants who oversaw an unconstitutional system of mental health care. Dkt. 74 at 2-3. This Court acknowledged those claims in its Order denying Defendants' motion to dismiss, where it recognized that Plaintiff's Complaint raised allegations that Defendants were aware of and tolerated an "alleged *systemic* deficiency" of mental health care within IDOC "given their respective senior position within IDOC." Dkt. 44 at 6 (emphasis added).

As part of the discovery in this case, Plaintiff proposed an ESI protocol containing search terms designed to uncover communications both about Plaintiff individually, and about the unconstitutional system of mental health treatment in IDOC as a whole. Dkt. 56-1. As Plaintiff explained, the search terms that Plaintiff proposed were supposed to be a starting point for collaboration to identify relevant terms with the Defendants, who "are always in the best position" to identify the terms their own employees use to discuss the matters at issue. Dkt. 60 at 5. Defendants, however, flatly refused to discuss any of these terms, insisting instead that only Plaintiff's name and prisoner number should be searched. *Id.* With no collaboration from

Defendants, Plaintiff was left with little choice but to propose that his initial list of search terms be used. *Id.* at 6.

Having refused to collaborate with Plaintiff to develop targeted search terms, the Defendants argued that the search terms Plaintiff had proposed were too broad, and only their communications about Plaintiff individually were relevant. Magistrate Long accepted this erroneous argument and rejected Plaintiff's proposed ESI protocol. Dkt. 66. Plaintiff has filed his partial objection to that ruling, which is pending before this Court. *See* Dkt. 74. Defendants Jeffreys, Baldwin, Sims, Reister, Hinton, Butler, and Chess (the IDOC Defendants) responded to Plaintiff's objection. Dkt. 79. Defendants Wexford, Renzi, and Puga (the Wexford Defendants) did not.

Simultaneously with his partial objection, Plaintiff filed a motion for entry of an Amended ESI Protocol, which substantially narrowed the number and breadth of Plaintiff's proposed search terms and addressed the concerns expressed by Magistrate Judge Long in his prior ruling. Dkt. 73. The motion set forth the evidence that Seventh Circuit precedents require Plaintiff to supply in support of his claims at the close of discovery, most of which focuses on evidence that was not confined to Anthony Gay, and thus was unlikely to be proved through documents that mentioned him by name. Plaintiff argued that the Magistrate Judge had misapprehended the standards governing Plaintiff's claims, instead focusing solely on the only element (causation) that concerns Plaintiff's injury alone. *Id.* at 5-8. This mistake, Plaintiff argued, deprived him of the discovery into Defendants' systemic indifference to which he is entitled. *Id.* at 8-10. Plaintiff further argued that his amended ESI protocol enabled him to gather the discovery necessary to prove his claims, while simultaneously addressing the concerns that the Magistrate Judge expressed in its earlier ESI ruling. *Id.* at 10-18.

The Magistrate Judge denied Plaintiff's motion in a Text Order. Mar. 6, 2020 Text Order. The Magistrate Judge construed Plaintiff's motion as one brought under Rule 59(e),[1] and found that plaintiff's motion "regurgitates the same arguments previously made and considered by the court." *Id.* The Magistrate Judge's Text Order did not acknowledge the narrowed list of search terms.

## DISCUSSION

A district judge may modify or set aside any portion of a magistrate judge's non-dispositive ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Clear error permits a district court to overturn the magistrate judge's ruling if it is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943-44 (7th Cir. 1997). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, 2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016).

The Magistrate Judge made two rulings on ESI in this case. The first was to deny Plaintiff discovery into any ESI that did not contain his name or IDOC number. Dkt. 66. The second was to deny Plaintiff's request for a vastly narrower universe of emails and other electronically stored documents centrally relevant to Plaintiff's claims. Mar. 6, 2020 Text Order. These rulings collectively deprive Plaintiff of the discovery necessary to allow Plaintiff a full and fair opportunity to discovery information necessary to satisfy his burden at summary judgment or

---

[1] The Magistrate Judge thus accepted the argument put forth by Defendants that Plaintiff's motion was a request under Rule 59(e). *See* Dkt. 77 at 2-3. But any motion to reconsider a non-final judgment, like an order regarding an ESI protocol, actually falls under Rule 54(b), which permits a court to "revise[] at any time before the entry of a judgment" any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . ." Fed. R. Civ. P. 54(b); *Selective Ins. Co. v. City of Paris*, 2013 WL 790700, at *2 (C.D. Ill. Mar. 4, 2013).

4

trial. Plaintiff has already filed his objections to the first ruling. Dkt. 74. The second ruling by the Magistrate Judge to permit discovery into *any* ESI that does not mention Plaintiff by name is clearly erroneous and should be overturned.

