# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, | ) |
|  Plaintiff, | ) ) ) |
| v. | ) Case No. 19-cv-1133 |
| JOHN BALDWIN, *et al.* | ) ) ) |
|  Defendants. | ) |

## ORDER

Now before the court comes Defendants William Puga, Wexford Health Sources, Inc. ("Wexford Defendants") with their Partial Motion to Dismiss (ECF 88) and also Defendants John Baldwin, Sylvia Butler, Dr. Chess, Melvin Hinton, Rob Jeffreys, Terri Kennedy, Michael Melvin, Sonja Nicklaus, Shane Reister, Emily Ruskin, Jeff Sims, John Varga, and Justin Wilks ("IDOC Defendants") with their Combined Partial Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) and Motion to Stay Discovery Prior to October 28, 2016. (ECF 104).

For the reasons that follow, the court DENIES Defendants' motions for dismissal and stay (ECF 88, 104).

## I.     BACKGROUND

On February 22, 2019, Defendants moved to dismiss the Plaintiff's Complaint on three grounds. (ECF 37). Defendants claimed that Plaintiff's § 1983 claims failed to allege Defendants' personal involvement; Plaintiff was not denied services or discriminated against because of his disability; and Plaintiff's claims prior to October 28, 2016, were barred by the statute of limitations (*id.*).

The court, under Judge Bruce, considered the sufficiency of the Plaintiff's Eighth Amendment claims, Plaintiffs discrimination claim under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), and whether the statute of limitations barred them. The court held that the doctrine of continuing violation applied to Plaintiff's allegations. (ECF 44). Furthermore, the court held that Plaintiff's allegations were sufficient to state claims under the Eighth Amendment and ADA or RA (*id.*). The court accordingly denied the motion to dismiss (*id.*).

Thereafter, the case was reassigned to the undersigned judge. (Order Reassigning Case, Sept. 18, 2019). On March 7, 2020, Plaintiff filed his First Amended Complaint (ECF 82) adding additional defendants.

On March 23, 2020, Wexford Defendants filed their Partial Motion to Dismiss (ECF 88) moving for a partial dismissal of claims prior to October 28,

2016. Defendants argue that the doctrine of continuing violation does not apply to the case.

On May 1, 2020, IDOC Defendants filed their Combined Partial Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) and Motion to Stay Discovery Prior to October 28, 2016. (ECF 104).

IDOC Defendants move to dismiss Plaintiff s First Amended Complaint because Plaintiff's § 1983 claims failed to allege Defendants' personal involvement; Plaintiff was not denied services or discriminated against because of his disability; and all of Plaintiff's claims arising before October 28, 2016, are time barred. (ECF 105: p. 2). IDOC Defendants incorporate their prior arguments on the statute of limitations (*see* ECF 37: p. 10–15) as well as Wexford Defendants' current arguments (*see* ECF 89). (ECF 105: p. 12). IDOC Defendants further move that all discovery into claims arising before October 28, 2016, be stayed.

## II.   STANDARD

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts "ordinarily accept all well-pleaded factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor." *White v. Keely*, 814 F.3d 883, 887–88 (7th Cir. 2016)

## III.   ANALYSIS

The "law of the case" is a discretionary doctrine that discourages judges from revisiting decided issues. *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) ("[U]nder the 'law of the case' doctrine, judges should refrain from reopening issues decided in earlier stages of the case absent extraordinary circumstances."). The law of the case doctrine means that, "as a general matter, courts 'should be loathe' to revisit prior decisions of their own or coordinate courts . . . ." *United States v. Robinson*, 724 F.3d 878, 887 (7th Cir. 2013).

However, the doctrine is only a practice, not a limitation on actual power. *Robinson*, 724 F.3d at 887. "Although a court may revisit a prior decision of its own . . . it ordinarily should not do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *In re Mathias*, 867 F.3d 727, 730 (7th Cir.

2017) (quotation marks omitted) (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988)). "[T]he policies supporting the [law of the case] doctrine apply with even greater force to transfer decisions than to decisions of substantive law." *Christianson,* 486 U.S. at 816. "[W]here a different member of the same court re-examines a prior ruling, 'the law of the case doctrine ... reflects the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one.'" *Mendenhall v. Mueller Streamline Co.,* 419 F.3d 686, 691 (7th Cir. 2005) (quoting *Best v. Shell Oil Co.,* 107 F.3d 544, 546 (7th Cir. 1997)). When a new judge takes over a case, that judge "should 'abide by the rulings of the first judge unless some new development, such as a new appellate decision, convinces him that his predecessor's ruling was incorrect.'" *Galvan v. Norberg,* 678 F.3d 581, 587 (7th Cir. 2012) (quoting *Fujisawa Pharm. Co. v. Kapoor,* 115 F.3d 1332, 1339 (7th Cir. 1997); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006) ("The authority of a district judge to reconsider a previous ruling in the same litigation, whether a ruling made by him or by a district judge previously presiding in the case, including (because the case has been transferred) a judge of a different court, is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous.").

     In this instance, the Wexford Defendants argue that Plaintiff's claims prior to October 28, 2016 are barred, and the continuing violation doctrine does not apply. IDOC Defendants join Wexford Defendants' arguments on the statute of limitations. Further, IDOC Defendants state again and revive their own prior claims that Plaintiff's § 1983 claims failed to allege Defendants' personal involvement and that Plaintiff was not denied services or discriminated against because of his disability. These too were already evaluated by the court. The court already evaluated the arguments and determined that the continuing violation doctrine does apply (ECF 44). The court also applied the appropriate legal standards and determined that Plaintiff's allegations were sufficient to state a claim for relief under the Eighth Amendment and the ADA and RA causes of action. The court denied the prior motion to dismiss on these same, present, issues.

     Plaintiff argues that the law of the case doctrine applies. This court determines that it does. The court determines it will not disturb the application of the law of the case doctrine as to these issues absent extraordinary circumstances. Based on the arguments and briefs of the parties, the court does not find extraordinary circumstances. The court, therefore, will not disturb the previous ruling, on the same issues, in this case.

## IV.   CONCLUSION

For the reasons above, the Court DENIES Defendants' motions to dismiss (ECF 88, 104) or stay discovery (ECF 104). The Court grants Defendants leave to renew the motion to stay discovery of materials dated prior to 2016, in a filing that lays out, more specifically, the challenges and risks in conducting discovery during the COVID-19 pandemic, with staff working from home, and how that relates to additional risks for discovery on materials dated from 1996, to 2016.

ENTERED:  1/12/2021

　　　　　　　　　　　　　　s/Harold A. Baker
　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　JUDGE HAROLD A. BAKER
　　　　　　　　　　　　　　United States District Judge