# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-1133 |
| | ) | |
| JOHN BALDWIN, et al., | ) | Hon. Harold A. Baker, Judge |
| | ) | |
| Defendants. | ) | Hon. Eric I. Long, Mag. Judge |

## PLAINTIFF'S PROPOSED AMENDED DISCOVERY SCHEDULE

1. Pursuant to this Court's January 13, 2021 Order, the parties held a meeting via telephone conference on January 20, 2021 to discuss a proposed amended discovery schedule. Jan. 13, 2021 Text Order. Sarah Grady, Stephen Weil, Nicolette Ward, and Maggie Filler participated for Plaintiff, Laura Ieremia participated for Defendant Nunez, Nicholas Staley participated for the IDOC Defendants, and Joy Syrcle participated for the Wexford Defendants.

2. The parties were unable to come to an agreement regarding a proposed schedule, and Defendants informed Plaintiffs that they intended to submit a proposed schedule in a separate filing, which was filed shortly thereafter. Dkt. 117. Plaintiff therefore submits his proposed schedule separately from that of Defendants.

3. Plaintiff proposes the following discovery schedule:

   – Deadline to complete fact discovery: 08/20/21

   – Deadline for Plaintiff's Rule 26(a)(2) disclosures: 10/04/21

   – Deadline for Defendants' Rule 26(a)(2) disclosures: 11/18/21

   – Deadline for Plaintiff's Rule 26(a)(2) rebuttal disclosures (if any): 12/20/21

   – Deadline to complete expert discovery: 01/03/22

   – Deadline to file dispositive motions (if any): 02/17/22

Plaintiff believes that his proposed discovery schedule is sufficient to provide adequate time for written discovery and depositions while simultaneously encouraging the parties to act diligently during discovery and to promote a speedy determination of the case.

4. The Court has resolved Plaintiff's appeal of the ESI protocol in this case. *See, e.g.,* Jan. 14, 2021 Text Order. During the parties' telephone conference, counsel for the IDOC Defendants agreed to produce documents pursuant to the ESI protocol by 03/22/21. Counsel for the Wexford Defendants reported that the Wexford Defendants could not provide any date by which they would agree to produce documents pursuant to the ESI protocol. Plaintiff requests that the Court set a deadline of 03/22/21 for production of documents pursuant to the ESI protocol for both the IDOC Defendants and the Wexford Defendants. This deadline is appropriate because Defendants have known of the terms of the ESI protocol since it was entered nearly a year ago. *See* Dkt. 72 (filed on Feb. 7, 2020).

5. Prior to the Court's resolution of the motions to dismiss filed by the IDOC Defendants and the Wexford Defendants, Plaintiff served written discovery requests, including requests for production and interrogatories. During the parties' telephone conference, the parties agreed the Court's denial of those motions to dismiss required the IDOC Defendants and the Wexford Defendants to supplement their responses to Plaintiff's written discovery requests, and to provide supplemental documents that were not previously produced.[1] During parties' telephone conference, counsel for the IDOC Defendants agreed to provide the IDOC Defendants' supplemental written responses and a proposed date by which they would complete supplemental production by 02/03/21. Counsel for the Wexford Defendants reported that the Wexford Defendants could not provide a date by which they would provide supplemental written responses

---

[1] Defendants have raised other objections to Plaintiff's discovery requests, which the parties agreed to discuss after Defendants provide their supplemental responses pursuant to Rule 37's requirements. Fed. R. Civ. P. 37.

and a proposed date for completion of supplemental production. Plaintiff requests that the Court set a deadline of 02/03/21 for all Defendants to serve supplemental written discovery responses and a proposed date for complete supplemental production of documents. This deadline is appropriate because Defendants have known about the scope of Plaintiff's discovery requests since November 22, 2019, when Plaintiff first served the requests. Plaintiff's proposed date provides sufficient time for Defendants to confer with their clients to determine the length of time they believe is necessary to complete supplemental production while simultaneously promoting a speedy resolution of this case. This deadline will further permit the parties to have prompt discussions about the timeline for supplemental production so that any disputes can be promptly raised with the Court in order to ensure that discovery progresses without delay.

6. During the Rule 26(f) conference, the parties agreed that the case will be ready for trial 3 months after dispositive motions are filed, or any date thereafter when the Court's schedule permits, and that the trial will likely take approximately 5-10 days.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

Jon Loevy
Sarah Grady
Steve Weil
LOEVY & LOEVY
311 North Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
sarah@loevy.com

Antonio M. Romanucci
Nicolette Ward
ROMANUCCI & BLANDIN LLC
321 N. Clark St., Ste. 900
Chicago, IL 60654
(312) 458-1000

Maggie Filler
MACARTHUR JUSTICE CENTER
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, IL 60611
(312) 503-1271

**CERTIFICATE OF SERVICE**

    I, Sarah Grady, an attorney, hereby certify that on January 20, 2021, I caused a copy of the foregoing to be filed using this Court's CM/ECF system, effecting service on all counsel of record.

                                      /s/ Sarah Grady
                                      Sarah Grady
                                      Attorney for Plaintiff