IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 C 1133 |
| | ) | |
| JOHN BALDWIN, et al., | ) | Hon. Harold A. Baker, Judge |
| | ) | |
| Defendants. | ) | Hon. Eric I. Long, Mag. Judge |

**PLAINTIFF'S PARTIAL OBJECTION TO DEFENDANTS' CONFIDENTIALITY ORDER AND MOTION FOR ENTRY OF AMENDED CONFIDENTIALITY ORDER**

Plaintiff, Anthony Gay, by his attorneys, hereby respectfully submits the following objection to Defendants' confidentiality order and requests that this Court enter the proposed Amended Confidentiality Order, attached to this filing as Exhibit A. In support, Plaintiff states as follows:

**INTRODUCTION**

On March 29, Defendants moved for entry of a confidentiality order. Dkt. 121. This Court granted Defendants' motion but permitted Plaintiff to file any objection to the confidentiality by April 12, 2021. Mar. 30, 2021 Text Order. Plaintiff objects only to one provision of the confidentiality order—section 6(f)—because it improperly permits Defendants to redact names of individuals in documents based on a unilateral determination of relevance. Defendants have not offered any good cause to justify this provision, and it is especially inappropriate given the other terms of the confidentiality order, which allow Defendants to mark as "confidential" or "attorneys' eyes only" sensitive documents and ensure sufficient protection for the documents and any individuals named within them. The Court should instead enter the proposed confidentiality order attached to this filing as Exhibit A.

## DISCUSSION

As part of discovery in this case, the parties agreed that a confidentiality order should be entered in this case to protect certain confidential materials that are being and will be produced. The parties further agreed to the terms of a proposed confidentiality order, which is attached to this response as Exhibit A. *See* Ex. B (Communications Between Counsel) at 8-9. When Plaintiff circulated a draft motion for the entry of the order, however, counsel for the IDOC Defendants proposed an edit to section 6(f) to permit Defendants to redact the names of incarcerated individuals, volunteers, victims, and family members of IDOC employees (although not the employees themselves). Plaintiff objected to this edit and asked to confer in an attempt to reach a compromise. Defendants refused to confer and instead submitted a motion for entry of their version of the confidentiality order without notifying the Court of the parties' disagreement.

Section 6(f) of Defendants' confidentiality order reads as follows:

> Notwithstanding the other provisions of this order, unless the information is relevant to the litigation the Parties may redact the following information contained in documents or other records: personal information, including home addresses, telephone numbers, social security numbers; alleged offenders named in incident reports; names of family members of IDOC employees or inmates; names of volunteers; names of victims.

Dkt. 122 at 7. Section 6(f) of Plaintiff's proposed amended confidentiality order instead reads as follows:

> Notwithstanding the other provisions of this order, the Parties may redact any portions of documents and other information that contains personal information, including home addresses, telephone numbers, social security numbers, of present inmates, former inmates, alleged offenders named in police reports, Illinois Department of Corrections employees, family members of employees or inmates, and volunteers and victims, unless the information is relevant to the litigation.

Ex. A at 7. Both sections permit the parties to redact social security numbers and contact information of certain individuals, which Plaintiff agrees is unlikely to be relevant to the matters at issue in this case. But the names of individuals, including currently and

formerly incarcerated individuals, contained within responsive documents are far more likely to be relevant. Permitting Defendants to redact the names of any individual in any document based solely on a unilateral determination of relevance is inappropriate and will only increase the burdens for all parties and this Court as the parties will be forced to discuss (and potentially litigate) the relevance of each individual whose identity Defendants attempt to withhold.

In *IDC Financial Publishing, Inc. v. Bonddesk Group, LLC*, No. 15 C 1085, 2017 WL 4863202, at *1-2 (E.D. Wis. Oct. 26, 2017), the district court rejected a defendant's attempt to redact information it had unilaterally deemed irrelevant, finding that redactions based on relevance are inappropriate and not authorized by the Federal Rules of Civil Procedure. The court noted that parties often disagree about what information is relevant, and determined that the plaintiff should not have to "'take the defendants' word for it' that the redacted portions of the documents are not relevant to the plaintiff's claim." *Id.* at *3 (citing *EEOC v. Dolgencorp, LLC*, No. 13 C 4307, 2015 WL 2148394, at *5 (N.D. Ill. May 5, 2015) ("What constitutes relevant information is often a matter of judgment, and even irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.")); *see also Burris v. Versa Prods., Inc.*, No. 07 C 3938, 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) (prohibiting a party from redacting information based on a unilateral determination of relevance because it was contrary to the principles of discovery enshrined in the Federal Rules and was "fraught with the potential for abuse").

This Court has previously rejected a defendant's decision to redact certain information based on a unilateral determination of relevance, finding that the Court's

3

confidentiality order sufficiently protected the documents and information contained within them to address any concern by the defendants about the sensitive nature of the redacted information. *Dutch Valley Growers v. Rietveld*, No. 16 C 2085, 2017 WL 6945332, at *7-8 (C.D. Ill. Mar. 7, 2017). Defendants have not argued that the names of individuals at issue in section 6(f) of their confidentiality order are particularly sensitive. *See generally* Dkt. 121. But even if the names are particularly private in the context of certain documents, the remaining terms of the confidentiality order permit Defendants to mark documents as "confidential," or even "attorneys' eyes only" if, for example, disclosure of the information would reasonably compromise the safety and security of IDOC operations. *See* Dkt. 122 at 1-2 (sections 2 and 3); *see also* Ex. A at 1-2 (same provisions).

Permitting Defendants to additionally redact the names of incarcerated individuals in documents they are producing is not supported by good cause. To the contrary, it will only further delay the prompt resolution of this matter. To date, despite four months having passed since the Court entered its amended scheduling order, and despite Defendants' acknowledgement that supplemental discovery is necessary given the Court's denial of Defendants' motions to dismiss, Defendants have yet to produce a single additional document in this case. Permitting them the ability to redact information in these documents will only further delay production, and likely result in additional discovery disputes targeted at whether a particular individual's name is or is not relevant. This Court should not permit Defendants to wield this unilateral power that is unsupported by the Federal Rules and should instead enter the Amended Confidentiality Order attached to this filing as Exhibit A. As noted above, Plaintiff's proposed Amended

4

Confidentiality Order differs from the confidentiality order already entered in this case only with respect to section 6(f) and was previously agreed upon by all parties. There is good cause to support it, and it provides protection for certain sensitive materials without permitting the parties to redact information based on a unilateral determination about relevance.

      Where, Plaintiff respectfully requests that this Court enter the Amended Confidentiality Order, which is attached to this filing as Exhibit A.

                            Respectfully submitted,

                            /s/ Sarah Grady
                            Sarah Grady
                            Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Stephen Weil
Sarah Grady
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
sarah@loevy.com

Antonio Romanucci
Nicolette Ward
ROMANUCCI & BLANDIN LLC
321 North Clark St.
Chicago, IL 60654
(312) 458-10001

Maggie Filler
RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER
375 East Chicago Ave.
Chicago, IL 60611
(312) 503-1271

## CERTIFICATE OF SERVICE

I, Sarah Grady, an attorney, hereby certify that on April 12, 2021, I caused a copy of the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff
