# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-cv-01133 |
| | ) | |
| v. | ) | Judge Colin Sterling Bruce |
| | ) | Magistrate Judge Eric I. Long |
| JOHN BALDWIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY
## IN SUPPORT OF THEIR CONFIDENTIALITY
## ORDER AND IN OPPOSITION OF PLAINTIFF'S
## MOTION FOR ENTRY OF AMENDED CONFIDENTIALITY ORDER

Defendants, John Baldwin, Rob Jeffreys, Jeff Sims, Shane Reister, Melvin Hinton, Sylvia Butler, Jamie Chess, Michael Melvin, Terri Kennedy, Emily Ruskin, John Varga, Justin Wilks, and Sonja Nicklaus, by and through their attorneys, Defendants Wexford Health Sources, Inc., Kelly Renzi, and William Puga, by their attorneys, and Defendant Pierre Nunez, by his attorneys (collectively "Defendants"), hereby reply in support of their previously entered confidentiality order and in opposition of Plaintiff's motion for entry of an amended confidentiality order. In support thereof, Defendants state the following:

### INTRODUCTION

On March 29, 2021, Defendants moved for entry of a confidentiality order. Dkt. 121. On March 30, 2021, this Court granted Defendants' motion but permitted Plaintiff to file any objection to the confidentiality by April 12, 2021. *See* Text Order dated Mar. 30, 2021. On April 12, 2021, Plaintiff filed his narrow objection, which is

limited to one provision of the currently entered confidentiality order, section 6(f). *See* Dkt. 123. Plaintiff alleges that this provision improperly permits Defendants to redact names of individuals in documents based on unilateral determinations of relevance. *Id.* at 1.

Plaintiff's objection should be overruled. It is unpersuasive as it is misplaced and the case law cited by Plaintiff is distinguishable. Moreover, Plaintiff does not argue that the potentially redacted names are actually relevant. Nor has Plaintiff offered a reason why he believes the isolated redactions allowed by the confidentiality order would be necessary to provide context to the relevant portions of particular documents. Rather, Plaintiff's entire objection is premised on his own speculation that this will cause the parties to "potentially litigate" the relevance of individual identities. *Id.* at 3. Plaintiff's conjecture is far too attenuated to allow his objection or motion to be granted.

## ARGUMENT

Plaintiff's objection should be overruled at the outset because it depends on a feigned premise. The essence of Plaintiff's objection is that Defendants should not be allowed to unilaterally determine what is relevant. However, the whole edifice of discovery is based on the premise that one party takes the other party's word that the documents they do not turn over are not relevant or otherwise non-discoverable. Defendants see no reasons this premise should be challenged in the case of redactions, particularly in the absence of any allegations of bad faith. Furthermore, Plaintiff's own proposed amendment includes the ability to

2

unilaterally determine what is relevant. Plaintiff's amended provision states that,

> Notwithstanding the other provisions of this order, the Parties may redact any portions of documents and other information that contains personal information, including home addresses, telephone numbers, social security numbers, of present inmates, former inmates, alleged offenders named in police reports, Illinois Department of Corrections employees, family members of employees or inmates, and volunteers and victims, **unless the information is relevant to the litigation.**

*Id.* at 2. It is inexplicable how Plaintiff's argument can be taken seriously when his proposed language allows for the very thing he seeks to preclude.

Moreover, Defendants have good cause and justification for the provision in section 6(f) of the confidentiality order allowing for redaction of individual names. Much of the information that will be produced during discovery will include medical and mental health records of patients who are not parties to this action whose personal confidential information Defendants have a legal duty to safeguard either under HIPAA, MHDDCA, or 730 ILCS 5/3-5-1. In such situations, even where the disclosure of PHI is permitted or permissible under HIPAA, courts have required that any PHI be produced in "de-identified" redacted format unless the subject of the medical records is a party to the lawsuit or the identity of the subject of the medical records is directly relevant to the claims and issues in the underlying case. *See Duffy v. Lawrence Mem'l Hosp.*, 2:14-CV-2256-SAC-TJJ, 2017 WL 1277808, at *4 (D. Kan. Mar. 31, 2017).

The instant case concerns a *single* plaintiff's claims against Defendants for purported violations of the Eighth Amendment, the Americans with Disabilities Act

3

("ADA"), the Rehabilitation Act ("RA"), and the Fourteenth Amendment's due process clause. *See* Dkt. 82; *see also* Dkt. 66 ("While Plaintiff's Memorandum makes repeated arguments about systemic failures within the IDOC, Plaintiff's Complaint is noticeably silent as to any system-wide failure regarding solitary confinement policies that caused harm to a group of mentally ill prisoners."). Plaintiff has failed to explain how the redacted names of non-parties would be relevant or how they would be necessary to provide context to the relevant portions of particular documents. Consequently, this Court should follow the procedure outlined in *Duffy* and require Plaintiff to review the redacted records, and if he perceives a compelling need to view the redacted information that outweighs the patients' privacy rights, he should raise the issue in an appropriate manner.

