IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 C 1133 |
| | ) | |
| JOHN BALDWIN, et al., | ) | Hon. Harold A. Baker, Judge |
| | ) | |
| Defendants. | ) | Hon. Eric I. Long, Mag. Judge |

**PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL
DISCOVERY AND ESI PRODUCTION FROM THE WEXFORD DEFENDANTS**

Plaintiff, Anthony Gay, by his attorneys, hereby moves this Court to enter an Order compelling Defendants Puga and Wexford Health Sources, Inc. (the Wexford Defendants) to provide supplemental discovery responses and documents, including documents identified pursuant to this Court's ESI protocol, by June 10, 2021. Plaintiff respectfully requests a hearing regarding this motion. In support of his motion, Plaintiff states as follows:

**INTRODUCTION**

This motion concerns the Wexford Defendants' refusal, for nearly six months, to produce documents and supplemental discovery responses that they themselves agree should be produced following the Court's January 2021 order denying the Wexford Defendants' motion to dismiss. This refusal is in flagrant defiance of Defendants' obligations under the Federal Rules and indicates that the Wexford Defendants have adopted a strategy of delay.

The Wexford Defendants claim that they are entitled to a delay thereby making the production at issue while the Court resolves a dispute about whether or not Defendants can redact names of individuals based on a unilateral determination of relevance. But Defendants' conduct shows that this latest argument is simply another maneuver for delay. Starting in January

2021, the Wexford Defendants agreed that Plaintiff was entitled to the production at issue in this motion. In response to Plaintiff's inquiries the Wexford Defendants promised on multiple occasions to produce the discovery by a set deadline, but each time they allowed those deadlines to pass and failed to produce any documents or supplemental responses. Wexford only raised the issue of redactions—for the very first time—after counsel for Plaintiff informed the Wexford Defendants that having received no production, Plaintiff believed that a motion to compel was necessary to move the case forward in discovery. In the previous five months, Wexford has evidently made no effort to determine whether any of the discovery at issue even contains information to redact, let alone make any redactions, before offering this latest argument.

Wexford's continued refusal to produce this discovery is in flagrant violation of its discovery obligations in this case. Wexford is pursuing a strategy of delay, and the Court must put an end to it. Plaintiff respectfully requests that this Court enter an Order setting a deadline for their production, along with the production of ESI consistent with this Court's ESI protocol, entered 15 months ago, to ensure that the Wexford Defendants' dilatory tactics do not preclude the timely and efficient progress of this case.

## BACKGROUND

Plaintiff filed this lawsuit on October 28, 2018. Dkt. 1. Plaintiff's lawsuit alleged that Wexford Health Sources, Inc. and certain of its employees violated Plaintiff's constitutional rights by denying him mental health care during his incarceration in the Illinois Department of Corrections. *See, e.g., id.* at 15-17. Defendants employed by the IDOC (the IDOC Defendants) moved to dismiss Plaintiff's Complaint, arguing that some of Plaintiff's claims were barred by the applicable statute of limitations. In September 2019, the Court denied Defendants' motion to dismiss, finding that Plaintiff's claims

constituted a continuing violation and thus were not barred by the statute of limitations. Dkt. 44 at 10-12. Plaintiff amended his Complaint in March 2020 to add certain other IDOC Defendants (none of whom are relevant to this motion). Dkt. 82. The Wexford and IDOC Defendants then moved to dismiss again, raising the same arguments made by the IDOC Defendants in their earlier motion to dismiss. Dkt. 88; Dkt. 104.

While this second round of dismissal motions was pending, Defendants refused to produce multiple documents that they conceded were responsive to Plaintiff's discovery requests and relevant to the claims in Plaintiff's Amended Complaint on the grounds that they believed such documents would not be relevant if their motions to dismiss were granted. On January 12, 2021, the Court again denied Defendants' motions to dismiss, finding no justification to disturb the Court's earlier ruling. Dkt. 116 at 3-4.

On January 14, 2021, the Court also denied Plaintiff's objections to the ESI protocol (and the denial of his motion to reconsider the ESI protocol), which had been entered on March 6, 2020.[1] Jan. 14, 2021 Text Order; Dkt. 81. The underlying ESI protocol entered by the Court in March 2020 set forth the terms proposed by Defendants; the Court rejected Plaintiff's additional terms based on Defendants' arguments that they posed an undue burden. Dkt. 66 at 5-6.

