E-FILED
Friday, 28 May, 2021 03:38:22 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA GREEN, as Administrator of the Estate of Craigory Green, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19 C 7089 |
| STEVE MEEKS, et al., | ) ) | Hon. Thomas M. Durkin |
| Defendants. | ) | Hon. Susan E. Cox |

### QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1.      The following words and terms are defined for purposes of this Protective Order:

a)      "Parties" shall mean Craigory Green, Defendants, and any additional party that this Court may subsequently recognize as subject to this qualified Protective Order and their attorneys.

b)      "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 24, and 26 U.S.C. (2002).

c)      "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2002).

d)      "PHI" shall mean protected health information as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an

individual, or (c) the payment for care provided to an individual, which indentifies the individual or which reasonably could be expected to indentify the individual.

e)      When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, including but not limited to material produced by any party pursuant to discovery, material produced by any party or non-party in this action (whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement), deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

f)      "Confidential Matter" shall mean information pertaining to private financial data, personal addresses, personal telephone numbers, social security numbers, driver's license numbers, employee identification numbers, biometric identifiers, and medical files or records regarding Craigory Green, Defendants, the parties' family members, witnesses, or other non-party.

g)      "Non-parties" shall mean all those other than the plaintiffs or the defendants.

2.      This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

a)      The parties shall be familiar with HIPAA and the Privacy Standards.

b)      The parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI of parties and non-parties to or from other parties and non-parties.

c)      Subject to the provisions of this Order, a judicial ruling is required before any Confidential Matter produced in the pretrial discovery process pursuant to this Order can be placed under "seal" when deemed admissible and used at trial or

otherwise filed with this Court so as to be of record. Further, as this Protective Order pertains to pretrial discovery, the parties understand that an interested member of the public has the right to challenge placement under "seal" of any document deemed admissible and used at trial or otherwise filed with this Court so as to be of record. In the event of such a challenge, the party asserting confidentiality shall have the burden of proving the propriety of that designation.

3.  This Protective Order shall extend to all PHI documenting the following:

    a)  The physical and mental condition of Craigory Green from January 1, 2009 through October 31, 2018;

    b)  The provision of medical care to Craigory Green from January 1, 2009 through October 31, 2018;

    c)  All PHI regarding non-parties; and

    d)  The provision of medical care to non-parties.

    If, through the course of discovery, the parties determine that treatment outside of this time period or scope is relevant, they will meet and confer about discovery of additional medical or mental health records. A separate protective order and authorization shall be necessary before any other medical records may be disclosed.

4.  All PHI pertaining to Plaintiff and Craigory Green disclosed pursuant to subpoena shall be returnable to Plaintiff's counsel so that counsel can review the documents for any privileged information. Plaintiff's counsel must produce the documents and if necessary, a privilege log, within five business days after receiving the subpoenaed documents. Nothing in this Protective Order shall be construed as a waiver of Plaintiff's right to assert the psychotherapist-patient privilege belonging to her or Craigory Green.

5. The parties will abide by the following terms and conditions:

 a) The parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

 b) The parties will store all PHI while it is in their possession according to the Privacy Standards.

 c) The parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. However, the parties agree to serve timely notices of any subpoenas issued, as required by the Federal Rules of Civil Procedure.

6. The parties agree that any request for PHI of an individual other than the requesting party must be made via formal discovery procedures (e.g., Rule 34 requests for production, Rule 45 subpoenas, etc.).

7. Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Matter produced during the course of this matter shall either be returned to the producing party, or destroyed, unless the document has been offered into evidence or filed without restriction as to disclosure. If a party chooses to destroy in lieu of return, said party shall certify the same to the producing party. (Counsel may nevertheless retain work-product, including an index that refers to designated Confidential Matter, and one complete set of all documents filed with the Court, including those filed under seal.)

8. The individual pages of each document designated as Confidential Matter shall bear the following designation (or equivalent):

**CONFIDENTIAL – DOCUMENT PRODUCED PURSUANT TO
PROTECTIVE ORDER ENTERED IN CASE NO. 19 C 7089**

or

**CONFIDENTIAL**

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

9.     Before disclosing PHI documents and/or Confidential Matter ot any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. Any portion of stenographically or electronically recorded testimony regarding PHI and/or Confidential Matter is subject to the same restrictions as the documents themselves.

10.     To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the fact of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (e.g., social security number).

11. By this Protective Order, the discovering party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding party and other parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain confidential information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this Order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Federal Rule of Civil Procedure 26(c), with the burden on the party seeking to designate the documents as Confidential under the terms of this protective order.

12. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

13. This Protective Order may be modified by further written stipulation signed by the parties and/or by further order of this Court upon application to the Court with notice.

