044653/19344/JNR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

ANTHONY GAY,

        Plaintiff,

v.

THE STATE OF ILLINOIS, JOHN BALDWIN,
JEFF SIMS, SHANE REISTER, DR. DOE 1,
MELVIN HINTON, SYLVIA BUTLER, KELLY
ANN RENZI, WILLIAM PUGA, DR. CHESS,
DR. NUNEZ, WEXFORD HEALTH SOURCES,
INC., and DOES 2-5,

        Defendants.

No. 19-cv-01133

Judge Harold A. Baker

Magistrate Judge Eric I. Long

## RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF HIPAA QUALIFIED PROTECTIVE ORDER COVERING THIRD-PARTY PHI

NOW COMES the Defendants, WEXFORD HEALTH SOURCES, INC., KELLY RENZI, PSY.D., and WILLIAM PUGA, M.D., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Response to Plaintiff, ANTHONY GAY's Motion for Entry of HIPAA Qualified Protective Order Covering Third-Party PHI, states as follows:

## INTRODUCTION

Plaintiff filed his Motion for Entry of HIPAA Qualified Protective Order Covering Third-Parties ["Motion"] on Friday May 28, 2021.  [Doc. 128].   The Motion is directly intertwined with Defendants' Motion for Protective Order, filed March 29, 2021, in which Defendants sought, and the Court entered, an Order allowing certain documents produced in discovery to be designated and treated confidential and certain identifying, personal confidential information of non-parties to be redacted ["Confidentiality Order"].  [Docs. 121 and 122].   Plaintiff opposed the Confidentiality Order, arguing Defendants should not be allowed to redact the names or

identifying information of non-party inmates whose protected health information or other information is contained in documents to be produced in this case. [Doc. 123]. In furtherance of the argument that Defendants should not be allowed to redact identifying information, Plaintiff subsequently filed the present Motion, seeking a HIPAA Qualified Protective Order, covering non-party health information. Plaintiff's request is unnecessary, inappropriate and jeopardizes the privacy rights of potentially hundreds of non-party individuals whose protected health and mental health records will be subject to production in this case.

## ARGUMENT

First, Defendants did not, as Plaintiff represents to the Court, object to entry of a HIPAA Qualified Protective Order. To the contrary, it was the Defendants who first sought entry of a HIPAA Qualified Protective Order in relation to collection and protection of Plaintiff's protected health information. [Doc. 15]. That Order was entered by the Court on January 15, 2019, and currently governs the disclosure and use of Plaintiff's protected health information for the purpose of this litigation. [Doc. 22].

The current version of the non-HIPAA Confidentiality Order as adopted by this Court would allow redaction such that personal identifiers for non-parties would be removed. [Doc. 122]. Barring the Court's reconsideration of its previous Order, there is no need for a HIPAA Qualified Protective Order Covering Third-Party PHI, as no protected health information of non-parties is at issue in discovery. As such, Plaintiff's Motion is premature.

Further, despite Plaintiff's contention to the contrary, Defendants position regarding redaction of identifying information of non-parties whose protected health information appears in discovery is not unprecedented. Rather, redaction of such personal identifying information

for the protection a non-party's privacy rights is something done as a matter of course in most cases.

Defendants have access to volumes of sensitive information regarding individuals not party to this suit. The Seventh Circuit has recognized that protection of privacy rights of non-parties is a factor in considering what discovery may be had. *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 928 (7th Cir. 2004). In *Ashcroft,* the court upheld the district court's order quashing a subpoena for records related to abortion procedures, holding that the privacy interests of non-party patients tipped the scales and outweighed the benefit of production of the documents to the requesting party. *Id.* There, the Court found even redaction of personal identifying information was insufficient protection of the privacy rights for the individuals whose medical information would be disclosed. *Id.*

Further, Courts in this District have specifically found inmates, as at issue here, have a privacy interest in keeping certain sensitive information confidential. For example, a U.S. District Judge found the Magistrate erred in not ordering redaction of personal identifiers of non-party offenders in production of records related to complaints under the Prison Rape Elimination Act ("PREA"). *Doe v. MacLeod*, No. 3:18-cv-3191, 2019 U.S. Dist. LEXIS 105805, at *6-7 (C.D. Ill. June 24, 2019) (ordering redaction despite terms of Protective Order limiting ; *Fontano v. Godinez*, No. 12-cv-3042, 2013 U.S. Dist. LEXIS 97231, 2013 WL 3712406, at *2 (C.D. Ill. July 12, 2013) (ordering redaction of personal identifying information of non-parties). Here, discovery Plaintiff seeks contains not just medical, but mental health, suicide watch and PREA information. This is precisely the type of sensitive information which the Court has recognized is entitled to privacy protections.

