UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

ANTHONY GAY,

        Plaintiff,

v.

JOHN BALDWIN et al.,

        Defendants.

Case No. 19-1133

**ORDER**

    This case is before the Court on several motions filed by the parties. Plaintiff, Anthony Gay ("Plaintiff"), filed a Motion to Compel Supplemental Discovery and ESI Production (#126), to which Defendants filed a Response in opposition (#132). With leave of court, Plaintiff filed a Reply (#130). Plaintiff next filed a Motion for Entry of HIPAA[1] Qualified Protective Order Covering Third Party PHI (#128). Defendants again filed a Response in opposition (#133). Prior to these motions, the Court granted Defendants' Motion for HIPAA Qualified Protective Order (#121) and entered a Confidentiality Order (#122). Because the response date had not yet passed, when granting the Motion, the Court noted that it would consider any objection Plaintiff filed within 14 days. Plaintiff filed his objection (#123) prior to filing the two motions now before the Court. With leave of Court, Defendants filed a Reply in support of their proposed HIPAA Order. For the reasons provided below, Plaintiff's Motion to Compel Supplemental Discovery and ESI Production (#126) is GRANTED. Plaintiff's Motion for Entry of HIPAA Qualified Protective Order Covering Third Party PHI (#128) is DENIED.

---

[1] HIPAA stands for Health Information Portability and Accountability Act, PL 104–191, 110 Stat 1936.

I.   **Background**

Plaintiff filed his Complaint on October 28, 2018, alleging that while incarcerated, he was wrongly placed in extended solitary confinement causing his mental condition to deteriorate. The parties agree that discovery in this case will lead to the disclosure of medical records of non-party inmates. In the motions before the Court, the parties dispute the terms of the protective order appropriate to protect the privacy of those inmates.

Defendants' initial Motion for Confidentiality Order, Plaintiff's Motion for Entry of HIPAA Qualified Protective Order Covering Third-Party PHI, and Plaintiff's Motion to Compel all involve the same central issue: whether the HIPAA order in this case should allow for the disclosure of identifying information of non-party inmates whose protected health information is contained in documents produced in discovery. Plaintiff argues that the HIPAA order should apply to health records of non-party inmates and that the protective order would sufficiently ensure the non-party's privacy. In contrast, Defendants maintain that identifying information should be redacted from non-party health records prior to disclosure.

II.   **Analysis**

The parties agree that a HIPAA protective order is needed in this case as it involves Protected Health Information ("PHI"). A "qualified protective order" is one that:

> (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
>
> (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. §§ 164.512(e)(1)(v)(A) and (B).

Defendants' proposed HIPAA order protects only Plaintiff's PHI. As for non-parties' PHI, Defendants' Order allows the parties to redact personal identifying information from produced documents, to protect the identity of third-party inmates:

2

> Notwithstanding the other provisions of this order, unless the information is relevant to the litigation the Parties may redact the following information contained in documents or other records: personal information, including home addresses, telephone numbers, social security numbers; alleged offenders named in incident reports; names of family members of IDOC employees or inmates; names of volunteers; names of victims.

Defendants' Proposed Confidentiality Order, #121-1, p. 7.

In contrast, Plaintiff's proposed order covers PHI of third parties, including other prisoners, in addition to Plaintiff's own PHI. Plaintiff's Proposed HIPAA Order, #128-1.

The central question here is whether the importance of the identification of the nonparty inmates to Plaintiff outweighs the non-party's privacy interests. Defendants maintain that redacting identifying information allows inmates to maintain the privacy of their sensitive mental health records. Plaintiff argues that the inmates' privacy interests can be protected with his proposed HIPAA order as it ensures the records will not be disclosed or used outside this litigation.

