IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 C 1133 |
| | ) | |
| JOHN BALDWIN, et al., | ) | Hon. Harold A. Baker, Judge |
| | ) | |
| Defendants. | ) | Hon. Eric I. Long, Mag. Judge |

**PLAINTIFF'S MOTION TO SET A DEADLINE
FOR IDOC DEFENDANTS' ESI PRODUCTION**

Plaintiff Anthony Gay, by his undersigned attorneys, respectfully requests that this Court set a deadline of August 27, 2021 for the IDOC Defendants' ESI production in this case, or alternatively to schedule a hearing on the appropriate deadline for such ESI production. In support of his request, Plaintiff states as follows:

**INTRODUCTION**

The Court in this case entered an ESI protocol nearly 17 months ago. The Court rejected Plaintiff's proposed protocol and adopted Defendants' much narrower proposal. Yet to date, Plaintiff has received no ESI from the IDOC Defendants. The IDOC Defendants blame the computer problems experienced by their attorneys at the Illinois Attorney General's Office (AGO), but in other cases AGO attorneys are gathering and reviewing ESI from their clients and proceeding with litigation. There is nothing to prevent that from happening here.

The IDOC Defendants are represented by attorneys working for the AGO. In early April, Plaintiff's counsel learned the AGO's computer system had been hacked, making its servers inaccessible. Counsel for the IDOC Defendants asked for more time to produce documents in light of the hack, and Plaintiff readily agreed.

But the hack did not destroy the documents that were to be produced, nor did it render them unavailable. The ESI evidence Plaintiff seeks in discovery is not housed by the AGO, who is involved this case only as litigation counsel, but rather on the servers of other state agencies, which house the relevant documents in this case. This case concerns alleged conduct within the Illinois Department of Corrections (IDOC), and the emails at issue were housed on the servers of Illinois's Department of Innovation and Technology (DoIT)—not those of the AGO. Thus, while the hack made data and emails on the *Attorney General's* servers unavailable, the emails that are the subject of discovery remain intact and available, and can be gathered, reviewed, and produced at any time.

While Plaintiff has readily agreed to multiple extensions to deal with the hack, the AGO cannot say when—or if—the computer problem will be resolved, and as of now nearly four months have passed since the hack occurred. Given that the ESI remains available for gathering, review, and production, Plaintiff has asked defense counsel to propose a plan and discovery schedule pursuant to which the IDOC ESI can be produced.

Counsel for the IDOC Defendants have refused to do this. They have refused to propose any sort of plan for the collection and production of the IDOC's ESI, insisting instead that ESI discovery in this case should be suspended indefinitely while the AGO tries to recover its computer files. Defense counsel has not said when this will occur—or even *if* it will occur. That is simply inappropriate.

Plaintiff understands that the AGO suffered an unexpected computer failure. But this has not made their clients' ESI inaccessible, and it cannot be a justification for delaying ESI discovery in this case indefinitely. It is time to develop a plan to move this case forward. Accordingly, Plaintiff respectfully asks this Court to impose a deadline to complete the next step

of ESI production by August 27, 2021, or alternatively, to set a status hearing so that the IDOC Defendants can articulate their proposed plan to move this case forward. Such an approach is necessary to ensure that this case proceeds forward in discovery, as the Federal Rules provide.

## BACKGROUND

On March 6, 2020, this Court entered the operative ESI order in this case. Dkt. 81. That ESI Order was narrow version proposed by Defendants, covering only ESI that contained Plaintiff's name and IDOC number (with the caveat that Plaintiff could seek a more expanded ESI protocol as discovery proceeded). *Id.* at 12.

On approximately April 12, Plaintiff's counsel learned from assistant attorney generals in another case that the servers of the AGO, whose lawyers represent the IDOC Defendants in this case, had been compromised. After inquiries by Plaintiff's counsel to defense counsel in this case, the parties met telephonically on May 6 to discuss the issue. During their meeting, Plaintiff agreed that it was appropriate to provide defense counsel additional time to determine whether access to their servers could be restored relatively promptly, or whether the AGO could develop an alternative plan to litigate notwithstanding their server issue. The parties agreed to reconvene via telephone on May 21.

On May 21, counsel for the IDOC Defendants reported that there was still no confirmation as to when, if ever, access to the AGO's servers would be restored. Plaintiff again agreed to give defense counsel additional time to see whether access could be promptly regained. Counsel for Plaintiff explained, however, that if access (or a concrete plan for access) was not developed within the next few weeks, Plaintiff would ask Defendants to develop an alternative plan to move discovery forward notwithstanding the AGO server issue.

On June 22, the parties spoke again via telephone and defense counsel reported to Plaintiff that the AGO's servers remained inaccessible, with no known timeline when access to the servers would be restored. Counsel further confirmed that it was unknown whether, even after server access was restored, all information previously housed on the AGO's servers would be intact. Counsel also confirmed that only the servers of the AGO—and not the servers of the IDOC (the agency who employed Defendants) or the DoIT (the agency who houses the ESI subject to the Court's ESI protocol)—were affected. Counsel confirmed that no alternative plan had been developed to proceed with discovery notwithstanding the server issue. Plaintiff's counsel asked counsel for Defendants to consider or propose alternative plans for moving forward with ESI discovery notwithstanding the server issue, but counsel for Defendants declined.

