## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHARLES GOLBERT, et al., on behalf of themselves and a class of others similarly situated, | )<br>)<br>) |
| | ) Case No: 18 C 8176 |
| Plaintiffs, | )<br>) Judge John Z. Lee |
| v. | )<br>) |
| | ) JURY TRIAL DEMANDED |
| BEVERLY J. WALKER, et al., | )<br>) |
| Defendants. | ) |

## JOINT STATUS REPORT

NOW COME Plaintiffs, Charles Golbert, Cook County Public Guardian, on behalf of Class Representatives Stephen W., Carrion C., Careale C., Jamya B., Charlie W., Joshua F., Erica C., Alana M., and Johnnise W., and Named Plaintiffs Skylar L., Issac D., Archie C., Burl F., Sterling B., and Tyrese B., on behalf of themselves and a class of others similarly situated, and Defendants Beverly J. Walker, George Sheldon, Bobbie Gregg, Arthur Bishop, Richard Calica, Erwin McEwen, Michael C. Jones, Lauren Williams, Linda Stroud, Felicia Guest, D. Jean Ortega-Piron, Debra Dyer-Webster, Janet Ahern, Cynthia Tate, Denise Gonzales, Lise Spacapan, Marc D. Smith and the Illinois Department of Children and Family Services, and pursuant to the Court's Order dated March 18, 2021 (Dkt. 140) respectfully submit the following joint status report:

**(1)** **The current deadlines imposed by the Court and whether the matter has been referred to the Magistrate Judge in any fashion (e,g., for discovery supervision; for resolution of a motion; for settlement; etc.):** On July 20, 2020, the Court set a deadline to complete all fact discovery by May 5, 2021. This case has not been referred to the Magistrate Judge.

**(2)** **The progress of discovery, if discovery is ongoing:** The parties have exchanged their respective MIDP disclosures and have issued written discovery to each other. Plaintiffs have responded to Defendants' written discovery requests. Defendants have not yet responded to Plaintiffs' written discovery requests, which were issued on August 26, 2020. In order to try to move the case forward, the parties have been meeting every other week to discuss the outstanding discovery requests and the Department's efforts to produce the large number of documents requested. The parties conducted Rule 37.2 telephonic meet-and-confers on January 28, February 9, March 11, March 25, and April 14, 2021, to discuss Defendants' ongoing production of documents and responses to written discovery.

Since the last status report, Defendants have produced about 400 pages of documents, comprising position descriptions and status sheets for the named Plaintiffs. Defendants are still in the process of producing case files for each of the Plaintiffs, and state that they are close to producing the first two of the files. Given the time period for which discovery is sought and the large number of individuals whose emails must be searched, it is fairly anticipated that the search will disclose a very large number of emails. It will be necessary for the Defendants to contract with an e-discovery vendor in order to respond to Plaintiffs' requests for emails. Plaintiffs have proposed an initial set of Boolean search terms to be applied in conducting electronic discovery and Defendants have indicated that the search terms appear to be appropriate, subject to further discussion with the vendor. In addition, the parties have agreed that the search terms may be modified after the vendor runs initial searches. Defendants are taking the steps necessary to contract with a vendor to run the searches. Defendants anticipate obtaining a vendor within 30 days. Defendants state that they will produce some additional documents, including CIPP action plans and SACWIS reports, in the near future.

Defendants have not yet responded to Plaintiffs' interrogatories but have agreed to respond on a rolling basis. Defendants have also not responded to Plaintiffs' Requests to Admit, but the parties have agreed to maintain the current focus on document discovery and interrogatory responses and to continue hold in abeyance Defendants' responses to their requests for admission for the time being.

The parties have agreed to a HIPAA order that will govern the documents produced in this case.

The parties have another scheduled Rule 37.2 meet-and-confer on April 28, 2021, and plan to continue regular meet-and-confers thereafter to ensure the continued progress of discovery.

**(3)** **The status of briefing on unresolved motions, if any:** There are no outstanding unresolved motions. Defendants' Answers to the Amended Complaint are now due on May 3, 2021.

**(4)** **Whether the parties have engaged or are engaging in settlement discussions and the status of those discussions:** The parties have not engaged in settlement discussions. Plaintiffs have indicated a willingness to discuss settlement with Defendants. At the last meet and confer conference on April 14, Defendants requested that Plaintiffs submit a settlement proposal for their consideration.

**(5)** **For cases without any future court dates, an agreed proposed schedule:** Not applicable.

**(6)** **For cases that have future court dates and if the parties believe there is good cause to extend the current deadlines, a proposed amended schedule and the basis for the request:** In light of the current progress of discovery, the significant scope of the case and the volume of documents that are anticipated to be produced on a rolling basis, the parties jointly

request that this Court vacate the current May 5, 2021 fact discovery deadline, and set a status in 90 days for the parties to report to the Court with a firm discovery deadline, once Defendants have been able to produce the documents requested by Plaintiffs.

**(7)     A request for any agreed action that the Court can take without a hearing:** The parties have filed an Unopposed Motion for Entry of an Agreed Qualified Protective Order Pursuant to HIPAA (Doc. 146) and simultaneously submitted the proposed order to the Court for consideration. The parties request that the Court enter the proposed Agreed Qualified Protective Order Pursuant to HIPAA.

**(8)     Whether the parties believe a telephonic hearing or in-person hearing is necessary in the next 60 days, and, if so, the issue(s) that warrants discussion:** The parties are set to appear before the Court at the status hearing set for April 22, 2021, at 8:45 a.m.

Respectfully submitted,

/s/Russell Ainsworth            /s/Barbara L. Greenspan (with consent)
*Attorney for Plaintiffs*            *Attorney for Defendants*

Arthur Loevy                                        Barbara L. Greenspan
Jon Loevy                                             Danielle J. Steimel
Michael Kanovitz                                Assistant Attorneys General
Russell Ainsworth                              100 W. Randolph, Suite 11-200
Julie Goodwin                                     Chicago, Illinois 60601
Sam Heppell                                        (312) 858-0412
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900