044653/19344/JNR

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY GAY,<br><br>        Plaintiff,<br><br>v.<br><br>THE STATE OF ILLINOIS, JOHN BALDWIN, JEFF SIMS, SHANE REISTER, DR. DOE 1, MELVIN HINTON, SYLVIA BUTLER, KELLY ANN RENZI, WILLIAM PUGA, DR. CHESS, DR. NUNEZ, WEXFORD HEALTH SOURCES, INC., and DOES 2-5,<br><br>        Defendants. | No. 19-cv-01133<br><br>Judge Harold A. Baker<br><br>Magistrate Judge Eric I. Long |

### RESPONSE TO PLAINTIFF'S PARTIAL OBJECTION TO MAGISTRATE JUDGE'S JULY 13, 2021 ORDER

NOW COME the Defendants, WEXFORD HEALTH SOURCES, INC., KELLY RENZI, PSY.D., and WILLIAM PUGA, M.D., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Response to Plaintiff, ANTHONY GAY's Partial Objection to Magistrate Judge's July 13, 2021 Order, state as follows:

### INTRODUCTION

Plaintiff asks this Court to reverse a decision of Magistrate Judge Long and enter an order requiring Defendants to produce documents that contain protected health information of inmates not party to this suit and who have not consented to the release of such information. As outlined in Plaintiff's Partial Objection to Magistrate Judge's July 13, 2021 Order ("Objection"), the dispute stems from Defendants' Motion for Protective Order ("Protective Order"), providing protections for confidential information and allowing redactions as necessary for the privacy protections of third parties. Docs. 121 and 122. Plaintiff subsequently moved for entry of a

HIPAA Qualified Protective Order Covering Third-Parties. [Doc. 128]. In briefing related to both the Protective Order and their proposed HIPAA Order, Plaintiff argued Defendants should not be allowed to redact the names or identifying information of non-party inmates whose protected health information or other information is contained in documents to be produced in this case. Doc. 123. On July 13, 2021, Magistrate Long entered an Order upholding the Protective Order as proposed by Defendants and denying Plaintiff's requested HIPAA Order covering third parties. Doc. 134. Plaintiff now argues Magistrate Long erred in his Order and should be reversed. While Plaintiff rehashes the prior briefing, Plaintiff's Objection puts forth nothing sufficient to support overruling the Magistrate's Order. As fully explained in Defendants' prior briefings on this issue, Plaintiff's request is unnecessary, inappropriate and jeopardizes the privacy rights of hundreds of non-party individuals whose protected health and mental health records will be subject to production in this case. Magistrate Long properly exercised his discretion in balancing the privacy interests of the third parties against Plaintiff's purported need for the personal identifying information and his decision should be upheld.

## ARGUMENT

Plaintiff files his Objection pursuant to Federal Rule of Civil Procedure 72, which provides the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Here, despite Plaintiff's posturing to the contrary, he points to nothing in Magistrate's Long Order that is erroneous or contrary to law. That Plaintiff did not get the result he wanted does not make the ruling erroneous. Plaintiff points to no controlling law requiring a different outcome than that reached by Magistrate Long. In dispute is the entry of a protective order, which is fall squarely within the broad discretion of the court. *Ball Memorial Hospital, Inc. v. Mutual Hospital Insurance,*

*Inc.*, 784 F.2d 1325, 1346 (7th Cir. 1986) ("[T]he district court has substantial discretion to decide which information should be protected and a protective order covering confidential information"); *See also Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997) ("A district judge's discretion in supervising pretrial discovery is broad.").

