IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-cv-01133 |
| | ) | |
| v. | ) | Judge Colin Sterling Bruce |
| | ) | Magistrate Eric I. Long |
| JOHN BALDWIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**IDOC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO SET A DEADLINE FOR IDOC DEFENDANTS' ESI PRODUCTION**

Defendants, Rob Jeffreys, John Baldwin, Melvin Hinton, Jeff Sims, Shane Reister, Sylvia Butler, Jamie Chess, Michael Melvin, John Varga, Teri Kennedy, Emily Ruskin, Justin Wilks, and Sonja Nicklaus (the "IDOC Defendants"), by and through their attorney, Kwame Raoul, Illinois Attorney General, hereby respond in opposition to Plaintiff's Motion to Set a Deadline for IDOC Defendants' ESI Production. In support thereof, the IDOC Defendants state the following:

INTRODUCTION

Plaintiff's motion should be denied because the rationale used to support his position is flawed, the "similar" cases cited by Plaintiff are in fact dissimilar, some of the perceived delay in ESI production is a result of Plaintiff's actions, and Defendants submit their own proposed deadline to begin ESI production below.

Plaintiff suggests that Defendants are wholly to blame for any delay in ESI production because they have chosen to blame technological difficulties for their lack of production despite other available means. This is an incomplete depiction of

events and completely ignores the history of this case, specifically Plaintiff's insistence on vexatious motion practice each time a ruling is unfavorable to his case.

## PROCEDURAL HISTORY

On January 24, 2020, after the parties fully briefed their disputes as to a list of search terms, custodians, and repositories in relation to a proposed ESI protocol, Magistrate Judge Long found that Plaintiff's proposed search terms, custodians, and repositories were overbroad, unlikely to produce information relevant to any party's claim or defense, and were disproportionate to the needs of this single Plaintiff case. *See* Dkt. 68 at p. 5. On February 7, 2020, Plaintiff filed a motion for the entry of an amended ESI protocol. Dkt. 73. Plaintiff's motion was in essence a motion for Magistrate Long to partially reconsider his January 24, 2020 Order, and enter an ESI protocol that is far more expansive than this he previously ruled was appropriate. On February 7, 2020, Plaintiff also filed his partial objections to Magistrate Long's January 24, 2020 ESI Order. Dkt. 74.

On March 6, 2020, Magistrate Long denied Plaintiff's motion for entry of an amended ESI protocol. *See* Text Order dated March 6, 2020. Magistrate Long also entered the operative ESI protocol in this case. Dkt. 81. On March 20, 2020, Plaintiff filed his objection to Magistrate Long's March 6, 2020 Order, and asked that his own version of an ESI protocol be entered. Dkt. 84.

On December 16, 2020, Judge Baker overruled Plaintiff's objections to Magistrate Long's January 24, 2020 Order. *See* Text Order Dated December 16, 2020. Subsequently, on January 14, 2021, Judge Baker sustained Plaintiff's

objections to Magistrate Long's March 6, 2020 Order, but contemporaneously denied Plaintiff's motion for the entry of an amended ESI protocol. *See* Text Order dated January 14, 2021.

On March 29, 2021, after several communications with counsel for Plaintiff, Defendants moved for entry of a confidentiality order in order to facilitate production of discovery. Dkt. 121. On March 30, 2021, Magistrate Long granted Defendants' motion but permitted Plaintiff to file any objection to the confidentiality by April 12, 2021. *See* Text Order dated March 30, 2021. On April 12, 2021, Plaintiff filed his narrow objection. *See* Dkt. 123.

Additionally, on May 28, 2021, Plaintiff filed a motion for a protective order covering third party protected health information. Dkt. 128. Plaintiff's motion essentially asked for unredacted copies of non-party or third-party protected health information be produced, to which Defendants objected as it would violate state law and render parts of the previously entered confidentiality order meaningless.

On July 13, 2021, after briefing on this issue, Magistrate Long ruled that Defendants' confidentiality order would remain in effect and denied Plaintiff's motion for a protective order. Dkt. 134. On July 27, 2021, Plaintiff filed his objection to the Magistrate's July 13, 2021 Order. Dkt. 135. Defendants responded to this objection on August 10, 2021, but it has yet to be ruled on by the Court.

On April 10, 2021, in the middle of the parties' discovery disputes, the Office of the Illinois Attorney General ("OAG") discovered that its network had been compromised by a ransomware attack. As a result, the office began investigating

the attack with the assistance of outside technology experts and in consultation with the Federal Bureau of Investigations.

