UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Anthony Gay,                )
                            )
    Plaintiff,              )
                            )
v.                          )        No. 19-CV-1133
                            )
John Baldwin, *et al.*      )
                            )
    Defendants.             )

### ORDER RULING ON PLAINTIFF'S PARTIAL OBJECTION

Now before the court is Plaintiff's Objection (ECF 135) to Magistrate Judge's ("Magistrate") Order ("Confidentiality Order"). (ECF 134). This ruling is about whether a protective order should have been entered covering non-parties. For the reasons below, a protective order should have been entered.

### I.   BACKGROUND

Plaintiff filed his Complaint in 2018, alleging that while incarcerated, he was wrongly placed in extended solitary confinement causing his mental condition to deteriorate. The parties agree that discovery in this case will lead to the disclosure of medical records of non-party inmates containing protected health information ("PHI"). (ECF 134). Plaintiff's need for the information (*see* ECF 135-1 at 35) is not disputed.

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") regulates covered entities, such as healthcare providers, and restricts their ability to use or disclose PHI without authorization. *See* 45 C.F.R. §§ 164.508; 164.512. The requirements of HIPAA allow a covered entity to disclose PHI in litigation when the disclosure is subject to a qualified protective order. 45 C.F.R. § 164.512(e). The parties agree that a qualified protective order is needed in this case as the relevant discovery sought involves PHI. (ECF 134).

To conform to the requirements of HIPAA, Plaintiff proposed a qualified protective order that covered materials with the Plaintiff's PHI and materials with PHI of non-party inmates. (ECF 128-1). Defendants proposed a qualified protective order (ECF 121-1) that only covered Plaintiff's PHI and sought to be allowed to redact personal identifying information from documents, to protect the identity of non-party inmates. (ECF 121; ECF 133).

On July 13, 2021, the Magistrate entered the Confidentiality Order which denied Plaintiff's motion to enter a qualified protective order covering non-party PHI, and instead allowed Defendants to redact personal identifiers from non-party discovery materials. (ECF 135).

1

On July 27, 2021, Plaintiff objected to parts of the Confidentiality Order, where it denied the entry of a qualified protective order covering non-party PHI and allowed Defendants to redact non-party personal identifiers. (ECF 135).

## II. LEGAL STANDARDS

*a. Reviewing Non-Dispositive Matters*

The district court reviews the Confidentiality Order pursuant to Rule 72(a). Fed. R. Civ. P. For non-dispositive matters before a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum,* No. 14-CV-0956, 2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted). The court applies a clear error standard. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 943 (7th Cir. 1997).

*b. Good Cause*

Federal Rule of Civil Procedure 26(c) allows a court to enter a protective order for "good cause shown, … which justice requires to protect a party … from annoyance [and] embarrassment…." Good cause "generally signifies a sound basis or legitimate need to take judicial action." *McGee v. City of Chicago,* No. 04-CV-6352, 2005 WL 3215558, at *1 (N.D. Ill. June 23, 2005) (quoting *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987)).

"In deciding whether good cause to enter a protective order exists, a district court must balance the harm to the party seeking the protective order against the importance of disclosure to [the] public." *McGee,* 2005 WL 3215558, at *1 (citation and quotation marks omitted). 'Disclosure to the public' does not include pretrial discovery, depositions, and interrogatories which are not public proceedings and are generally conducted in private. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984).

## III. ANALYSIS

*a. Timeliness*

Upon review, the District Court finds Plaintiff objected to the Confidentiality Order within fourteen days on July 27, 2021. Plaintiff's objection was timely.

*b. Good Cause*

The Confidential Order good-cause analysis balanced non-party interests and disclosure to the public, found in favor of the non-party interests, but then failed to enter a qualified protective order. This was clear error.

