IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-cv-1133 |
| | ) | |
| v. | ) | Judge Sue E. Myerscough |
| | ) | |
| JEFFREYS, et al., | ) | Magistrate Judge Eric I. Long |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO THE IDOC DEFENDANTS'**
**MOTION FOR LEAVE TO FILE ANSWER**

Plaintiff Anthony Gay, by his undersigned attorneys, hereby responds to the Motion for Leave to File IDOC Defendants' Amended and Supplemental Answer to Plaintiff's First Amended Complaint *Instanter*, stating as follows:

**INTRODUCTION**

The IDOC Defendants have sought leave to file an Answer to Plaintiff's Amended Complaint after this Court denied their motion to dismiss more than a year ago. Despite the significant delay, Plaintiff does not actually oppose the IDOC Defendants' request to file an Answer, rather than having Plaintiff's allegations deemed admitted. But Plaintiff does oppose Defendants' motion because it seeks leave to file an Answer that asserts two new affirmative defenses responding to Plaintiff's ADA and Rehabilitation Act claims against the State of Illinois and John Baldwin[1]—claims that have not changed since Plaintiff first filed his Complaint 3.5

---

[1] Plaintiff's First Amended Complaint names John Baldwin as a defendant in his official capacity. Rob Jeffreys has replaced Baldwin, and thus pursuant to Rule 25(d), Jeffreys is automatically substituted as a party in Baldwin's place. For ease of reference, however, Plaintiff continues in this response to refer to Baldwin as the named Defendant.

years ago, in October 2018.

The deadline for the parties to amend their pleadings to add new claims and defenses has long since passed, and Defendants offer absolutely no showing as to why they should be permitted to inject these new affirmative defenses into the case so late and so close to the end of fact discovery. Defendants' motion for leave to file the Answer that they have proposed should accordingly be denied.

## BACKGROUND

Plaintiff filed his Complaint in this case in October 2018. Dkt. 1. That Complaint named the State of Illinois, John Baldwin, Jeff Sims, Melvin Hinton, Shane Reister, Sylvia Butler, and Jamie Chess, among others, as Defendants. *Id.* at 1. Plaintiff brought claims under the ADA and Rehabilitation Act against the State of Illinois and Baldwin and claims under 42 U.S.C. § 1983 against the individual Defendants. Defendants moved to dismiss Plaintiff's ADA and Rehab Act claims, arguing that they did not sufficiently allege discrimination on the basis of Plaintiff's disability, and to dismiss all claims arising from misconduct that occurred before October 2016, arguing that the claims were barred by the statute of limitations. Dkt. 37 at 9-15. The district court denied that motion, Dkt. 44 at 10-12, and Defendants filed an Answer, including the assertion of five affirmative defenses. Dkt. 47 at 27-30.

On agreement of the parties, the Court's scheduling order set a deadline of August 26, 2020 for Plaintiff to amend his pleadings, and a deadline of September 28, 2020 for Defendants to amend their pleadings. Dkt. 52. On March 7, 2020,

2

Plaintiff filed a First Amended Complaint. Dkt. 82. That Complaint added a number of individual Defendants but did not alter the ADA and Rehab Act claims against the State of Illinois and Baldwin in any substantive way. *Compare* Dkt. 1 at 19-22, *with* Dkt. 82 at 21-24; *see also* Dkt. 154 at 2 (admitting that the original Complaint is "virtually identical to [Plaintiff's] original complaint with the exception of the addition of seven new defendants"). Neither the State of Illinois nor Baldwin opposed the amendment. Dkt. 81 at 1 n.1. Instead, they moved to dismiss the First Amended Complaint, raising the same arguments as in their first motion to dismiss. *Compare* Dkt. 105 at 8-13, *with* Dkt. 37 at 9-15. Some of the individual IDOC Defendants simultaneously filed an Answer to Plaintiff's First Amended Complaint, raising the same five affirmative defenses asserted in their Answer to Plaintiff's original Complaint. Dkt. 103 at 25-29. Neither the State of Illinois nor Baldwin filed an Answer.

