E-FILED
Thursday, 10 March, 2022  07:04:30 PM
Clerk, U.S. District Court, ILCD

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-cv-01133 |
| | ) | |
| v. | ) | District Judge Harold A. Baker |
| | ) | Magistrate Judge Eric I. Long |
| JOHN BALDWIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JOHN BALDWIN'S AMENDED AND SUPPLEMENTAL
ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, John Baldwin, by and through his attorney, Kwame Raoul, Illinois Attorney

General, hereby amends and supplements his answers to Plaintiff's First Set of Interrogatories

as follows:

**Interrogatories**

1.      Under oath, please identify by name, address, and telephone number all Persons
who, to the best of your understanding, have knowledge of facts that relate to any of the claims
or defenses in this action, including but not limited to all Persons who are not listed in the
parties' Rule 26(a)(1) initial disclosures. For each Person with knowledge responsive to this
Interrogatory, please describe with particularity any facts known by each such Person relating
to the claims and defenses in this action, including all facts about which the Person may be
competent to testify at trial, and state whether you intend to call that Person as a witness at
trial.

If this Interrogatory is answered by incorporating Documents which include any
handwritten notations or names, please identify as to each Person contained in the referenced
Document the name, address, and telephone number of the Person. In addition, please provide
the identities of any additional Persons who are not listed in the Documents that you reference,
as well as any facts known to any witness relating to the claims or defenses in this action that
are not reflected in the Documents. If you fail to do so, Plaintiff will assume that the witnesses
and substance of their testimony are strictly limited to what is contained in the Documents
you reference.

**ANSWER: See Defendants' Initial Rule 26(a)(1). Defendant reserves the right
to amend or supplement this response pending any amended complaint and/or
information revealed during the course of discovery.**

1

2.      For any Document (including video) requested in Plaintiff's discovery requests that has been lost, discarded or destroyed, please identify each such Document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all Persons involved; the reasons for disposing of the Document; the identity of any Person with knowledge of its content; and the identity of the last Person known to have seen it. In answering this Interrogatory, please list all steps taken to discover documents that have been lost, discarded or destroyed, and the names of all Persons with knowledge of the steps taken.

**ANSWER: Objection. This interrogatory is overly broad, is unduly burdensome, seeks the disclosure of information not relevant to any claims or defenses asserted in the present litigation, and is not proportional to the needs of this case pursuant to Rule 26. Subject to and without waiving said objections, none known to Defendant. Investigation continues.**

3.      State whether you have had any Communication with any Person (other than the attorney hired to represent you in this action) regarding Plaintiff or any of the allegations or events described in Plaintiff's Complaint. For each such Communication, state:

a.      The date of the Communication;
b.      The identities of all parties involved in the Communication;
c.      The manner of the Communication; and
d.      A summary of the substance of the Communication.

If this Interrogatory is answered by incorporating Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents referenced.

**ANSWER: Objection. This interrogatory is overly broad in scope and time, is unduly burdensome, seeks the disclosure of information not relevant to any claims or defenses asserted in the present litigation, and is not proportional to the needs of this case pursuant to Rule 26. Answering subject to and without waiving said objections, at this time Defendant does not recall any specific communications, but if they exist, believes such communications may be located in Defendant's email vault, which has been searched pursuant to the Parties' ESI Plan. Subject to Defendants' objections, any responsive documents will be produced on a rolling basis.**

4.      Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses in this action. For each such responsive conviction, identify the Person who has been convicted and the nature of the conviction, and the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER: Objection. This interrogatory is overly broad in scope and time, is unduly burdensome, seeks the disclosure of information not relevant to any claims**

2

or defenses asserted in the present litigation, and is not proportional to the needs of this case pursuant to Rule 26. Answering subject to and without waiving said objections, none known to Defendant at this time other than Plaintiff's prior criminal convictions which includes convictions for robbery, felon in possession of weapon in prison, and aggravated battery/peace off/fireman. See documents bate stamped "Gay v. Jeffreys (IDOC) 006442".

5.    Do you contend that Anthony Gay received adequate mental health care within the IDOC during his imprisonment by the IDOC? If so, please state the entire factual basis for that contention.

**ANSWER: Objection. This interrogatory is overly broad, vague as to the term "adequate", and is premature. Answering subject to and without waiving said objections, Defendant is not a mental health professional and would defer to those qualified to give an opinion regarding his care. Pursuant to the Parties' meet-and-confer conversations, Plaintiff has no objection to delaying an amended answer to this interrogatory.**

6.    Please identify all Complaints (including any Complaints that are presently pending) that have ever been made against you, including but not limited to any and all lawsuits alleging that you or your office provided inadequate medical evaluation or care, inadequate access to medical evaluation or care, or violated the Constitution of the United States in discharging your or your office's responsibilities with respect to prisoners. For each such Complaint, state:

   a.    The date each Complaint was filed;
   b.    A detailed description of the nature of each Complaint;
   c.    A case number or other identifying number of each Complaint; and
   d.    How each Complaint was resolved, including any discipline imposed in connection with each Complaint.

