E-FILED
Tuesday, 15 March, 2022 12:44:25 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANTHONY GAY,<br><br>        Plaintiffs,<br>v.<br><br>JOHN BALDWIN, *et al.*,<br><br>        Defendants. | No. 19-C-01133<br><br>District Judge Sue E. Myerscough<br>Magistrate Judge Eric I. Long |

### IDOC DEFENDANTS' REPLY IN SUPPORT OF THEIR
### MOTION FOR LEAVE TO FILE THEIR AMENDED AND SUPPLEMENTAL
### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT *INSTANTER*

Defendants, Rob Jeffreys, John Baldwin, Melvin Hinton, Jeff Sims, Shane Reister, Sylvia Butler, Jamie Chess, Michael Melvin, John Varga, Teri Kennedy, Emily Ruskin, Justin Wilks, and Sonja Nicklaus (the "IDOC Defendants"), by and through their attorney, Kwame Raoul, Attorney General of Illinois, hereby submit their Reply in Support of Their Motion for Leave to File Their Amended and Supplemental Answer to Plaintiff's First Amended Complaint *Instanter*. In support thereof, Defendants state the following:

INTRODUCTION

Plaintiff opposes the IDOC Defendants' motion on the grounds that it asserts two new affirmative defenses that were not previously raised. Dkt. 155 at 4. Plaintiff's reasoning is twofold: (1) the deadline for Defendants to assert these affirmative defenses was September 28, 2020; and (2) Defendants have not shown excusable neglect. However, Plaintiff's argument is unpersuasive because (1) the excusable neglect standard does not apply; (2) Defendants have met the requisite good cause

under Rule 16(b)(4); and (3) justice requires that Defendants be allowed to assert the two affirmative defenses at issue. Therefore, Defendants' Motion should be granted.

ARGUMENT

Plaintiff first argues that the IDOC Defendants should not be allowed to assert the two affirmative defenses at issue because the deadline to amend their pleadings was September 28, 2020. Dkt. 155 at 2. While this deadline is correct, the IDOC Defendants had no reason to amend their pleadings within that timeframe because their Motion to Dismiss Plaintiff's Amended Complaint was pending. Indeed, on September 28, 2020 it had been pending for almost six months. *See* Dkt. 105. Defendants' Motion sought to dismiss Plaintiff's ADA and Rehabilitation ("Rehab") Act claims in their entirety. Because these are the only claims against Defendant Baldwin[1], he did not answer Plaintiff's Amended Complaint with the other IDOC Defendants. *See* Dkt. 103. Accordingly, the affirmative defenses responding to Plaintiff's ADA and Rehab Act claims were not included.

On January 12, 2021, the Court denied the IDOC Defendants' Motion to Dismiss. Dkt. 116. Pursuant to Rule 12(a)(4)(A) Defendants' Answer was due January 28, 2021.[2] This deadline was subsequently never added to the undersigned's calendar by support staff. During this time, the parties were also in the middle of briefing a discovery issue and proceeding with fact discovery. As a result, the undersigned never

---

[1] Like Plaintiff, Defendants will refer to Baldwin as the named Defendant for purposes of clarity. Though Rob Jeffreys has replaced Baldwin as Director of IDOC, and thus pursuant to Rule 25(d), Jeffreys is automatically substituted as a party in Baldwin's place.

[2] 14 days after January 12, 2021 would have been Sunday, January 27, 2021. Pursuant to Rule 6(a)(2)(C) Defendants' Answer would therefore be due on the following Monday.

became aware of Defendants' failure to answer until he was preparing for the first deposition of one of his clients on February 8, 2022. It appears that Plaintiff too was unaware of this oversight as this issue was never mentioned. Once the undersigned became aware of this oversight he immediately contacted the parties on February 8, 2022. Counsel then contacted each of the thirteen (13) defendants he represents and filed Defendants' Motion for Leave to File Their Amended and Supplemental Answer to Plaintiff's First Amended Complaint *Instanter* on February 24, 2022, just sixteen (16) days later. Dkt. 154.

