UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

ANTHONY GAY,

        Plaintiff,

v.

JOHN BALDWIN, et al.,

        Defendants.

Case No. 19-1133

ORDER

This case is before the Court on the Motion for Leave to File Amended and Supplemental Answer (#154) filed by Defendants, Rob Jeffreys, John Baldwin, Melvin Hinton, Jeff Sims, Shane Reister, Sylvia Butler, Jamie Chess, Michael Melvin, John Varga, Teri Kennedy, Emily Ruskin, Justin Wilks, and Sonja Nicklaus ("IDOC Defendants"). Plaintiff, Anthony Gay, filed a Response (#155) in opposition. With leave of court, the IDOC Defendants filed a Reply (#157). For the reasons provided below, Defendants' Motion for Leave to File Amended and Supplemental Answer (#154) is GRANTED.

    I.    Background

Plaintiff filed his Complaint (#1) on October 26, 2018. Defendants filed a Motion to Dismiss, which the Court granted in part and denied in part. After the Court's ruling, Defendants filed an answer in response to Plaintiff's Complaint. Then, on March 7, 2020, Plaintiff filed a First Amended Complaint (#82). Plaintiff's Amended Complaint raises the same claims as the original Complaint, but added seven additional Defendants. The IDOC Defendants filed a Motion to Dismiss in response to the Amended Complaint (the remaining Defendants filed an Answer). The Court denied the IDOC Defendant's Motion to Dismiss on January 12, 2021 (#116). The IDOC Defendants admit that they failed to file a timely answer after the Court's ruling on the

Motion to Dismiss and that they did not seek leave to file a late answer until filing the instant Motion on February 24, 2022. The IDOC Defendants acknowledge that their failure to answer Plaintiff's Amended Complaint was an unintentional oversight. The Court's scheduling order set September 28, 2020, as the deadline for Defendants to amend their pleadings.

Plaintiff does not object to the IDOC Defendants filing a late Amended Answer, but objects to the IDOC Defendants' inclusion of two new affirmative defenses responding to Plaintiff's ADA and Rehabilitation Act claims.

## II.     Legal Standard

The question of whether to allow the IDOC Defendants to amend their Answer at this late stage, after the deadline for amended pleadings has expired, must first be evaluated under Federal Rule of Civil Procedure 16(b). *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("[t]o amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *Mintel Int' l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 689 (N.D. Ill. 2009) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed nearly two months before the plaintiff filed a motion for leave to amend its complaint to add an additional count).

Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co.*, 424 F.3d at 553. *See also McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (with a late motion for leave to amend, the "underlying concern is the prejudice to the defendant rather than simple passage of time.").

After considering Rule 16(b), the Court next considers Rule 15, which provides that where a responsive pleading has already been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "leave to amend need not be given if there is an apparent reason not to do so, such as

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). "Two of the most important factors to consider are delay and prejudice." *Anderson v. City of Rockford*, 2016 WL 748823, at *2 (N.D. Ill. Feb. 5, 2016) (*citing Chavez*, 251 F.3d at 632-633).

### III.    Analysis

The IDOC Defendants do not dispute that they missed the deadline to file an answer to Plaintiff's Amended Complaint. So, the Court first determines whether the IDOC Defendants have shown good cause to justify their late request under Rule 16(b). As noted, when considering the good cause standard, the Court focuses primarily on the diligence of the party seeking amendment. *Trustmark Ins. Co.*, 424 F.3d at 553. Relevant to this case, the Court focuses more on the prejudice to Plaintiffs rather than the mere passage of time. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014).

The IDOC Defendants erred in waiting more than one year to seek leave to file a responsive pleading to Plaintiff's Amended Complaint. As they explained, this was a mistaken oversight. But, while this delay was significant, there simply is no prejudice to Plaintiff from the delay. Under the current schedule, discovery does not close until November 16, 2022, more than eight months after the IDOC Defendants filed their Motion. The Trial is not set until June 27, 2023. Importantly, Plaintiff has only served two sets of discovery requests and taken only one deposition. Because Plaintiff has ample discovery time to delve into the two new amended defenses, Plaintiff will suffer no prejudice from the late amendment. Moreover, to disallow the Answer would cause IDOC Defendants severe prejudice in that it would effectively bar them from asserting two affirmative defensives. Rather than deciding this case on the merits, it would be decided, at least in part, on a technicality. For this reason, the Court finds good cause under Rule 16(b) to allow the late amendment.

Next, under Rule 15(a), the Court considers if there is an apparent reason to deny leave to amend. Specifically, the Court determines whether there was undue delay, bad faith or dilatory motive on the part of the movant, or whether undue prejudice will be caused to Plaintiff. The Court has already determined that Plaintiff will not suffer undue prejudice from the late amendment. Further, there is no evidence of undue delay, bad faith, or dilatory motive by the IDOC Defendants. Instead, once the IDOC Defendants discovered their mistake, they moved quickly to correct the error. Within 16 days of discovering their failure to respond to Plaintiff's Amended Complaint, the IDOC Defendants moved for leave to file an amended answer. For these reasons, the Court grants the IDOC Defendants leave to file an Amended Answer that includes the two new affirmative defenses.

## IV.    Conclusion

Pursuant to Rule 15(a) and 16(b), the IDOC Defendants Motion for Leave to File Amended Answer (#154) is GRANTED. The Court directs the Clerk to file the IDOC Defendants' Amended Answer (#154-1) instanter.

ENTERED this 6th day of April, 2022.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
