**IN THE UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 1133 |
| | ) | |
| v. | ) | Hon. Sue E. Myerscough |
| | ) | |
| JOHN BALDWIN, et al., | ) | Hon. Eric I. Long, Mag. Judge |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO QUASH DEFENDANT ROB JEFFREYS' SUBPOENA**

Plaintiff, ANTHONY GAY, by his attorneys, pursuant to Federal Rule of Civil Procedure 45, respectfully moves the Court for an order quashing a subpoena issued by Defendant Rob Jeffreys to the Illinois Department of Juvenile Justice. In support, Plaintiff states:

**INTRODUCTION**

Defendant Jeffreys has issued a subpoena to the Illinois Department of Juvenile Justice ("IDJJ"), seeking records- including disciplinary records- from Plaintiff's youth dating back to 1989, five years before Plaintiff was incarcerated and placed in solitary confinement. These records have no bearing on either liability or Plaintiff's claimed damages, or to any defense in the case. Accordingly, Defendant Jeffreys's speculative, intrusive efforts must be curtailed and his subpoena quashed.

**BACKGROUND**

This suit relates to Defendants' liability for the deprivation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act . Dkt. 32, at ¶¶1-5. Plaintiff alleges that Defendants are liable as a result of his placement in solitary confinement in various Illinois Department of Corrections institutions, and Defendants' failure to appropriately treat or accommodate Plaintiff's

mental decompensation. *Id.* ¶¶1-6. Plaintiff's placement in solitary confinement began in March of 1998, when Plaintiff was 20, finally ending in 2018 after 20 years *Id.* at ¶¶ 30-32, 43. His injuries include acts of self-mutilation beginning shortly after his placement in solitary confinement and significant mental anguish for the duration of his solitude. *Id.* at ¶¶ 34-35.

On March 23, 2022, Defendant Jeffreys provided notice of a subpoena upon the Illinois Department of Juvenile Justice, seeking "[a]ll records pertaining to Anthony Gay (DOB 8/19/1973). Dkt. 158-1. On April 6th, 2022 counsel for Plaintiff conferred with Defendant Jeffreys via e-mail, noting Plaintiff's objection to the proposed subpoena as being excessively broad, seeking information not relevant to any claim or defense and unlikely to lead to the discovery of such information, as being disproportionate to the case's needs, and as being an unwarranted invasion of Plaintiff's privacy. Plaintiff and Defendant Jeffreys conferred further via telephone on April 18, 2022. Counsel for Jeffreys indicated that he understood that the IDJJ to be in possession of responsive records dating back to 1989, and that while Jeffreys seeks particularly records pertaining to Plaintiff's medical and mental health history and disciplinary history, he would contact the IDJJ to ascertain what types of records existed. On April 14, 2022, Jeffreys contacted the undersigned to state that Jeffreys had limited his request to IDJJ to medical and mental health records, master file records, and any records relating to discipline or self-harm.

Because Defendants have failed to justify an intrusion into Plaintiff's childhood disciplinary records, this motion follows.

## DISCUSSION

### I.    Legal Standard

The manner and scope of discovery requests under Federal Rule of Civil Procedure 26(b) "must be tailored to some extent to avoid harassment or being oppressive." *Ocean Atl. Woodland*

*Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 926–27 (N.D. Ill. 2003). Federal Rule of

Civil Procedure 45 provides that a court shall quash or modify a subpoena if it requires disclosure of

privileged information or subjects a person to an undue burden. FED. R. CIV. P. 45(d). In addition,

a district court may quash a subpoena if it seeks discovery that seeks disclosure of protected matter

that implicates Plaintiff's privacy rights and where the subpoenas will subject Plaintiff to

unwarranted embarrassment, harassment, and oppression. FED. R. CIV. P. 45(c); 26(c)(1); *see Miller*

*UK Ltd. v. Caterpillar, Inc.,* 17 F.Supp.3d 711, 721 (N.D. 111.2014) ("'[D]iscovery . . . has ultimate and

necessary boundaries' and limitations, 'one of which comes into existence when inquiry touches

upon the irrelevant.'") (citation omitted).