Because the Magistrate Judge's March 6, 2020 Text Order failed to acknowledge or address Plaintiff's extensive arguments about his need for, and the relevance of, the search terms contained in his amended ESI protocol, this Court should sustain Plaintiff's objection and enter the proposed amended ESI protocol.

I. **The Magistrate Judge Committed Clear Error When He Failed to Address Plaintiff's Argument that He Had Misapprehended the Relevance of the ESI Protocol.**

In his motion, Plaintiff cited the precedents that govern his Eighth Amendment claims against Defendants Baldwin, Hinton, and other supervisory Defendants. Dkt. 73 at 5-8. These precedents make clear that Plaintiff may prevail on those claims with proof that the supervisory Defendants were deliberately indifferent to a *group* of prisoners, even if they did not know the precise identity of every person who will be harmed as a result. *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) ("[I]t does not matter . . . whether a prisoner faces an excessive risk of [harm] for reasons personal to him or because all prisoners in his situation face such a risk."); *Childress v. Walker*, 787 F.3d 433, 440 (7th Cir. 2015) ("In the case of those responsible for setting policy, liability will result from the institution of a policy that, when enforced, causes a constitutional deprivation." (internal quotation marks omitted)). *Backes v. Vill. of Peoria Heights*, 662 F.3d 866, 870 (7th Cir. 2011) (supervisors may be personally liable under section 1983 if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see"); *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001) (same); *Jones v. City*

*of Chicago*, 856 F.2d 985-992-93 (7th Cir. 1988) (same); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (same; rejecting prison superintendent's argument against personal liability).

Plaintiff's Eighth Amendment claim against Wexford Health Sources, Inc. actually *requires* Plaintiff to obtain evidence of a practice that applies to prisoners *other* than Plaintiff himself. *See, e.g., Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) ("There is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability [for a widespread practice], except that it must be more than one instance, or even three." (internal quotation marks and citations omitted)).

As Plaintiff argued to the Magistrate Judge, these precedents established the relevance of documents, including e-mail communications, reflecting Defendants' awareness of and acquiescence to the unconstitutional system of mental health care that permitted prisoners with serious mental illness to languish for years in solitary confinement without any adequate mental health treatment. Dkt. 73 at 7. Although Anthony Gay was a member of that group of prisoners with serious mental illness, he was by no means the only member, and there is no reason to think that Defendants' communications about that system of mental health care would make any mention of Anthony Gay at all. *Farmer*, 511 U.S. at 843 ("The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner" to a substantial risk of harm, regardless of "whether the prison faces an excessive risk . . . for reasons personal to him or because all prisoners in his situation face such a risk.").

As such, Plaintiff argued to the Magistrate Judge that he had misapprehended the relevance of his proposed search terms to the claims at hand. Dkt. 73 at 14-16. Those search terms focus on (a) communications discussing seriously mentally ill prisoners—a term that the IDOC has created with certain criteria that must be present to qualify—and the intersection

between prisoners with mental health issues and segregation; (b) communications about visits and reports from court-appointed experts in class action lawsuits that put Defendants on notice of the constitutional infirmity of their practices; and (c) communications about particular issues within the mental health care system at IDOC identified by those court-appointed experts as being particularly problematic. *Id.* Plaintiff argued that by failing to acknowledge the relevance that communications containing these terms had to Plaintiff's supervisory liability and *Monell* claims, the Magistrate Judge had misapprehended the clear legal relevance of Plaintiff's proposed ESI protocol. *See, e.g., Littler v. Martinez*, 2020 WL 42776, at *6 (S.D. Ind. Jan. 3, 2020) (issuing sanctions against certain defendants for withholding centrally relevant email, among other discovery, that disproved defendant's denial of personal involvement); *Burke v. Regalado*, 935 F.3d 960, 987-88, 997 (10th Cir. 2019) (upholding $10 million verdict as having a sufficient evidentiary basis based, in part, on emails from multiple entities questioning medical contractor's inadequate medical care system prior to decedent's death).

Plaintiff further pointed out that multiple other courts in this District had entered ESI protocols in cases involving supervisory liability claims that laid out search terms broader than just the name of the plaintiff. *Farris v. Kohlrus*, No. 17 C 3279, Dkt. 143 at 10-14 (C.D. Ill. July 9, 2019) (rejecting IDOC argument that their ESI searches should be limited to the plaintiff's name and IDOC number because "some of [p]laintiff's claims are broader than just an alleged sexual assault in December 2015" including claims against supervisory defendants); *Heilman v. Burke*, No. 18 C 3260, Dkt. 41 (C.D. Ill. June 19, 2019) (entering ESI protocol that contained search terms more than just the plaintiff's name and IDOC number); *Andrews v. Rauner*, No. 18 C 1101, Dkt. 62 at 6-7, 12 (C.D. Ill. July 22, 2019) (upholding magistrate judge's finding that discovery into communications about IDOC's mental health policies and practices was

7

appropriate given plaintiff's supervisory liability claims for extended solitary confinement of mentally ill prisoners).