Plaintiff's cited case law[1] is also unpersuasive. Plaintiff cites *IDC Financial Publishing, Inc. v. Bonddesk Group, LLC*, No. 15 C 1085, 2017 WL 4863202, at *1-2 (E.D. Wis. Oct. 26, 2017), because that court rejected a defendant's attempt to redact information it had unilaterally deemed irrelevant. *Id.* at 3. However, that case involved redactions of large swaths of information. *Bonddesk Group, LLC*, 2017 WL 4863202, at *1-2. Defendants are not seeking redaction of large swaths of information here. Indeed, Plaintiff only takes issue with the redaction of individual names.

*Dutch Valley Growers v. Rietveld*, No. 16 C 2085, 2017 WL 6945332, at *7-8 (C.D. Ill. Mar. 7, 2017) is equally dissimilar. In that case, this Court rejected a defendant's improper redactions in certain discovery responses. *Rietveld*, 2017 WL

---

[1] Plaintiff's cited case law consists entirely of unpublished opinions carrying no precedential weight.

6945332, at *7-8. However, in making that decision the Court made no consideration of relevance. Rather, the Court rejected the defendants' redactions because the agreed confidentiality order in that case did not permit any party to redact information and the redactions were in circumvention of a previous Court Order. *Id*. The circumstances in the instant case are drastically different.

The two other cases cited by Plaintiff – *EEOC v. Dolgencorp, LLC*, No. 13 C 4307, 2015 WL 2148394, at *5 (N.D. Ill. May 5, 2015) and *Burris v. Versa Prods., Inc.*, No. 07 C 3938, 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) – are easily distinguishable. In rejecting redactions in these cases both courts relied on the fact that there was no sufficient reason for the redactions. In this case, Defendants have put forth a sufficient reason. Indeed, a reason that has been supported by previous courts. As explained more fully above, here the redactions are needed to protect the personal confidential information of non-party individuals which Defendants have a legal duty to safeguard. Again, Plaintiff has failed to explain in any way how the names of these individuals would be relevant or how they would provide necessary context to the otherwise response documents. This is because he cannot. In fact, the documents at issue here largely concern e-mail communications where it is easier (and more likely) that the relevant portions are completely separated from the irrelevant portions of the document. Therefore, it is unlikely that the redactions would also omit necessary context to the otherwise responsive documents. *See Greenbank v. Great Am. Assurance Co.*, 318CV00239SEBMPB, 2019 WL 6522885, at *12 (S.D. Ind. Dec. 4, 2019).

5

Finally, Defendants take issue with several statements or suggestions made in Plaintiff's objection. First, Plaintiff's allegation that Defendants refused to confer on this issue is false. As evidenced in Plaintiff's Exhibit B, the parties had several email exchanges regarding this issue. *See* Dkt. 123-2. During the end of these discussions, counsel for Plaintiff stated that she "anticipate[s] that we're unfortunately going to be at odds on this issue." *Id.* at 2. Given counsel's belief, Defendants did not believe further discussion was going to be fruitful.

Second, Plaintiff's claim that redacting the names of individuals in documents will only delay discovery is completely speculative. Plaintiff's suggestion that Defendants have been imprudent in producing discovery is also without merit. To date, the IDOC Defendants have produced over 10,000 pages of documents alone. Plaintiff's allegation is nothing more than a misleading attempt to paint Defendants in a poor light and should be disregarded by the Court.

## Conclusion

Defendants must be able to protect the privacy of individuals not party to the lawsuit, particularly information protected by state and federal privacy laws the disclosure of which could subject Defendants to penalties or liability to the non-party individuals. While the confidentiality provisions in the Protective Order protect certain information as to the parties, they are insufficient as to information of non-party individuals. In those instances where an otherwise responsive document contains such non-party information, redaction is the only appropriate protection.

WHEREFORE, Defendants respectfully requests the Court overrule Plaintiff's objection, deny Plaintiff's motion, and for such further relief that this Court deems just and equitable.

Dated: May 7, 2021

                Respectfully Submitted,

                Respectfully submitted,

                /s/ *Nicholas S. Staley*
                Nicholas Staley
                Attorney for the IDOC Defendants

Nicholas S. Staley
Unit Supervisor, Prison Litigation
General Law Bureau
OFFICE OF THE ILLINOIS ATTORNEY GENERAL
100 West Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-3953
nicholas.staley@illinois.gov

                /s/ *Joy C. Syrcle*
                Joy C. Syrcle
                Attorney for the Wexford Defendants

Joseph N. Rupcich
Joy C. Syrcle
CASSIDAY SCHADE LLP
111 North Sixth St. 2nd Fl.
Springfield, IL 62701
(217) 572-1714
jrupcich@cassiday.com

/s/ *Laura C. Ieremia*
Laura C. Ieremia
Attorney for Defendant Nunez

Stetson F. Atwood
Laura C. Ieremia
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn St., Ste. 800
Chicago, IL 60603
(312) 422-0900
ieremia@dbmslaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 7, 2021, he electronically filed the foregoing document with the Clerk of the Court for the Central District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

*/s/ Nicholas S. Staley*
NICHOLAS S. STALEY