After the Court's January 2021 ruling on the motions to dismiss, Magistrate Judge Long ordered the parties to submit a revised case management order detailing the amount of time the parties believed was necessary to complete discovery given the Court's clarity on the applicable time frame at issue in the case. Jan. 13, 2021 Text Order. On January 20, 2021, the parties conferred about what discovery was outstanding, and how much

---

[1] The Court recognized, as did Magistrate Judge Long's order, that as discovery continued, Plaintiff could move to expand the ESI search terms. Jan. 13, 2021 Text Order; *see also* Dkt. 66 at 5-6.

time would be required to complete it. Counsel for both the IDOC Defendants and the Wexford Defendants acknowledged that their prior responses to Plaintiff's first set of written discovery had withheld documents and information that were discoverable given the Court's ruling as to time frame. *See* Dkt. 118 at 2-3. The parties further agreed that the disputes about the ESI protocol had been resolved and the time was ripe for ESI production. *See id.* at 2. Counsel for the IDOC Defendants provided a date by which they agreed to serve supplemental discovery responses and responsive ESI. Counsel for the Wexford Defendants refused to provide any such dates. *Id.*

On March 1, counsel for Plaintiff emailed counsel for Defendants to confirm that the supplemental discovery responses and ESI production that all parties had agreed was necessary would be produced by March 22—the date initially offered by counsel for the IDOC Defendants. Ex. A at 1. Counsel for the Wexford Defendants informed Plaintiff's counsel that they would attempt to produce supplemental discovery responses by March 22 and would provide a projected date by which they could produce supplemental documents and ESI. *Id.* at 4.

March 22 came and went without any production from the Wexford Defendants, or any updated schedule for production. On March 29, Plaintiff's counsel again emailed counsel for Defendants and asked for a time to discuss the schedule for production. *Id.* at 12. The parties conferred via telephone on March 30. *See* Ex. B at 1. During that call, counsel for the Wexford Defendants agreed to provide supplemental discovery responses within the next few weeks and to produce supplemental documents and ESI by April 20, 2021. *Id*.

4

April 20 came and went without any production from the Wexford Defendants, any request for additional time, or any updated proposed schedule for production. On May 4, Plaintiff's counsel again emailed counsel for the Wexford Defendants, indicating that Plaintiff believed a motion to compel was necessary. On May 6, counsel for the Wexford Defendants for the first time contended that the parties' dispute regarding redaction of relevant information needed to be resolved before ESI could be produced. *Id.* at 4. Notably, as set forth in Plaintiff's response brief, at the time that the parties conferred, they were in agreement as to the terms of the proposed confidentiality order. *See* Dkt. 123; *see also* Dkt. 123-2 at 8-9. The Wexford Defendants gave no explanation as to why they had not provided the agreed upon supplemental discovery responses or other supplemental production, including documents like policies and other relevant information. Nor did they explain why, if the need to redact presented some actual concern, they had not raised it during the previous five months or at any point before the last-minute change in position on the confidentiality order.

Since the parties' conference on January 20, 2021, the Wexford Defendants have not produced a single document. They have not provided a single supplemental discovery response. They have not provided any electronically stored information pursuant to the Court's ESI protocol. Instead, they have done nothing.

**DISCUSSION**

The Wexford Defendants have repeatedly agreed that supplemental discovery responses and production, as well as ESI production, are necessary given the Court's January 2021 rulings on the motions to dismiss and ESI objections. But Defendants have simply chosen to disregard their obligations under the Federal Rules of Civil Procedure

5

and instead have pursued a litigation strategy of delay. Plaintiff has repeatedly attempted to confer with counsel for the Wexford Defendants so as not to burden the Court with disputes regarding the timeline for production. But given that Defendants have repeatedly abandoned their own promises regarding the timeline of supplemental production, and given that more than five months have passed without any meaningful participation by the Wexford Defendants to fulfill their discovery obligations, Plaintiff respectfully submits that such an Order governing the timing of supplemental production is necessary.

The purpose of the Federal Rules of Civil Procedure is to enable the just, speedy, and inexpensive determination of lawsuits in federal court. Fed. R. Civ. P. 1; *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011). In furtherance of that purpose, Rule 26(e) requires that a party who learned that supplemental information or production is necessary—as Defendants have done here—must do so "in a timely manner" or as ordered by the court. Fed. R. Civ. P. 26(e); *Peters v. Butler*, 2021 WL 979272, at *4 (S.D. Ill. Mar. 16, 2021). "The timeliness of supplementation is measured against all the circumstances." *Colyer v. City of Chicago*, 2016 WL 25710, at *15 (N.D. Ill. Jan. 4, 2016).

The Wexford Defendants' last response to Plaintiff's first set of requests for production was served in June 2020, and the Wexford Defendants' last response to Plaintiff's first set of interrogatories was served in February 2020. The Wexford Defendants produced policy documents that were in place 2010-2019 at IDOC, and they have acknowledged that there were responsive policies in place before 2010 that should be produced now that the Court has again ruled on the temporal parameters of Plaintiff's claims.