14. No restricted or sealed document is to be filed with the Clerk of the Court unless prior to filing, and upon a motion, a showing or good cause for why the specific document(s)

should be filed under seal is established and leave of the Court to file the particular document(s) is specifically obtained.

Dated: 1/17/2020

_Thomas M Durkin_

The Honorable Thomas M. Durkin
United States District Judge
United States District Court for the
Northern District of Illinois

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RENEE HOFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| DUPAGE COUNTY, Illinois, Sheriff | ) | Case No. 1:16-cv-009411 |
| Zaruba, individually and in his official capacity | ) | |
| as sheriff of DuPage County, Illinois, Sheriff | ) | |
| Deputy J. Ritter, Sheriff Deputy Lythberg, Sheriff | ) | Honorable Rebecca R. Pallmeyer |
| Lt. Eifert, Sheriff Sgt. Dorn, Sheriff Sgt. Caunca | ) | |
| Sheriff Deputy Slattery, Sheriff Deputy Scianna, | ) | |
| Sheriff Sgt. Campbell, Sheriff Deputy Siekmann, | ) | |
| Sheriff Sgt. Tegtmyer, Sheriff Sgt. Vanhoose, | ) | |
| MSU Garcia, MSU Kaczynska, MSU Urbonas, | ) | |
| MSU Weigel, MSU Sweeney, MSU Venecia, | ) | |
| and MSU Hughes | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

### HIPAA QUALIFIED PROTECTIVE ORDER

This matter coming to be heard on the motion of Defendants, MSU GARCIA ("GARCIA"), MSU KACZYNSKA ("KACZYNSKA"), MSU URBONAS ("URBONAS"), MSU WEIGEL ("WEIGEL"), MSU SWEENEY ("SWEENEY"), MSU VENECIA ("VENECIA"), and MSU HUGHES ("HUGHES"), ("Defendants") for the entry of a Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act of 1996 (see Pub L. 104-191, 110 Stat.1936), due notice hereof having been given, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED AS FOLLOWS:

1.     The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" ("PHI") pertaining to, to Plaintiff Renee Hoffman ("Plaintiff"), the extent and subject to the conclusions outlined herein;

2.     For the purposes of this Qualified Protective Order, "protected health information" or "PHI" shall have the same scope and definition as set forth in 45 C.F.R. 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either:

(a)     the past, present or future physical condition of an individual from October 1, 2010 until present;

(b)     the past, present or future mental condition of an individual from October 1, 2010 until present;

(c)     the provision of care to an individual from October 1, 2010 until present; and/or

(d)      the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual from October 1, 2010 until present.

3.     All "covered entities" (as defined by 45 C.F.R. 160.103) are hereby authorized to disclose "PHI" pertaining to Plaintiff, to all attorneys, now of record, or who may become of record in the future of this litigation;

4.     The parties and their attorneys shall be permitted to use the "PHI" of Plaintiff, in any manner reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, the attorneys' firm (i.e., attorneys, support staff, agents and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members and other entities involved in the litigation process;

5.     At the conclusion of the litigation as to any Defendant (defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that

defendant, and any person or entity in possession of "PHI" received pursuant to Paragraph 4, supra, shall destroy any and all copies of "PHI" pertaining to Plaintiff, except:

(a)   any Defendant that is no longer in the litigation may retain "PHI" generated by him/her/it; and

(b)   the remaining Defendants in the litigation, and persons or entities receiving "PHI" from those defendants, pursuant to Paragraph 4, supra, may retain "PHI" in their possession;

6.    This order shall not control or limit the use of "PHI" pertaining to Plaintiff, that comes into possession of any party, or any party's attorney, from a source other than a "covered entity" (as defined in 45 CFR 160.103);

7.    Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, patient authorization, or through attorney-client communications;

8.    Nothing in this Order relieves any party from complying with the requirements of:

(a)   the Illinois Mental Health & Developmental Disabilities Confidentiality Act (740 ILCS 110/1 et .seq.);

(b)   the Aids Confidentiality Act ( 410 ILCS 305/1 et. seq.); or

(c)   state and federal law which protects certain drug and alcohol records (20 ILCS 301/30-5; 42 USC 290dd-3 and 42 CFR Part 2).