In his Motion, Plaintiff argues that because he brings a claim under *Monell v. Department of Social Services of New York,* 430 U.S. 658 (1978), he must have access to the protected health information of third parties to prove an unconstitutional custom, policy, or practice. Doc. 128 at 2-3. Specifically, Plaintiff argues that where *Monell* claims are based upon widespread practices, a plaintiff is required to have evidence the alleged practice affected a sufficient number of individuals other than Plaintiff. *Id.* at 3. Plaintiff claims that to oppose a summary judgment motion claiming he does not have sufficient information about similarly situated information, he must have access to third-parties' PHI.

The nature of Plaintiff's *Monell* claim belies the argument Plaintiff needs the wide-ranging PHI of third parties it appears Plaintiff's proposed Order would entitle him to. Plaintiff is correct the Seventh Circuit has stated a plaintiff seeking to prove *Monell* liability "must show more than the deficiencies specific to his own experience. *Daniel v. Cook County,* 833 F.3d 728, 734 (7th Cir. 2016). However, it has further stated a *Monell* plaintiff "need not present evidence that systemic failings affected other specific inmates." *Id.* at 735; *Davis*, 452 F.3d at 695 ("To establish a widespread custom or policy, the plaintiff here was not required to show that Cook County's alleged repeated pattern of delay....actually caused pain and suffering to other inmates in need of medical intervention ...."). The key is whether there is proof of truly systemic conduct or deficiencies. *Hildreth v. Butler,* 960 F. 3d 420, 426 (7th Cir. 2020)

Here, Plaintiff's *Monell* claim not based on a single idiosyncratic event that happened to him he seeks to prove is part of a systemic problem. In the First Amended Complaint, Plaintiff alleges that by policy and practice Wexford did not provide onsite mental health services necessary to meet the needs of persons with severe mental health illnesses like [Plaintiff], nor did it transfer prisoners who needed such care to appropriate outside mental health facilities." Doc.

82 at 8.  Plaintiff further alleges Wexford "never developed such a hospitalization capacity within the IDOC's facilities, so this meant [Plaintiff] required off-site hospitalization."  Plaintiff continues that "[o]n information and belief Wexford also had a policy and practice of ignoring its obligation to provide such off-site hospitalization for seriously mentally ill prisoners, and did not seek to transfer any prisoner [including Plaintiff] for the off-site mental healthcare that they needed."  Doc. 82 at 18.

Plaintiff's *Monell* claim is not the type that require the experiences of other inmates, let alone their identities.  Plaintiff says he received inadequate mental health treatment beginning in 1996 until his release from prison in 2018.  Doc. 82 at 1-3.  The Seventh Circuit has stated that while it is not "impossible" for a plaintiff to demonstrate a widespread practice or custom with evidence limited to personal experience, "it is necessarily more difficult ... because 'what is needed is evidence that there is a true municipal policy at issue, not a random event.'"  With mental health treatment over 22 years, this is not the type of case where Plaintiff will lack evidence based on his experiences if such policies truly exist.

Further, as pleaded, Plaintiff is not seeking to prove that an isolated event to which only he was subjected is part of a widespread pattern.  He claims as a general matter over 20 plus years Wexford's onsite mental health services were insufficient to meet the needs of seriously mentally ill offenders and these offenders were not sent offsite.  Doc. 82 at 8.  Indeed, Plaintiff states in his Motion that "he does not allege that these policies and practices were directed against him personally, but rather that policies were directed at a large group of persons, of which he was a member."  Doc. 128 at 2.  Plaintiff's claim is not the type of idiosyncratic experience for which Courts require evidence of other inmates' experiences to meet *Monell's* widespread practice requirement.  Because the mental health services Plaintiff claims are

insufficient are the same mental health services provided to inmates generally, PHI of individual

third parties would not, as a general matter, appear necessary.

Whether the specific experiences of other individuals are necessary to prove a widespread

custom or practice obviously depends on the nature of the *Monell* claim.  In *Hildreth v. Butler,*

960 F. 3d 420, 426-27 (7ᵗʰ Cir. 2020)*,* cited by Plaintiff, the *Monell* allegation was that the failure

to refill his prescription medications and allowing them to lapse "at least three times" was the

result of a widespread custom or practice.  The Seventh Circuit noted the plaintiff's attempt to

prove that allowing prescription to lapse based on his own experience of 3 delays over 19 months

was insufficient as a matter of law to qualify as "a widespread unconstitutional practice so well-

settled that it constitutes a custom or usage with the force of law."  *Hildreth,* 960 F. 3d at 427-28;

*see also Daniel,* 833 F.3d at 734-35 (Seventh Circuit found plaintiff seeking to prove systemic

problems in inmate scheduling and record-keeping had demonstrated a genuine issue of material

facts based---not on the specific experiences of other inmates---but based on extensive testimony

from the jail staff as to difficulty scheduling inmates generally and with record-keeping).

Plaintiff has failed to sufficiently explain why 20 plus years of his own mental health

treatment is insufficient to prove his *Monell* claim.  He has failed to make a substantial showing

necessary to override the statutory privileges afforded to third parties in their PHI.  The existence

of a *Monell* claim generally is not enough.  If Plaintiff receives information he believes relevant

and necessary to proof of his *Monell* claim that is redacted, the current Confidentiality Order

includes a way for Plaintiff to challenge the redaction on a case-by-case basis.  Wholesale

allowing production of third-party PHI is unnecessary at this stage of the litigation.