Plaintiff maintains that allowing Defendants to redact the documents would "actively interfere with the discovery of relevant evidence in this litigation." According to Plaintiff, redacting the identifying information from the records would prevent Plaintiff from identifying records produced separately by the IDOC Defendants and the Wexford Defendants that relate to the same individual. For example, Plaintiffs argue they would not be able to connect individuals identified by Wexford's records as needing mental healthcare to internal IDOC emails discussing that person's treatment.

Plaintiff's Motion centers on cases like *Andrews v. Sangamon*, 18-cv-1100, 2018 WL 6523186 (C.D. Ill. Dec. 18, 2018). In *Andrews*, the plaintiff was mentally ill and killed herself while in custody. Her estate brought an action under 42 U.S.C. § 1983. In *Andrews*, the defendants produced health records of nonparty inmates and redacted identifying information. At the time the defendants produced the records, the court had already entered a HIPAA protective order. The court ordered the defendants to produce unredacted versions of the documents, noting that there was a HIPAA

qualified protective order in place. Importantly, the HIPAA protective order in that case was agreed to by all parties and submitted to the court as an agreed order. *See* 18-cv-1100, #19 and #22. This is an important distinction between *Andrews* and this case. In *Andrews*, the magistrate judge was ruling on a motion to compel discovery that was filed after the parties submitted an agreed protective order that covered PHI of nonparties.

The same distinction can be made in *Andrews v. Rauner*, 2019 WL 2514703, at *8 (C.D. Ill. June 18, 2019) (ruling on a motion to compel that applies a protective order submitted by the defendants with no objection by the plaintiff). In contrast, the parties in this case have not agreed to include nonparties under the HIPAA order.

The non-party inmates have a recognized privacy interest in keeping their mental health records confidential. *See Doe v. MacLeod*, 2019 WL 2601338, at *3 (C.D. Ill. June 25, 2019). This interest is amplified when the person is not a party to the lawsuit and has not been asked for permission to release their documents. *See Methodist Health Services Corp. v. OSF Healthcare System*, 2014 WL 12733590, at *4 (C.D. Ill. Jan. 8, 2014). Moreover, mental health records are often considered more sensitive than other PHI, as shown by the way HIPAA affords specific mental health records greater protection. *See* 45 C.F.R. §§ 164.508(a)(2). The nonparty inmates here have no say on whether their records are disclosed. They did not choose to file this lawsuit. It would violate the nonparties' privacy interests to allow their records to be disclosed to the lawyers and parties to this case without removing identifying information. This is especially true here where the documents can be redacted without preventing Plaintiff from obtaining the information he seeks.

The Court recognizes that removing identifying information may make it harder for Plaintiff to track individuals through the records. At the same time, access to the redacted records should be sufficient to allow Plaintiff adequate discovery relating to his claims. After reviewing the records, if Plaintiff believes that certain documents need to be unredacted, then Plaintiff may file a motion relating to a specific document. *Fontano v. Godinez*, 2013 WL 3712406, at *2 (C.D. Ill. July 12, 2013).

For this reason, Plaintiff's Motion for Entry of HIPAA Qualified Protective Order Covering Third-Party PHI is DENIED (#128). Defendant's proposed confidentiality order adopted by the Court on March 30, 2021 (#122) that allows Defendants to redact identifying information from non-party medical records remains in effect.

Next, Plaintiff's Motion to Compel seeks overdue discovery responses from Defendants. Defendants' Response indicates they were waiting for a ruling on the competing protective orders before producing the documents. Plaintiffs' Motion to Compel is granted in that Defendants are directed to produce responsive documents in accordance with this order within 21 days.

### III. Conclusion

For these reasons, Plaintiff's Motion to Compel Supplemental Discovery and ESI Production (#126) is GRANTED. Plaintiff's Motion for Entry of HIPAA Qualified Protective Order Covering Third Party PHI (#128) is DENIED. The Confidentiality Order (#122) entered by the Court on March 30, 2021 remains in effect.

ENTERED this 13th day of July, 2021.

                                                  s/ ERIC I. LONG
                                          UNITED STATES MAGISTRATE JUDGE