The parties continued to communicate about the state of the AGO's servers in the weeks that followed. On July 2, defense counsel reported that the office was "on track to have most everything restored and operational in the next two to three weeks" and that the estimate was a conservative one. Ex. A (July 2, 2021 Email). Counsel reported that no guarantees could be made but communicated optimism that the AGO's servers would be accessible by July 26 at the latest. On July 26, in response to inquiries by Plaintiff's counsel, AGO counsel reported that the server remained inaccessible. Counsel provided no alternative plan for ESI production or any updated timeline when the AGO's servers would become accessible, nor what information they expected to be available on those servers once access was restored.

**DISCUSSION**

Plaintiff recognizes that an attack on the servers of the attorneys representing Defendants in this case inevitably will cause delay in discovery, given how parties conduct discovery in the

electronic era. In light of that recognition, Plaintiff repeatedly agreed to extensions of time so that counsel could attempt to restore access to their servers or formulate a plan to litigate in the absence of any ability to restore server access. Ultimately, however, this hack only affected the computers operated by the IDOC Defendants' lawyers—it did not affect the IDOC's servers themselves, and it is on *those* servers that the ESI at issue is actually stored, where it remains accessible.

It has now been nearly four months since the attack on defense counsel's servers, and defense counsel have offered neither a timeline for restoration of server access nor a plan for conducting discovery notwithstanding the server issue. Simply put, Defendants' attorneys ask this Court to put the case against Defendants on pause, indefinitely, while their lawyers figure out a server problem—even though the data to be produced remains available for gathering and production.

As noted above, no other offices of the State of Illinois—including the IDOC, which employed Defendants, or DoIT, which houses the emails sent and received by the custodians identified by this Court's ESI protocol—were affected by the ransomware attack. As such, counsel for Defendants could easily access the ESI at issue for review. Defense counsel, moreover, is not left without tools to conduct meaningful review of the ESI in this case. To the contrary, there are a vast array of online services that would facilitate defense counsel's review of ESI in this case, including online ESI review platforms, online PDF review and modification software, or even native online review software (using Microsoft Outlook, the program utilized by IDOC employees). *See, e.g.,* JND LEGAL ADMIN., *available at* https://www.jndla.com/ediscovery; ADOBE ACROBAT PRO DC, *available at* https://acrobat.adobe.com/us/en/; MICROSOFT OFFICE, *available at* https://www.office.com/.

Indeed, the AGO, representing employees from another Illinois state agency, recently told a district court in the Northern District of Illinois that it was in the process of reviewing and producing responsive ESI from a state agency, notwithstanding the AGO's computer issue. Ex. B (*Golbert v. Walker*, No. 18 C 8176, Dkt. 148 (N.D. Ill. Apr. 19, 2021)). *Golbert* illustrates that AGO counsel are able proceed with discovery notwithstanding the issue with counsel's server. Plaintiff does not seek to dictate how defense counsel performs its duties to conduct discovery diligently under the Federal Rules. But what Defendants should not be permitted to do is to insist upon a stay of ESI discovery indefinitely because their attorneys have experienced a computer problem that interrupts their preferred method of review.

Plaintiff's counsel has repeatedly asked counsel for the IDOC Defendants for alternatives to move ESI discovery forward in this case, given the state of the Attorney General's Office servers, which remain indefinitely inaccessible. And the only option given is to wait. This Court should reject that proposal and instead impose a deadline for the IDOC Defendants' production and sampling of ESI, so that the case may move forward notwithstanding the server issue. Plaintiff suggests that this deadline should be set for 21 days from today—August 27. Such a deadline would give the IDOC Defendants sufficient time to decide on an option to conduct ESI discovery and move forward to provide the production. If the Court is not inclined to set such a deadline, Plaintiff requests that this Court set a status hearing so that the IDOC Defendants can offer their own proposals for proceeding with ESI discovery notwithstanding the indefinite server inaccessibility.

At least one district court in this Circuit has taken the approach Plaintiff requests here. In *Green v. Wexford Health Sources, Inc.*, No. 20-cv-0463-SPM, the district court granted Plaintiff's request for a hearing on her motion for a deadline for the IDOC Defendants' ESI

6

production. Ex. C (Order in *Green*, Dkt. 144 (June 16, 2021)). Following that hearing, the court granted Plaintiff's motion, directing the IDOC Defendants to produce ESI discovery within 30 days, or to file a notice with tx.he court if computer problems prevented compliance. Ex. D (Order in *Green*, Dkt. 149 (July 14, 2021). This Court should take the same approach to ensure that this case progresses, in compliance with the Federal Rules.

                                          Respectfully submitted,

                                          /s/ Sarah Grady
                                          Sarah Grady
                                          Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Sarah Grady
Steve Weil
LOEVY & LOEVY
311 N. Aberdeen Street, Third Floor
Chicago, Illinois 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

  I, Sarah Grady, an attorney, certify that on August 6, 2021, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

               /s/ Sarah Grady
               Sarah Grady
               Attorney for Plaintiff