Here, Plaintiff requested an order requiring Defendants to produce records which may include the medical and mental health information related to hundreds, if not thousands, of third-party IDOC inmates, without redaction of personal identifying information. Defendants sought to protect the third-party's privacy by redacting all personal identifying information. Magistrate Long analyzed the arguments, noting "[t]he central question here is whether the importance of the identification of the nonparty inmates to Plaintiff outweighs the non-party's privacy interests." Doc. 134, p. 3. He noted that multiple cases relied on by Plaintiff relate to instances where the disclosure of the third-party information was agreed to by the parties, which is not the case here. Magistrate Long noted that non-party inmates have a recognized privacy interest in keeping mental health information, like that at issue here, confidential. Those inmates did not choose to file this suit and did not consent to disclosure of this information. While recognizing that redaction may make it more difficult for Plaintiff to track individuals across records, given the circumstances of the case, Magistrate Long determined redaction would still allow Plaintiff the discovery necessary. After weighing the factors, in exercising his discretion he found allowing redaction of personal identifying information of third parties struck the appropriate balance between the third party's privacy and Plaintiff's need for discovery. Doc. 134, p. 4-5. That Plaintiff believes his interests should outweigh those of hundreds of third parties does not make Magistrate Long's balancing erroneous.

Plaintiff spends significant time arguing that HIPAA would allow for an order permitting disclosure of third-party protected health information. Despite Plaintiff's attempt to spin HIPAA into a "scheme" favoring disclosure, it is not. HIPAA solely "set forth a procedure for disclosure of medical records in litigation" where disclosure is otherwise necessary. *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004). Nothing in HIPAA overrides the Federal Rules governing discovery. Further, HIPAA does not create a privacy interests, the privacy interest is innate in the individuals whose medical and mental health information could be subject to disclosure. While Plaintiff is correct that HIPAA allows a covered entity to produce protected health information if subject to a qualified court order, nothing in HIPAA mandates that a court enter an order requiring such disclosure every time a party seeks one. Rather, as with any protective order, it requires a showing of good cause for entry. *See e.g., McGee v. City of Chicago,* No. 04 C 6352, 2005 U.S. Dist. LEXIS 31060, at *4 (N.D. Ill. June 23, 2005) (citing Rule 26(c) requirement of "good cause" as the standard for entry of a HIPAA qualified protective order). Contrary to Plaintiff's contention, Magistrate Long did not "misapply" any provision of HIPAA. He did not find that he was prohibited by HIPAA from entering the order Plaintiff seeks, he simply determined good cause did not exist for its entry.

As described in Defendants' prior briefings, Magistrate Long struck the appropriate balance, as Plaintiff has made no showing the third-party health information, much less the identities of the third parties, is necessary for his claim. Plaintiff argues that because he brings a claim under *Monell v. Department of Social Services of New York,* 430 U.S. 658 (1978), he must have access to the protected health information of third parties to prove an unconstitutional custom, policy, or practice. Doc. 128 at 2-3. However, as fully discussed in Defendants' prior filings, Plaintiff's *Monell* claim is not the type that requires the experiences of other inmates, let

alone their identities. See Doc. 133. Plaintiff alleges he received inadequate mental health treatment beginning in 1996 until his release from prison in 2018. Doc. 82 at 1-3. With mental health treatment over 22 years, this is not the type of case where Plaintiff will lack evidence based on his experiences if such policies truly exist.

Plaintiff further argues, in the alternative, if redaction is allowed, Defendants must be required to identify inmates through some sort of uniform tracking number. Plaintiff makes no showing as to why any such tracking is necessary for his claim. Further, the process of assigning a tracking number that follows a given inmate throughout the production would be beyond unduly burdensome. Plaintiff's proposal would essentially require recreating the IDOC inmate tracking number system from scratch. For example, one single document recently produced by Defendants to Plaintiff in redacted form included a spreadsheet of mental health diagnosis and treatment dates for approximately 500 inmates. Plaintiff's plan apparently contemplates Wexford and IDOC be required to collaborate in assigning the tracking numbers to allow Plaintiff to track an individual inmate across productions from both sets of parties. All for information unnecessary for Plaintiff's claims. Further, Plaintiff failed to argue for such a tracking system in briefing before the Magistrate and the argument is waived. Regardless, as Magistrate Long noted in his Order, if Plaintiff receives information he believes relevant and necessary to proof of his *Monell* claim that is redacted, the current Confidentiality Order includes a way for Plaintiff to challenge the redaction on a case-by-case basis.