As a result of this attack, OAG attorneys and staff lost access to their network and counsel for Defendants lost access to the case file or any documents related to this case. Despite this fact, the undersigned was able to coordinate with personnel at IDOC and produce over 25,000 pages of documents to Plaintiff during the network outage.

On August 9, 2021, the OAG began to regain access to its network. Since that time the undersigned has be reviewing his files and learning the capabilities of the new network.

## ARGUMENT

Plaintiff's motion should be denied because his own protracted discovery disputes have contributed much to the delay in production of ESI. Indeed, due to Plaintiff's numerous motions for reconsideration and subsequent objections, Defendants did not have a definitive ESI protocol until January 24, 2021. Defendants subsequently moved for entry of a confidentiality order to facilitate production. However, this issue is still being litigated given Plaintiff's latest objection. Much of the information that will be produced in ESI will include medical and mental health records of patients who are not parties to this action whose personal confidential information Defendants have a legal duty to safeguard either under HIPAA, MHDDCA, or 730 ILCS 5/3-5-1. At this time, Defendants are still not in a position to know whether there is a need to redact third-party protected health

4

information before production to Plaintiff. Defendants should not be subject to a court order requiring them to turn over information when they do not yet know what format it will need to be produced.

Furthermore, the court should disregard Plaintiff's reliance on *Golbert v. Walker* a for two reasons. First, that case involves a completely different state agency, the Illinois Department of Children and Family Services ("IDCFS"). Plaintiff offers no explanation as to how the capabilities of IDCFS are similar to those of IDOC. Indeed, the undersigned is unaware of how ESI files are produced or reviewed by IDCFS. Second, the status report attached to Plaintiff's motion references the fact that Defendants in *Golbert* have contracted with an outside vendor to facilitate ESI review. *See* Dkt. 138-2. Plaintiff offers no explanation why Defendants in this case should be required to take similar actions when the parties' discovery disputes are still unresolved.

The Court should also disregard Plaintiff's reliance on *Green v. Meeks* as that case does not appear to have the same procedural posture as this matter. Indeed, the *Green* court specifically stated that "[t]he parties continue to work together, and they have not reached an impasse in their discovery discussions requiring Court interference." *See* Dkt. 138-4. That is a not the case here. As discussed above, the parties in this case have issues before the court that will have an impact on the production of ESI.

Despite the above, Defendants do not intend to ignore the fact there have been delays cause by the recent ransomware attack on the Office of the Illinois

5

Attorney General. For approximately four months the undersigned was without relevant case files or technology to effectuate discovery production. Plaintiff is correct that the ransomware attack did not destroy the ESI that is to be produced. The ESI evidence Plaintiff seeks in discovery is not housed by the Office of the Attorney General, but rather on the servers of other state agencies. However, what Plaintiff ignores is the reality that without the network the undersigned lacked the technology needed to review, redact, or produce the ESI at issue due to the nature of the documents.[1] Indeed, despite the fact that this ESI is housed on other agencies' servers, the undersigned had no reasonable way to acquire or open the files without his office's network. The same is not true for non-ESI discovery. This is why Defendants were able to produce over 25,000 pages of other discovery during the network outage.

As the undersigned has now regained access to the Office of the Attorney General network, he has the capabilities to review ESI files and begin production. However, in order to promote efficiency and save the time and expense of unnecessary work, Defendants request that any production of ESI be postponed until resolution of Plaintiff's objection to the Magistrate's July 13, 2021 Order. Dkt. 135. Once this issue is decided, Defendants will begin production of ESI within 30-days.

---

[1] The undersigned generally receives ESI from IDOC in PST files which requires Microsoft Outlook to open and review. The undersigned was without Outlook for a period of time during the network loss, and when Outlook was available, it was only a web-based version that did not have the capabilities to open PST files.

6

CONCLUSION

WHEREFORE, Defendants, Rob Jeffreys, John Baldwin, Jeff Sims, Shane Reister, Melvin Hinton, Sylvia Butler, and Jamie Chess respectfully requests the Court deny Plaintiff's Motion to Set a Deadline for IDOC Defendants' ESI Production, and for such further relief that this Court deems just and equitable.

Dated: August 27, 2021

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

By: */s/ Nicholas S. Staley*
NICHOLAS S. STALEY
Unit Supervisor, Prisoner Litigation
General Law Bureau
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3953
nicholas.staley@ilag.gov

## CERTIFICATE OF SERVICE

  The undersigned certifies that on August 27, 2021, he electronically filed the foregoing document with the Clerk of the Court for the Central District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

                */s/ Nicholas S. Staley*
                NICHOLAS S. STALEY