The public at large has an interest in seeing what is going on in the courts. *McGee*, 2005 WL 3215558, at *1. In contrast, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") regulates covered entities, such as healthcare providers, and restricts their ability to use or disclose PHI without authorization. *See* 45 C.F.R. §§ 164.508; 164.512. The requirements of HIPAA allow a covered entity to disclose PHI during litigation when the disclosure is subject to a qualified protective order. 45 C.F.R. § 164.512(e). The HIPAA requirement creates a sanctioned process or 'sound basis or legitimate need to take judicial action,' to enter a qualified protective order to allow a covered entity to disclose PHI in litigation. 45 C.F.R. § 164.512(e); *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925–26 (7th Cir. 2004); *see generally*, *McGee*, 2005 WL 3215558. This consideration alone is generally sufficient to find good cause to enter a qualified protective order. (*See* ECF 121 at ¶ 4; ECF 122).

In the Confidentiality Order, the Magistrate additionally considered that:

> The non-party inmates have a recognized privacy interest in keeping their mental health records confidential. *See Doe v. MacLeod*, 2019 WL 2601338, at *3 (C.D. Ill. June 25, 2019). This interest is amplified when the person is not a party to the lawsuit and has not been asked for permission to release their documents. *See Methodist Health Services Corp. v. OSF Healthcare System*, 2014 WL 12733590, at *4 (C.D. Ill. Jan. 8, 2014). Moreover, mental health records are often considered more sensitive than other PHI, as shown by the way HIPAA affords specific mental health records greater protection. *See* 45 C.F.R. §§ 164.508(a)(2). The nonparty inmates here have no say on whether their records are disclosed. They did not choose to file this lawsuit. It would violate the nonparties' privacy interests to allow their records to be disclosed . . . .[1]

(ECF 134 at 4). These considerations emphasize the weight being given to non-party privacy and showed its analysis balanced in favor of finding good cause to enter a qualified protective order to protect non-party PHI. However, the Confidentiality Order did not enter a qualified protective order covering non-party PHI.

Instead, the Confidentiality Order allowed Defendants to redact non-party personal identifiers, because the parties had not *already* entered a qualified protective order covering non-party PHI. *Id.* As a result, this court has the definite and firm conviction that a mistake has been made. The court sustains Plaintiff's objection.

---

[1] The court believes this overstates or misstates inmate privacy rights (s*ee Anderson v. Romero*, 72 F.3d 518 (7th Cir. 1995); *Seaton v. Mayberg*, 610 F.3d 530 (9th Cir. 2010)) and shows separate error. However, the error is harmless for the purposes of the court's analysis.

*c. Set Aside and Modify*

For non-dispositive matters such as this, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. R. 72(a).

The court finds good cause to enter a qualified protective order covering non-party inmate PHI. Personal PHI is of limited interest or utility to the public at large while the harm or embarrassment to an individual balances in favor of entering a protective order. Based on the implicated HIPAA requirements, the court accordingly enters Plaintiff's proposed Qualified HIPAA Protective Order for Non-Party PHI. (ECF 128-1). The court follows the reasoning in *Andrews v. Sangamon,* 18-CV-1100, 2018 WL 6523186 (C.D. Ill. Dec. 18, 2018) and sets aside the portion of the Confidentiality Order allowing redactions now that a qualified protective order is entered. Disallowing redactions will also further the purposes of Rule 1. Fed R. Civ. P.

**IT IS THEREFORE ORDERED:**
1) **Plaintiff's Objection (ECF 135) is SUSTAINED.**
2) **The court SETS ASIDE the parts of the Confidentiality Order (ECF 134) which deny entry of a qualified protective order and allow Defendants to redact non-party personal identifiers. The remainder of the Confidentiality Order stands.**
3) **The court ENTERS Plaintiff's proposed Qualified HIPAA Protective Order for Non-Party PHI. (ECF 128-1) and directs the clerk of the court to docket the proposed order.**

ENTERED: 12/6/2021

s/Harold A. Baker

JUDGE HAROLD A. BAKER
United States District Judge