On January 12, 2021, the Court denied Defendants' motion, finding that the law of the case applied. Dkt. 116 at 3 ("The court denied the prior motion to dismiss on these same, present, issues."). None of the Defendants filed an Answer until February 24, 2022, when the IDOC Defendants filed their motion for leave to file their Answer instanter. Dkt. 154.

In advance of filing their motion, defense counsel asked Plaintiff's counsel for agreement. After reviewing the proposed pleading, Plaintiff's counsel informed counsel for the IDOC Defendants that they opposed a pleading that raised new affirmative defenses to Plaintiff's ADA and Rehab Act claims. Plaintiff's counsel

3

informed defense counsel they would agree to a motion seeking leave to file an Answer that omitted those two affirmative defenses (Affirmative Defenses 6-7), but as drafted Plaintiff opposed the proposed pleading and Defendants' corresponding motion.

## DISCUSSION

The IDOC Defendants have moved for leave to file an Answer to Plaintiff's Amended Complaint more than a year past the deadline. Fed. R. Civ. P. 12(a)(4); Dkt. 116. As noted above, Plaintiff does not oppose the IDOC Defendants' request for leave to file an Answer in this case, rather than face default judgment. But Plaintiff does oppose the IDOC Defendants' request to file the Answer that they have attached to their motion because that Answer asserts two new affirmative defenses (Affirmative Defenses 6-7) that have never before been raised in the case. The time for Defendants to raise these new affirmative defenses passed years ago and Defendants have offered absolutely no justification—let alone the required showing of good cause—to justify the granting of their motion.

Proposed Affirmative Defenses 6 and 7 concern Plaintiff's ADA and Rehab Act claims. Dkt. 154-1 at 40-41. The deadline for Defendants to assert their new affirmative defenses was September 28, 2020—the deadline set by the Court for Defendants to amend their pleadings, Dkt. 52—because the claims against which those affirmative defenses are asserted did not change in any substantive way when Plaintiff amended his complaint. *Burton v. Ghosh*, 961 F.3d 960, 968 (7th Cir. 2020) (filing of amended complaint does not permit defendants to raise new affirmative

4

defenses to claims unaffected by the amendment). Under Rule 6(b), then, Defendants must show excusable neglect in order to justify their attempted dilatory assertion of the affirmative defenses. *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015); *Klein v. Highland Park CVS, LLC*, 2021 WL 3742016, at *2 (N.D. Ill. Aug. 24, 2021).

When evaluating excusable neglect, courts should take account of "all relevant circumstances surrounding the party's omission[,]" including the danger of prejudice to the opposing party, the length of the delay and its impact, the reason for the delay (and whether it was within the control of the movant), and whether the movant acted in good faith. *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 759 (7th Cir. 2015). It is the movant's burden to establish excusable neglect. *Klein*, 2021 WL 3742016, at *3.

Consideration of the excusable neglect factors counsels strongly against granting Defendants' motion. First, the fact that Defendants have offered absolutely *no* explanation as to why they did not raise the two affirmative defenses at issue in their original Answer, before the deadline for amending their answers passed, or at any point until February 2022, 3.5 years after the claims were pled against them. The Seventh Circuit has held such a failure itself requires denial of the motion. *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (even where there is no prejudice to the non-movant, a party fails to meet its burden to establish excusable neglect "if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable"). Like in *Bowman*, in this case Defendants have offered no

5

explanation for the untimely asserted affirmative defenses, despite being directly put on notice of Plaintiff's opposition via email correspondence with counsel prior to filing the motion. On this ground alone, Defendants' motion should be denied.