**ANSWER: Objection. This interrogatory is overly broad in scope and time, is unduly burdensome, seeks the disclosure of information not relevant to any claims or defenses asserted in the present litigation, seeks information that is public record and therefore equally available to Plaintiff, and is not proportional to the needs of this case pursuant to Rule 26. Answering subject to and without waiving said objections, Defendant has been involved in numerous other lawsuits related to his employment with the State of Illinois. However, Defendant does not keep a record of such suits and does not know their specifics at this time. Answering further, according to the Office of the Illinois Attorney General's internal database, Defendant has been involved in over 800 lawsuits. The specifics of which would be unknown without going into each file and reading each complaint. Such a search would be unduly burdensome and not proportional to the needs of this case given the small likelihood of any relevant or admissible information.**

7.    State the date on which  you became aware that Illinois had no provision to provide the following levels of mental health care to prisoners confined in the IDOC:

3

a.    Residential
b.    Residential – Behavior Management
c.    Inpatient

**ANSWER: Objection. This interrogatory is vague, confusing, and argumentative as there are provisions to provide these levels of mental health care to prisoners confined in the IDOC. Objecting further, this interrogatory is argumentative as it suggests the specific designations of care are required in order to provide adequate or constitutional mental health treatment. Answering subject to and without waiving said objections, to the extent this interrogatory is inquiring as to a specific date in the past, the specific designations above were in existence during the entirety of Defendant's employment with the State of Illinois.**

8.    State the date on which you became aware that there were prisoners confined in the IDOC who were in need of the following levels of mental health care:

a.    Residential
b.    Residential – Behavior Management
c.    Inpatient

**ANSWER: Defendant does not recall the date he became aware that there were prisoners in need of such care. Defendant believe it would have been sometime close to the date he began his employment with the State of Illinois in August 2015.**

9.    Regarding the previous interrogatory, describe each action you took to make available the following levels of mental health care to prisoners who needed such care:

a.    Residential
b.    Residential – Behavior Management
c.    Inpatient

**ANSWER: Objection. This interrogatory is premature, overly broad in scope and time, unduly burdensome, seeks the disclosure of information not relevant to any claims or defenses asserted in the present litigation, and is not proportional to the needs of this case pursuant to Rule 26. Subject to and without waiving said objections, I was at no time personally involved in providing specific courses or levels of mental health treatment to prisoners. As Acting Director of the Illinois Department of Corrections, it is my understanding that the above levels of mental health care were available to prisoners incarcerated within IDOC. I relied upon the medical and mental health professionals working within IDOC to provide appropriate mental health care to prisoners. I also relied upon the staff in the Office of Mental Health Psychiatric Services to ensure offenders in IDOC had access to and received appropriate mental health care.**

10.    For any Affirmative Defenses that you have asserted or will assert in this matter, please describe without resorting to legal conclusions the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary,

or testimonial evidence that supports each such defense. Please provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert a claim preclusion defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the preclusion defense.

**ANSWER: Objection. This interrogatory is overly broad, unduly burdensome, premature, and calls for a legal argument. Answering subject to and without waiving said objections, see Defendant's previously filed motion to dismiss (Dkt. 37), those Affirmative Defenses listed on Defendants' Answer to Plaintiff's Complaint (Dkt. 47), and Co-Defendants' recently filed motion to dismiss and accompanying memorandum. (Dkts. 88-89). Investigation continues.**

11.    For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER: Objection. This interrogatory seeks the disclosure of information not relevant to any claims or defenses asserted in the present litigation, and is not proportional to the needs of this case pursuant to Rule 26. In the event of a settlement or judgement against Defendant, she will be indemnified by the state pursuant to 5 ILCS 350/0.01, *et seq.* Accordingly, Defendant's financial worth is irrelevant and inadmissible. *See Platcher v. Health Professionals, Ltd.*, 04-1442, 2007 WL 2772855, at \*2 (C.D. Ill. Sept. 18, 2007); *See also Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) (stating that if defendants are fully indemnified their finances are irrelevant and inadmissible.)**

12.    For each instance in which you have given sworn testimony (such as at a deposition or trial), identify the case by name, court, and case number, the date that the testimony was given, and the name, address, telephone number and email address of each person who you believe is likely to possess a transcript of your testimony.

**ANSWER: Objection. This interrogatory is overly broad in scope and time, seeks the disclosure of information not relevant to any claims or defenses asserted in the present litigation, and is not proportional to the needs of this case pursuant to Rule 26. Answering subject to and without waiving said objections, Defendant does not recall the specific instances he has given testimony and does not keep a record of each instances. Answering further, according to the Office of the Illinois Attorney General's internal database, Defendant has been involved in over 800 lawsuits. The specifics of which would be unknown without going into each file and reading each complaint. Such a search would be unduly burdensome and not proportional to the needs of this case given the small likelihood of any relevant or admissible information.**

Dated: March 31, 2020

                                      Respectfully Submitted,

KWAME RAOUL                By:     */s/ Nicholas S. Staley*
Attorney General of Illinois              NICHOLAS S. STALEY
                                    Unit Supervisor, Prisoner Litigation
                                    General Law Bureau
                                    Office of the Illinois Attorney General
                                    100 West Randolph Street, 13th Floor
                                    Chicago, Illinois 60601
                                    (312) 814-3953
                                    nstaley@atg.state.il.us

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of Defendant John Baldwin's Amended and Supplemental Answers to Plaintiff's First Set of Interrogatories was served this 31st day of March, 2020, via email, upon the following:

**Stephen H. Weil**
**Sarah Grady**
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607
weil@loevy.com
sarah@loevy.com

**Joseph N. Rupcich**
**Jessica N. Klaus**
CASSIDAY SCHADE LLP
Suite 2900
222 West Adams Street
Chicago, IL 60606
jrupcich@cassiday.com
jklaus@cassiday.com

**Stetson F Atwood**
**Laura C. Ieremia**
DONOHUE BROWN MATHEWSON & SMYTH LLC
Suite 800
140 S Dearborn St
Chicago, IL 60603
atwood@dbmslaw.com
ieremia@dbmslaw.com