Plaintiff's Response misstates the standard to be applied here. While Plaintiff argues that Defendants must show excusable neglect in order to justify their delay, the good cause standard applies.[3] It is easy to see why Plaintiff has made this error. First, this is a heightened standard that would benefit Plaintiff. Second, the authority Plaintiff uses to support his argument references the excusable neglect standard. *See Burton v. Ghosh*, 961 F.3d 960, 970 (7th Cir. 2020). However, the *Burton* court was analyzing the excusable neglect standard in reference to Rule 60(b)(1) which requires that a "court may relief a party or its legal representative from a final judgment . . . for the follow reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. (6)(b)(1); *see also Burton*, 961 F.3d at 970.[4]

---

[3] Defendants believe that even if the excusable neglect standard applied, they would meet the required threshold under these circumstances.

[4] Plaintiff also complains that these affirmative defenses were not included in Defendants' Answer to Plaintiff's original Complaint. However, an affirmative defense that is not raised in a defendant's first answer is not necessarily untimely and forfeited. *Burton*, 961 F.3d at 965.

3

In this instance, Rules 15 and 16 apply. Generally, a motion for leave to amend a pleading is decided under Rule 15(a)(2), which provides that the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to allow an amended pleading under those circumstances, a court applies the factors enumerated in *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). However, when a party seeks leave to amend its pleading after the court-ordered deadline for amended pleadings has passed, the party must first satisfy the heightened good cause standard of Rule 16(b)(4) before the court will consider whether the requirements under Rule 15(a)(2) are satisfied. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The primary consideration in determining whether good cause exists is the diligence of the party seeking to amend. *Alioto*, 651 F.3d at 720. The Court "has substantial discretion in managing discovery, including whether or not to modify the discovery schedule." *Rizza v. Underwriters*, 09 CV 687, 2011 U.S. Dist. LEXIS 24858, at *4 (N.D. Ill. Mar.11, 2011).

As described above, a series of unique and unfortunate events led to the failure to timely answer Plaintiff's Amended Complaint and assert the affirmative defenses at issue. However, when counsel became aware of Defendants' failure to answer he alerted the parties the same day. Moreover, the thirteen (13) defendants answered a mere sixteen (16) days later. This intervening time was needed by the undersigned

4

in order to contact his clients and draft the answer. Accordingly, Defendants have been diligent and have shown good cause for their delay.

Justice also requires Defendants' Motion to be granted under Rule 15(a)(2). The two defenses at issue are central to the IDOC Defendants' case against Plaintiff's ADA and Rehab Act claims and Defendants would be severely prejudiced if they were forced to proceed in this case without them. On the other hand, Plaintiff will not suffer prejudice. Despite Plaintiff's mischaracterization, this case is not on the eve of the discovery closure deadline. In fact, discovery does not close for another eight (8) months. *See* Text Order dated January 25, 2022. Nor should the Court believe Plaintiff's contention that he has conducted extensive discovery on his claims and therefore, he will be prejudiced by the addition of these two affirmative defenses. Plaintiff has served two sets of written discovery request – one set in November 2019 and one set in August 2021 – and only one deposition has taken place. Accordingly, even if Plaintiff were to serve no additional written discovery – which he has months to do – he would still have the benefit of having notice of these two affirmative defenses at 17 of the 18 party depositions.

WHEREFORE, the IDOC Defendants respectfully request the Court grant their Motion for Leave to File Their Amended and Supplemental Answer to Plaintiff's First Amended Complaint *Instanter*, and for such further relief that this Court deems just and equitable.

Dated: March 15, 2022

Respectfully Submitted,

KWAME RAOUL　　　　　　　　　By:　*/s/ Nicholas S. Staley*
Attorney General of Illinois　　　　　　　　NICHOLAS S. STALEY
　　　　　　　　　　　　　　　　　　　Unit Supervisor, Prisoner Litigation
　　　　　　　　　　　　　　　　　　　General Law Bureau
　　　　　　　　　　　　　　　　　　　Office of the Illinois Attorney General
　　　　　　　　　　　　　　　　　　　100 West Randolph Street, 13th Floor
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　(312) 814-3953
　　　　　　　　　　　　　　　　　　　nicholas.staley@ilag.gov