## II.    Plaintiff Has Standing to Move to Quash Defendants' Subpoenas

As an initial matter, Plaintiff has standing to bring the instant motion. A party

has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the

movant's legitimate interests, where the party has a claim of privilege attached to the information

sought, or where it implicates a party's privacy interests. See *United States v. Raineri*, 670 F.2d 702, 712

(7th Cir. 1982), citing *In re Grand Jury*, 619 F.2d 1022, 1027 (3rd Cir. 1980) (holding that an interest is

"legitimate" when the balancing of all asserted interests with regard to the non-party subpoenas

supports the inference "that the courthouse door must be open" to afford relief); *Hard Drive Prods. v.*

*Does 1–48*, No. 11 CV 9062, 2012 WL 2196038, at *3 (N.D.Ill. June 14, 2012).  "Courts have found

standing ... even where the Movant's privacy interest is minimal at best." *HTG Capital Partners, LLC*

*v. Doe*, No. 15 C 02129, 2015 U.S. Dist. LEXIS 126358, at *9, 2015 WL 5611333 (N.D. Ill. Sept. 22,

2015) (citing Sunlust Pictures, 2012 U.S. Dist. LEXIS 121368, at *2). The party seeking to quash the

subpoena has the burden of demonstrating that the information or documents sought are either

privileged or implicate a privacy interest. See *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543

(N.D. Ind. 1991) ("The burden of persuasion in a motion to quash a subpoena ... is borne by the movant.")

Plaintiff anticipates that Defendants' subpoena may yield records implicating juvenile physical and psychological care generated well before the events underlying his Amended Complaint. Doubtlessly, plaintiff has a significant privacy interest and a privilege in records relating to his private medical care and treatment. See *Fort Wayne Women's Health v. Board of Comm'rs, Allen County, Ind.,* 735 F.Supp.2d 1045, 1057 (N.D. Ind. 2010) ("Medical patients have an actual expectation of privacy in their medical records and society sees this expectation as reasonable."). Mental health, in particular, has been recognized by the United States Supreme Court as a "public good of transcendent importance" implicating significant confidence and trust, and therefore, significant privacy interests. *Jaffee v. Redmond*, 518 U.S. 1, at 2, 6 (1996). Plaintiff likewise anticipates that Defendant Jeffreys' subpoena encompasses documents relating to juvenile court proceedings, in which Plaintiff maintains a privacy interest. Court records relating to juveniles are presumed confidential and are not to be released unless the party seeking the release demonstrates that the release falls within one of the statutorily defined exceptions. *In re W.L.*, 293 Ill.App.3d 818, 689 N.E.2d 275, 276 (1997)

The magnitude of Plaintiff's interest in the documents at issue exceeds other interests identified by district courts as sufficient to grant standing. *See also Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016) (holding that "a party's objection that non-party discovery exceeds the proper bounds under Rule 26(b)(1) and thus unfairly burdens the party [by requiring it to devote substantial resources to reviewing the discovery, participating in depositions, or filing motions in limine] may demonstrate a sufficient interest to assert standing). The privilege and presumption of privacy surrounding the material sought grants Plaintiff the right to bring the instant motion.

### III.    Defendant Jeffreys' Overbroad Subpoena Should Be Quashed

Fed. R. Civ. P. 26.1(b)(1) permits only discovery which is "***proportional*** to the needs of the case" (emphasis added).  Defendants' objectionable subpoena is not limited to Plaintiff's medical information only, with Defendant Jeffreys demanding "any and all" records relating to Mr. Gay. Federal discovery rules were "never intended to be an excursion ticket to an unlimited exploration of every conceivable matter that captures an attorney's interest." *Miller UK Ltd v. Caterpillar, Inc.*., 17 F.Supp.3d 711, 721.