In denying Plaintiff's motion, the Magistrate Judge did not acknowledge or address Plaintiff's arguments. Instead, the Magistrate Judge labelled Plaintiff's arguments as a "regurgitat[ion]" and denied the motion without explanation. Mar. 6, 2020 Text Order. This was clear error. The Magistrate Judge's ruling on ESI had indeed failed to apprehend the relevance of these search terms to the element of deliberate indifference in Plaintiff's Eighth Amendment claims, instead focusing solely on the element of causation, which looks only to evidence regarding Anthony Gay himself. Dkt. 66 at 3. Even the IDOC Defendants admitted in response to the relevance on this score. Dkt. 77 at 4.

The misapprehension by the Magistrate Judge of the relevance of the search terms in Plaintiff's proposed amended ESI protocol has deprived Plaintiff of a full and fair opportunity to obtain the discovery necessary to prove his claims. *Winfrey v. San Jacinto Cnty.*, 481 F. App'x 969, 982 (5th Cir. 2012) (reversing summary judgment against plaintiff who had been denied meaningful discovery into civil rights claims); *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 866 (7th Cir. 2019) (warning courts that granting summary judgment without permitting discovery "based on an erroneous view of the applicable substantive law" is like to constitute an abuse of discretion).

Unsurprisingly, Defendants have relied on the Magistrate Judge's ESI Order to object to any discovery that does not directly concern Anthony Gay's mental health treatment, including any evidence from class-action lawsuits of Defendants' acknowledgement of the constitutional implications of their system of mental health treatment for a class of seriously mentally ill prisoners, of which Anthony Gay is a member. There can be no dispute that statements in e-mails

8

from the Defendants themselves discussing problems with their mental health care system—a system that this Court has already recognized is at the center of Plaintiff's constitutional claims—are centrally relevant to the questions of whether Defendants had notice of a problem, and whether their response constituted deliberate indifference to the issue. *Farmer*, 511 U.S. at 837 (to prove a claim under the Eighth Amendment, a plaintiff must show that an official is "knows of disregards an excessive risk to inmate health or safety"). In preventing Plaintiff from taking discovery to prove these elements of his claims the Magistrate Judge committed clear error.

**II.     The Magistrate Judge Patently Misunderstood the Proposed Amended ESI Protocol, Which Contains a Safety Valve to Ensure Defendants Suffer No Unreasonable Burden.**

In his motion, Plaintiff pointed out to the Court that the ESI protocol contains a safety valve provision that requires the parties to meet and confer if the search terms collectively yield more than 7,500 documents, and mandates narrowed terms be crafted if the search terms collectively yield more than 80,000 documents. Dkt. 73 at 17. This provision, Plaintiff argued, was patently misunderstood by the Magistrate Judge when he determined that Plaintiff's original search terms were not proportional under Rule 26(b) because the safety valve puts a hard ceiling on the number of documents that Defendants will be required to review, regardless of the accuracy of Plaintiff's proposed search terms.

In his Order on ESI, which Plaintiff has appealed, the Magistrate Judge failed to acknowledge this critical safety valve position. And the Magistrate Judge similarly failed to acknowledge or address its existence in Plaintiff's proposed amended ESI protocol, or to explain why its presence did not alter the factual landscape regarding Defendants' burden to conduct ESI discovery. *Wilkinson*, 590 F.3d at 269. That failure was clearly erroneous.

### III. The Magistrate Judge Failed to Acknowledge That Plaintiff's Amended ESI Protocol Significantly Reduced and Narrowed His Proposed Search Terms, Addressing All of the Magistrate Judge's Expressed Concerns.

Perhaps most importantly, the Magistrate Judge's March 6, 2020 Order failed to acknowledge or address the fact that Plaintiff's proposed amended ESI protocol substantially reduced and narrowed the search terms proposed by Plaintiff, a proposal that completely addressed all of the concerns set out by the Magistrate Judge in his prior ESI Order. *Compare* Dkt. 66 at 4 (criticizing Plaintiff for proposing 73 search terms, including singular terms that the Magistrate Judge stated were too broad and duplicative), *with* Dkt. 73-1 at 12 (reducing Plaintiff's proposed terms to 19 and removing any singular terms that the Magistrate Judge ruled were too broad).