6

The Wexford Defendants themselves indicated that supplemental responses to Plaintiff's discovery responses, and supplemental production of responsive documents, could be reasonably completed months ago. They now contend that they will not produce them until the Court resolves Defendants' contention to redact the names of third parties. Withholding responsive production until the Court resolves all outstanding motions is improper. *See, e.g.,* Fed. R. Civ. P. 26(d)(3). That is particularly true here because the pending dispute—which concerns Defendants' ability to redact the names of any individuals it believes are not relevant—has nothing to do with the discovery responses or documents that Wexford *concedes* must be produced. None of the policy documents at issue would be affected by the resolution of that dispute, and the supplemental discovery responses would be similarly unaffected.

Plaintiff needs the supplemental discovery responses so that he can determine what, if any, documents and information are being withheld on the basis of any other objection. *See, e.g.,* Fed. R. Civ. P. 34(b)(2)(C) (requiring a party to affirmatively state whether any responsive documents are being withheld on the basis of a party's objection). And Plaintiff needs the supplemental production so that he can pursue appropriate follow-up discovery and take meaningful depositions of the Wexford Defendants and other Wexford employees. A deadline, set by this Court, of June 10 should provide counsel sufficient time to prepare these responses and provide the supplemental production (especially since the Wexford Defendants had agreed to provide these materials months ago).

Similarly, a deadline of June 10 to produce ESI consistent with this Court's ESI protocol is appropriate. The ESI protocol has been in place for more than a year, Dkt. 81,

and Plaintiff's appeal of the ESI protocol has been resolved since January 2021. *See* Jan. 14, 2021 Text Order. Moreover, that resolution denied the relief Plaintiff sought—and instead affirmed the limited ESI protocol proposed by the Wexford Defendants themselves—meaning that the Wexford Defendants have had more than nearly 15 months to gather and review the ESI. There is, in short, no reason that additional time is necessary.

The Wexford Defendants again contend that they cannot produce any ESI until the Court resolves the outstanding dispute regarding redactions of names they believe are not relevant. But notably, and as explained in Plaintiff's response to Defendants' motion for a confidentiality order, the Wexford Defendants expressly agreed to the version of the confidentiality order that Plaintiff submitted. *See* Dkt. 123 at 2; *see also* Dkt. 123-2 at 8 (email from counsel for Wexford noting that Plaintiff's proposed confidentiality order "is fine with us"). Additionally, there is no reason that the Wexford Defendants cannot produce the ESI that does not contain names they believe to be irrelevant[2] even if they believe that some ESI would be impacted by the Court's resolution of the dispute. Finally, in an effort to resolve this matter, Plaintiff will be submitting concurrently with this filing, a motion for a protective order for third-party PHI which will ensure that any health information about third parties is maintained as confidential in this case, consistent with HIPAA. *See* Dkt. 127.

In short, despite Plaintiff's repeated attempts to move discovery in this case forward, the Wexford Defendants have pursued a litigation strategy of delay.

---

[2] Any argument by Wexford that every email had some irrelevant names only highlights the arguments set forth by Plaintiff about how improper such a provision is. Similarly, any argument by Wexford that reviewing the ESI for information with irrelevant names would impose an undue burden fails for the same reason, and it permits Defendants to ask for an additional burden that they then use to abdicate their discovery obligations. *See* Dkt. 123 at 3.

Accordingly, Plaintiff respectfully asks this Court to impose deadlines regarding the production of supplemental responses and documents, as well as ESI, in order to facilitate discovery in this case and ensure that Plaintiff is not deprived of his ability to prosecute his case simply because Defendants would rather stymy Plaintiff's discovery than defend against his claims.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order compelling Defendants Puga and Wexford Health Sources, Inc. (the Wexford Defendants) to provide supplemental discovery responses and documents, including documents identified pursuant to this Court's ESI protocol, by June 10, 2021.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Stephen Weil
Sarah Grady
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
sarah@loevy.com

Antonio Romanucci
Nicolette Ward
ROMANUCCI & BLANDIN LLC
321 North Clark St.
Chicago, IL 60654
(312) 458-10001

Maggie Filler
RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER
375 East Chicago Ave.
Chicago, IL 60611
(312) 503-1271

## CERTIFICATE OF SERVICE

    I, Sarah Grady, an attorney, hereby certify that on May 28, 2021, I caused a copy of the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

                                /s/ Sarah Grady
                                Sarah Grady
                                Attorney for Plaintiff