Dated: June 15, 2017

_____
Honorable Rebecca R. Pallmeyer

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| TAMARA RACHEL SCOTT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|       v. | ) | CAUSE NO.: 2:16-CV-114-RL-JEM |
| | ) | |
| JOHN BUNCICH, *et al*., | ) | |
|     Defendants, | ) | |
| _____ | ) | |
| | ) | |
| COUNTY OF LAKE, | ) | |
|     Cross-claim Plaintiff, | ) | |
| | ) | |
|       v. | ) | |
| | ) | |
| CORRECTIONAL HEALTHCARE, INC., | ) | |
|     Cross-claim Defendant. | ) | |

**PROTECTIVE ORDER**

This matter is before the Court on Parties' Agreed Motion for Entry of Confidentiality Order [DE 51], filed by the parties on July 7, 2017. The parties request that the Court enter their proposed protective order.

On review of the instant Motion and noting the agreement of the parties, the Court hereby **GRANTS** the Parties' Agreed Motion for Entry of Confidentiality Order [DE 51] and **ORDERS**:

1.    Scope.  All materials produced or adduced in the course of discovery (including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom) (hereinafter collectively "documents") shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of

this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    Confidential Information.

(a) As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information, that the party has maintained as confidential;  (d) medical information concerning any individual pursuant to the terms set forth in paragraph 2(b) below; (e) personal identity information; (f) income tax returns (including related schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records; or (h) jail policies, procedures, or training manuals whose disclosure would seriously threaten the safety and security of the jail.  Information or documents that are available to the public may not be designated as Confidential Information.

(b)  "PHI" shall mean protected health information, as that term is used in HIPAA such as individually identifiable health information, that is connected to a patient's name, address, Social Security Number or other identifying number, including HIC number, hereinafter "Protected Health Information," or "PHI."  PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501.  Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

2

3.      Designation.

(a)     A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document (whether on each page thereof, on the first page of a multi-page document, on the face of the tangible item itself, and/or in the load file or filename of an electronic document) and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)  The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4.      Depositions. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to

3

any party or the witness, any party or the witness may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court or agreed upon by all parties.

5.      Special Provisions Governing Patient Health Information

(a)      Pursuant to this Court's authority under Federal Rule of Civil Procedure 26(c), the parties and their attorneys are hereby authorized to receive, subpoena, and produce PHI to each other, subject to the extent and conditions outlined in this Order.

(b)      "Covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to this matter to attorneys representing the parties in the above-captioned litigation.

(c)      PHI may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U.S.C. § 1306.

(d)      The party with PHI shall produce documents with PHI unredacted to the other parties, as appropriate in discovery in the above-captioned case.  A producing party may in good faith designate documents and other tangible things as PHI by clearly marking "CONFIDENTIAL - PHI" on each page thereof, on the first page of a multi-page document, on the face of the tangible item itself, in the load file of an electronic document, or by providing a separate written notice to counsel designating the document or tangible items as PHI.  Any document or portion thereof

designated "CONFIDENTIAL - PHI" pursuant to this paragraph shall be treated as, Confidential Information.

   (e)  The receiving parties, including their counsel, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs the form of acknowledgment attached to this Order. The receiving party shall not file these documents or reproduce their contents in any court filing except pursuant to seal procedure set forth in this Order.

   (f)  Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

6.  Protection of Confidential Material.

   (a)  General Protections. Confidential Information  shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

   (b)  Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

     (1)  Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

     (2)  Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's

assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)     Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses, including deposition witnesses to whom disclosure is reasonably necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Confidential Information, except as is reasonably necessary, including receiving a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to

6

depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)    Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

7.    Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms (or electronic copies thereof) signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

8.    Inadvertent Failure to Designate.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has

not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9.     Filing of Confidential Information.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Northern District of Indiana Local Rule 5-3.

10.     No Greater Protection of Specific Documents.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11.     Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

          (a)     Meet and Confer.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

          (b)     Judicial Intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail

the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

12.    Action by the Court.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13.    Use of Confidential Documents or Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

        (a)    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

15.    Challenges by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16.    Obligations on Conclusion of Litigation.

(a)    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    Obligations at Conclusion of Litigation.  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order,

including copies, shall be returned to the producing party or destroyed unless the document has been offered into evidence or filed without restriction as to disclosure.

(c)    Retention of Work Product and one set of Filed Documents.  Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)    Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

17.    Order Subject to Modification.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18.    No Prior Judicial Determination.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19.     Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED this 12th day of July, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| TAMARA RACHEL SCOTT, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>JOHN BUNCICH, *et al*., )<br>    Defendants, )<br>_____)<br>)<br>COUNTY OF LAKE, )<br>    Cross-claim Plaintiff, )<br>)<br>    v. )<br>)<br>CORRECTIONAL HEALTHCARE, INC., )<br>    Cross-claim Defendant. ) | CAUSE NO.: 2:16-CV-114-RL-JEM |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated July 12, 2017, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.

The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Indiana in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

13

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____        _____

Signature

14