Finally, Plaintiff purports to have provided the Court with a list of cases in which an

order like the one he seeks has been entered.  Notably, however, Plaintiff's reliance on some of

the referenced cases is misplaced.  For example, in *Ousterhout v. Zubowski,* a separate Order required notice and opportunity to object be given to all non-parties whose information was to be disclosed. 2013 U.S. Dist. LEXIS 165796, *6.   Here, there are potentially hundreds of current and former IDOC inmates whose information is at issue and notice is not a feasible option. Further, Plaintiff attaches the Order from *Hoffmann v. DuPage County*.  No. 16-cv-9411, Dkt. 76 (N.D. Ill June 15, 2017).  The Order in *Hoffmann,* however, relates specifically to the protected health information of the named plaintiff, much like the one previously entered in the present case. [Doc. 128-3, p. 9].  Additionally, the *Hoffmann* Order expressly provides that the parties still must comply with the more stringent confidentiality protections under Illinois law, including the Illinois Mental Health & Developmental Disabilities Confidentiality Act.  [Doc.128-8, p. 11].

Defendants are not attempting to avoid production of relevant discovery in this case. Rather, Defendants are seeking only to protect the privacy interests of non-parties through redaction of personal identifying information associated with their protected health information. Plaintiff has made no showing as to why the personal identification of the non-parties is necessary for his claims.  The privacy interests of other individuals far outweigh any interest Plaintiff may have in obtaining personal identifying information.

WHEREFORE Defendants respectfully request this Court deny Plaintiff's Motion for Entry of HIPAA Qualified Protective Order Covering Third-Party PHI in conjunction with maintaining prior protective orders already in place in this case and grant such other further relief deemed just and proper.

Respectfully Submitted,

CASSIDAY SCHADE LLP

By:  /s/ Joy C. Syrcle
    One of the Attorneys for Defendant,
    WEXFORD HEALTH SOURCES, INC.,
    KELLY RENZI, PSY.D., and WILLIAM PUGA,
    M.D.

Joy C. Syrcle
6302066
CASSIDAY SCHADE LLP
3100 Montvale Drive
Springfield, IL  62704
(217) 572-1714
(217) 572-1613 (Fax)
jsyrcle@cassiday.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2021, I electronically filed the foregoing Response to

Motion for Entry of HIPAA Qualified Protective Order Covering Third-Party PHI with the Clerk

of the Court using the CM/ECF system.  The electronic case filing system sent a "Notice of E-

Filing" to the following:

ATTORNEYS FOR JOHN BALDWIN, JEFF SIMS, SHANE REISTER, MELVIN HINTON,
SYLVIA BUTLERand JOHN VARGA:
Nicholas S. Staley, Esq.
Thor Inouye, Esq.
Alan Remy Taborga, Esq.
Office of the Illinois Attorney General
100 W. Randolph Street
13th Floor
Chicago IL 60601
(312) 814-3588
nstaley@atg.state.il.us
tinouye@atg.state.il.us
ATaborga@atg.state.il.us

ATTORNEYS FOR DR. NUNEZ:
Stetson F. Atwood, Esq.
Laura Ieremia, Esq.
Donohue Brown Mathewson & Smyth, LLC
140 S. Dearborn Street
Suite 800
Chicago, IL 60603
(312) 422-0900
(312) 422-0909 (Fax)
stetson.atwood@dbmslaw.com
shelly.harders@dbmslaw.com
ieremia@dbmslaw.com
becker@dmbslaw.com

James Robinson
Office of the Illinois Attorney General
100 W. Randolph Street, 13th Floor
Chicago IL 60601
(312) 814-7199
jrobinson@atg.state.il.us


ATTORNEYS FOR PLAINTIFF:

Antonio M. Romanucci, Esq.
Nicolette A. Ward, Esq.
Romanucci & Blandin, LLC
321 N. Clark Street
Suite 900
Chicago, IL 60654
(312) 458-1000
(312) 458-1004 (Fax)
aromanucci@rblaw.net
nward@rblaw.net

Maggie E. Filler, Esq.
Roderick and Solange MacArthur Justice Center
745 Atlantic Avenue
8th Floor
Boston, MA 02111
(857) 284-1455 (Phone)
(857) 284-8049 (Fax)
maggie.filler@macarthurjustice.org

Daniel M. Greenfield, Esq.
MacArthur Justice Center Northwestern Pritzker School of Law
375 E. Chicago Avenue
Chicago, IL 60611
(312) 503-1271
daniel-greenfield@law.northwestern.edu

Stephen H. Weil, Esq.
Sarah Grady
Jon Loevy
Arthur Loevy
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago IL 60607
arthur@loevy.com
sarah@loevy.com
jon@loevy.com

/s/ Joy C. Syrcle

9872170 JSYRCLE;JSYRCLE