Magistrate Long's Order simply allows Defendants to protect the privacy interests of non-parties through redaction of personal identifiers associated with their protected health information. Plaintiff has made no good cause showing as to why the personal identification of the non-parties is necessary for his claims. As noted by Magistrate Long, the privacy interests of

other individuals far outweigh any interest Plaintiff may have in obtaining personal identifying information and the July 13, 2021 Order should be upheld in its entirety.

WHEREFORE Defendants respectfully request this Court overrule Plaintiff's Objection to Magistrate Judge's July 13, 2021 Order, maintaining the prior protective orders already in place in this case and grant such other further relief deemed just and proper.

Respectfully Submitted,

CASSIDAY SCHADE LLP

By: /s/ Joy C. Syrcle
One of the Attorneys for Defendant,
WEXFORD HEALTH SOURCES, INC.,
KELLY RENZI, PSY.D., and WILLIAM PUGA, M.D.

Joy C. Syrcle
6302066
CASSIDAY SCHADE LLP
3100 Montvale Drive
Springfield, IL  62704
(217) 572-1714
(217) 572-1613 (Fax)
jsyrcle@cassiday.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2021, I electronically filed the foregoing Response to Plaintiff's Partial Objection to Magistrate Judge's July 13, 2021 Order with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following counsel of record:

ATTORNEYS FOR JOHN BALDWIN, JEFF SIMS, SHANE REISTER, MELVIN HINTON, SYLVIA BUTLER and JOHN VARGA:
Nicholas S. Staley, Esq.
Thor Inouye, Esq.
Alan Remy Taborga, Esq.
Office of the Illinois Attorney General
100 W. Randolph Street
13th Floor
Chicago IL 60601
(312) 814-3588
nstaley@atg.state.il.us
tinouye@atg.state.il.us
ATaborga@atg.state.il.us

ATTORNEYS FOR DR. NUNEZ:
Stetson F. Atwood, Esq.
Laura Ieremia, Esq.
Donohue Brown Mathewson & Smyth, LLC
140 S. Dearborn Street
Suite 800
Chicago, IL 60603
(312) 422-0900
(312) 422-0909 (Fax)
stetson.atwood@dbmslaw.com
shelly.harders@dbmslaw.com
ieremia@dbmslaw.com
becker@dmbslaw.com

James Robinson
Office of the Illinois Attorney General
100 W. Randolph Street, 13th Floor
Chicago IL 60601
(312) 814-7199
jrobinson@atg.state.il.us


Antonio M. Romanucci, Esq.

Nicolette A. Ward, Esq.
Romanucci & Blandin, LLC
321 N. Clark Street
Suite 900
Chicago, IL 60654
(312) 458-1000
(312) 458-1004 (Fax)
aromanucci@rblaw.net
nward@rblaw.net

Maggie E. Filler, Esq.
Roderick and Solange MacArthur Justice Center
745 Atlantic Avenue
8th Floor
Boston, MA 02111
(857) 284-1455 (Phone)
(857) 284-8049 (Fax)
maggie.filler@macarthurjustice.org

Daniel M. Greenfield, Esq.
MacArthur Justice Center Northwestern Pritzker School of Law
375 E. Chicago Avenue
Chicago, IL 60611
(312) 503-1271
daniel-greenfield@law.northwestern.edu

Stephen H. Weil, Esq.
Sarah Grady
Jon Loevy
Arthur Loevy
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago IL 60607
arthur@loevy.com
sarah@loevy.com
jon@loevy.com

/s/ Joy C. Syrcle

9927613 JSYRCLE;JSYRCLE