Second, the delay is substantial and was wholly within the Defendants' control. More than 15 months have passed since the deadline for Defendants to assert the affirmative defenses at issue, and Defendants have not alleged that they learned of the availability of these affirmative defenses only through some recently obtained discovery. *See Burton*, 961 F.3d at 965. While delay in itself is not typically the sole basis to deny leave to assert affirmative defenses dilatorily, "the longer the delay, the greater the presumption against granting leave to amend." *Perrian v. O'Grady*, 958 F.2d 192, 194-95 (7th Cir. 1992). And "delay can disadvantage a party in ways that go beyond mere cost." *Burton*, 961 F.3d at 970. For that reason, courts recognize that a significant delay can impose a burden on the judicial system that warrants rejection of dilatory pleadings even if the non-movant does not personally face hardship. *Tamari v. Bache & Co.*, 838 F.2d 904, 908 (7th Cir. 1988). In this case, the delay is substantial and, in light of the abject lack of explanation, provides a strong reason to reject Defendants' request to assert dilatory affirmative defenses.

Third, Plaintiff faces substantial unfair prejudice if Defendants are permitted to inject two new affirmative defenses to Plaintiff's ADA and Rehab Act claims 3.5 years after those claims were raised. For years now, the parties have conducted extensive discovery on Plaintiff's claims and the Defendants' existing affirmative defenses, including the ADA and Rehab Act claims, without any hint from

6

Defendants that they intended to assert a direct threat and an administrative burden affirmative defense. Early on in discovery, Plaintiff asked Defendants about their affirmative defenses and the factual bases for them. Ex. A at 4-5. The State of Illinois and Baldwin's response simply points to their original Answer and the motion to dismiss they filed, both of which omit any reference to or discussion of these affirmative defenses. *Id.* at 5. To this day, after years in discovery, Plaintiff is in the dark as to what facts the State of Illinois and Baldwin contend support the affirmative defenses they contend defeat liability on Plaintiff's claims against them.

In this case, the deadline for Plaintiff to disclose his expert reports (including experts relevant to Plaintiff's ADA and Rehab Act claims) is just a few months away (July 23). *See Shotts v. Bombardier, Inc.*, 2006 WL 1663837, at *2 (S.D. Ind. June 8, 2006) (recognizing that the non-movant faces prejudice when dilatory requests are made close to the end of discovery). And the discovery that will be required to investigate Defendants' new affirmative defenses is substantial. It will include substantial additional written and oral discovery, as well as a renewed motion for additional ESI given the need for Plaintiff to address the State of Illinois's affirmative defense that administrative burdens—wholly unconnected to Plaintiff himself—justified the denial of reasonable accommodations to Plaintiff. Notably, in their briefing regarding the ESI protocol, Defendants portrayed the ADA and Rehab Act claims are being focused on Plaintiff himself, and this Court sided with Defendants and rejected Plaintiff's request for a broader ESI protocol. *See* Dkt. 62 at 7-8. The late-asserted affirmative defenses invert that position and would require

7

vast new document discovery.

In short, Plaintiff faces substantial unfair prejudice from being forced to address and counter affirmative defenses that Defendants could have raised but did not for more than 3.5 years. *Burton*, 961 F.3d at 966 (courts should reject affirmative defenses that are raised untimely and the delay prejudices the plaintiff). This Court should deny Defendants' motion and instead grant them leave to file an Answer that omits the two untimely raised affirmative defenses.

Dated: March 10, 2022                                  Respectfully submitted,

                                                       /s/ Sarah Grady
                                                       Sarah Grady
                                                       Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Stephen Weil
Sarah Grady
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
sarah@loevy.com

Antonio Romanucci
Nicolette Ward
ROMANUCCI & BLANDIN LLC
321 North Clark St.
Chicago, IL 60654
(312) 458-10001

Locke E Bowman
RODERICK & SOLANGE MACARTHUR JUSTICE CENTER
6th Floor
160 East Grand Avenue
Chicago, IL 60611
312-503-0844

9

**CERTIFICATE OF SERVICE**

I, Sarah Grady, an attorney, hereby certify that on March 10, 2022, I caused a copy of the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Sarah Grady
Sarah Grady