Defendant Jeffrey's direction of a subpoena to the Illinois Department of Juvenile Justice with the express intent of seeking disciplinary records evinces the subpoena's true intent: to harass Plaintiff and by seeking "bad acts" records from his childhood. Defendant seeks records significantly predating Plaintiff's incarceration in an effort to discover information likely to be inadmissible pursuant to Fed. R. Evid. 404(b).  To the extent that Defendants seek records pertaining to potential juvenile adjudications, such evidence is explicitly barred as impeachment material pursuant to Fed. R. Evid. 609(d).  These matters are likewise barred from inspection or copying under Illinois law other than to a limited number of individuals and entities; an opposing party in a civil matter is not among the statute's enumerated list.  See 705 ILCS 405/1–8(c). Holdings interpreting a previous form of the statute allowing inspection of juvenile court records by "a properly interested person" likewise did not permit unlimited inspection by civil defendants, permitting access to these records only to defendants in lawsuits *involving juveniles.  See Chatman v. City of Chicago,* No. 13 C 5697, 2014 WL 1813172, at *1 (N.D. Ill. May 5, 2014)

To the extent Defendant Jeffreys believes such records may reveal "criminal behavior" prior to Plaintiff's incarceration, these issues do not bear upon this matter or are in any way likely to lead to the discovery of admissible evidence proportional to the needs of the case.  Whether Mr. Gay

may have been disciplined as a teenager in the confines of a juvenile department has no bearing on the mental health care provided by the IDOC from 1994 to 2018. The only purpose in exploring such matters is harassment.  Moreover, Defendant already has possession of Plaintiff's complete criminal history, his "rap sheets" and, indeed, extremely detailed information about the course of Plaintiff's life for the 20 years while he was confined within the Illinois Department of Corrections. Given the fact of Plaintiff's prolonged incarceration, Defendant Jeffreys cannot possibly draw a link to this matter or advance a need that would justify a deep intrusion into Plaintiff's adolescent and teenage years. *Cf. Glaze v. City of Chicago*, 14cv3120 (Dec. 17, 2014), *Order*, at 2-3 (St. Eve., J) (granting motion to quash for subpoena over college records where defendants identified a criminal accusation of which the plaintiff was acquitted on the basis that it was not reasonably calculated to lead to the discovery of admissible evidence).

## CONCLUSION

For all of the foregoing reasons, Plaintiff Anthony Gay respectfully requests that this Court enter an order granting the instant motion, quashing Defendant Rob Jeffreys' subpoena upon the Illinois Department of Juvenile Justice, and for any further relief deemed by this Court to be just and proper.

Dated: April 14, 2022

Respectfully submitted,
/s/ Nicolette A. Ward
Attorney for Plaintiff

Sarah C. Grady- sarah@loevy.com
Stephen H. Weil - weil@loevy.com
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
Ph: 312-243-5900

Antonio M. Romanucci- aromanucci@rblaw.net
Nicolette A. Ward- nward@rblaw.net
Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900

Chicago, IL 60654
Ph: 312-458-1000

Locke E. Bowman
Roderick & Solange MacArthur Justice Center
160 E. Grand Avenue, 6th Floor
Chicago, IL 60611

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2022, I electronically filed the foregoing Motion to Quash Defendant Rob Jeffreys' Subpoena with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Nicholas S. Staley
Phillip Rehani
Office of the Illinois Attorney General
100 W. Randolph Street, 13th Floor
Chicago IL 60601

Alan Remy Taborga
Assistant Attorney General
1776 E. Washington Street
Urbana, IL 61802

Stetson F. Atwood
Laura Ieremia
Scott Kater
Monica L. Smit
Donohue Brown Mathewson & Smyth, LLC
140 S. Dearborn Street, Suite 800
Chicago, IL 60603

Stephen H. Weil
Sarah Grady
Jon Loevy
Arthur Loevy
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago IL 60607

Locke E. Bowman
Roderick & Solange MacArthur Justice Center
160 E. Grand Avenue, 6th Floor
Chicago, IL 60611

Joseph Lombardo
Joy C. Syrcle
Cassiday Schade, LLP
3100 Montvale Drive
Springfield, IL 62704