These terms go to the heart of Plaintiff's claims, and there is good reason to believe that they will uncover documents and information centrally relevant to Plaintiff's claims. Notably, Defendants do not deny that they have used e-mail and other electronic databases to store communications and other documents related to the system of mental health care at IDOC. Accordingly, e-mails are highly likely to uncover discussions from and amongst the Defendants in this case.

Second, as explained in Plaintiff's motion, the amended search terms that Plaintiff proposed are narrowly tailored to uncover evidence centrally relevant to Plaintiff's claims. As discussed above, those terms center on the treatment of seriously mentally ill prisoners (a classification IDOC applied to Plaintiff) and their placement in solitary confinement. *Seer* Dkt. 73 at 15; Dkt. 73-1 at 12 (Section II.1-8). Emails containing these terms are almost certain to be reference to Anthony Gay and others like him, even if they do not mention him by name, and are thus highly relevant to Plaintiff's claims.

Those terms also center on communications about expert reports and recommendations in *Rasho v. Baldwin*, No. 07 C 1298 (C.D. Ill.) and *Davis v. Baldwin,* No. 16 C 0600 (S.D. Ill.), which establish the inadequacy of Defendants' mental health care system and are thus highly likely to establish the notice required by Plaintiff to prove that Defendants acted with deliberate indifference by failing to ensure that he and others like him received adequate mental health treatment.[2] Dkt. 73 at 15; Dkt. 73-1 at 12 (Section II.9-11). Finally, those terms focus on communications regarding the particular inadequacies in the IDOC's mental health system that the expert in *Lippert* determined caused prisoners with serious mental illness, including Plaintiff himself, to suffer. Dkt. 73 at 15-16; Dkt. 73-1 at 12 (Section II.12-19).

Taken together, these 19 terms are narrowly tailored to uncover evidence in support of Plaintiff's claim that Defendants knew that prisoners with serious mental illness were suffering as a result of their inadequate mental health care system, and despite that knowledge, did nothing in response, leaving prisoners like Plaintiff to languish for years in solitary confinement.

## CONCLUSION

Plaintiff's central claims in his case are against prison executives who countenanced a system that violated the rights of hundreds of mentally ill inmates. Plaintiff does not expect that these defendants would have any particular reason to know who he was, and therefore, little reason to discuss him in their communications. But Plaintiff does allege, and now seeks

---

[2] Plaintiff expects that Defendants will once again argue that communications about expert reports in *Rasho* and *Davis* are irrelevant simply by virtue of the fact that those were different cases with different case numbers. Defendants' argument misses the point: Defendants' communications about these cases and the expert opinions expressed as part of them, which resulted in the IDOC agreeing (and failing) to make substantial changes to their mental health care system, is likely to be strong evidence supporting Plaintiff's claim that Defendants were made aware that their practices were harmful to prisoners like Plaintiff, and despite that awareness, acted with deliberate indifference in doing nothing. *Petties v. Carter*, 836 F.3d XX, 728 (7th Cir. 2016).

discovery to prove, that these defendants communicated about their constitutionally inadequate *system* at length, and in damning detail. That information goes to the heart of Plaintiff's case.

The Magistrate Judge's initial ESI order failed to appreciate that basic fact, and instead erroneously held that Plaintiff's proposed search terms would be unduly burdensome and overbroad. Notwithstanding that error, Plaintiff proposed a vastly narrowed set of search terms—which represent Plaintiff counsel's level best to develop the focused set of search terms they had initially expected to develop with defense counsel. Yet the Magistrate Judge ruling rejected these search terms as well, rejecting them out of hand as overbroad. That ruling was clear error, for the reasons set out herein. This Court should reverse it.

                 Respectfully submitted,

                 /s/ Sarah Grady
                 Sarah Grady
                 Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Stephen Weil
Sarah Grady
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
sarah@loevy.com

Antonio Romanucci
Nicolette Ward
ROMANUCCI & BLANDIN LLC
321 North Clark St.
Chicago, IL 60654
(312) 458-1000

Maggie Filler
RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER
375 East Chicago Ave.
Chicago, IL 60611
(312) 503-1271

## CERTIFICATE OF SERVICE

    I, Sarah Grady, an attorney, hereby certify that on March 20, 2020, I caused the foregoing Plaintiff's Objection to the Magistrate Judge's Denial of Plaintiff's Motion for Entry of Amended ESI Protocol to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

                                        /s/ Sarah Grady
                                        Sarah Grady
                                        Attorney for Plaintiff