y044653/19344/JNR

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY GAY,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF ILLINOIS, JOHN BALDWIN, JEFF SIMS, SHANE REISTER, DR. DOE 1, MELVIN HINTON, SYLVIA BUTLER, KELLY ANN RENZI, WILLIAM PUGA, DR. CHESS, DR. NUNEZ, WEXFORD HEALTH SOURCES, INC., and DOES 2-5,<br><br>    Defendants. | No. 19-cv-01133<br><br>Judge Sue E. Myerscough |

### RESPONSE TO MOTION TO QUASH WEXFORD DEFENDANT ROB JEFFREY'S SUBPOENA

NOW COMES the Defendants, WEXFORD HEALTH SOURCES, INC., KELLY RENZI, PSY.D., and WILLIAM PUGA, M.D., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Response to Plaintiff, ANTHONY GAY's Motion to Quash Defendant Rob Jeffrey's Subpoenas, state as follows:

### BACKGROUND

On October 28, 2018, Plaintiff filed the above-captioned matter. Doc. 1. The first sentence of the Complaint is: "When Anthony Gay was a teenager, he got into a fight with another teen who had insulted his sister." Doc. 1 at 1. The Complaint describes Plaintiff's "youthful errors" that landed him in the Illinois Department of Corrections (IDOC) in 1994 at age 20. *Id.* The first page of the Complaint continues "But Anthony suffers from borderline personality disorder" and "[a]fter he was imprisoned the symptoms of his mental illness manifested, and he began to act out" but "[i]nstead of providing treatment for his mental illness, the IDOC cited him for a variety of

violations," placing him in solitary confinement where he remained for 20 years. *Id.* at 1-2. Plaintiff states "[t]he impact of solitary confinement on Anthony was catastrophic" and that "[d]eprived of any sustained human interaction, Anthony's mental condition deteriorated, and he began to engage in horrific acts of self-mutilation." *Id.* at 2. Plaintiff states "[s]olitary confinement had triggered Anthony's mental illness, causing him to act erratically and irrationally. *Id.* at 2. He says the decades he spent in solitary confinement inflicted "decades of unthinkable pain" on him and this lawsuit "seeks to hold the Defendants accountable for the injuries they inflicted on Anthony by holding him in solitary confinement for two decades. *Id.* at 3.[1] Plaintiff has identified the damages sought as "compensatory damages for the pain, suffering, and emotional injuries [he] experienced as a result of the unlawful conditions of his confinement in the IDOC." Doc. 168-1.

On March 23, 2022, co-defendant Jeffreys served a subpoena on the Illinois Department of Juvenile Justice for all records pertaining to Plaintiff. Doc. 158. Plaintiff has now moved to quash that subpoena. Doc. 163. Defendants herein were not involved in any Rule 37 discussions between Plaintiff's counsel and Jeffrey's counsel; however, Defendants have an interest in obtaining the subpoenaed records, as they are highly probative of Plaintiff's theory of the case and the defense. Specifically, in the introduction of the Complaint Plaintiff alleged that his illness "manifested" and was "triggered" after being placed in IDOC, causing him to engage in self-harm. Doc. 1 at 1-2. By moving to quash this subpoena for highly relevant records, Plaintiff continues a pattern of trying to preclude Defendants from obtaining records that would allow for investigating Plaintiff's theory of the case or building a defense. The information is relevant and within the scope of discovery. Plaintiff's Motion should be denied.

---

[1] Plaintiff reiterated these allegations in the operative First Amended Complaint. Doc. 82.

## ARGUMENT

### A. Legal Standard

Rule 45 of the Federal Rules of Civil Procedure governs the issuance and quashing of subpoenas. Under Rule 45(a), a party may issue a subpoena commanding a person to produce designated documents at a specified time and place. Fed. R. Civ. P. 45(a)(1)(A)(iii). Information discoverable by subpoena is "as broad as what is otherwise permitted under Rule 26(b)(1)." *In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, No. 17-CV-01287, 2017 U.S. Dist. LEXIS 124437, 2017 WL 3386115, at *7 (N.D. Ill. Aug. 7, 2017) (citation omitted). A proper subpoena may therefore call for "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Upon a timely motion, Rule 45(d) mandates that the court quash or modify a subpoena if the subpoena "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). Rule 45(d) likewise permits a court to quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Civ. P. 45(d)(3)(B)(i). It is up to the moving party to establish the impropriety of the subpoena, *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002).

Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

### B. Information on Plaintiff's Incarceration and Mental Health History from His Time in Illinois Department of Juvenile Justice is Within the Scope of Relevant Discovery

The first words of the first document filed in this case make Plaintiff's pre-incarceration records relevant and discoverable within the scope of Rule 26(b)(1). Plaintiff's theory of the case in his attorneys' words is that he was a normal kid who made youthful errors, received a harsh punishment, and it was not until he was imprisoned that the symptoms of his mental illness manifested themselves and were triggered, resulting in his self-harm. Doc. 1 at 1-2. Plaintiff intends to ask a jury to find Defendants are at fault for this manifestation and triggering and the subsequent harm Plaintiff inflicted on himself. *Id.* at 3. Defendants must be able to investigate Plaintiff's theory by determining the extent to which the mental health problems Plaintiff admits pre-existed his incarceration, but claims were "triggered" by Defendants existed before he entered IDOC. The only way to do this is to obtain records from the hospitals and detention centers Plaintiff inhabited before he entered IDOC. This includes the Illinois Department of Juvenile Justice. How Plaintiff behaved in Illinois Department of Juvenile Justice, including what mental health diagnoses he carried, is relevant not only to damages but goes to the merits of Plaintiff's claim of deliberate indifference to his serious mental health needs, which requires he prove harm Defendants proximately caused. *See* 7th Cir. P.I. 7.17.

Plaintiff fails to address the relevance of the subpoenaed records---that because Plaintiff claims Defendants caused his problems Defendants are entitled to see the extent to which he had those problems before he entered IDOC. Instead of confronting this, Plaintiff sets up straw men, speculating Defendants seek to engage in a "fishing expedition" for criminal behavior from before Plaintiff's incarceration and prior bad acts barred under Rule 404(b) with the goal being "to harass

and embarrass Plaintiff." Doc. 163 at 5. Defendants seek to discover information that goes to the heart of Plaintiff's theory of the case as he has pleaded it.

### C. Jeffrey's Subpoena is Proportionate to the Needs of the Case

Plaintiff claims Jeffrey's subpoena is not proportionate to the case's needs. Doc. 163 at 5. The proportionality requirement of Rule 26(b) requires courts to account for a variety of considerations, including "the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Here, the proportionality inquiry supports allowing Jeffrey's subpoena.

Plaintiff states the subpoena expressly seeks to harass Plaintiff by seeking disciplinary records. Doc. 163 at 5. Plaintiff alleges in his Complaint and Amended Complaint he had borderline personality disorder before entering corrections but has refused to provide any further information about this. *See* Doc. 1 at 1; Doc. 82 at 2. There is no doubt Plaintiff's behavior in IDOC was intractable, with countless staff assaults and destruction of property. Plaintiff entered IDOC in 1994 at age 20 (or 21). Whether he behaved this way in a correctional setting before the time relevant to the Complaint is highly relevant. Moreover, any records predating Plaintiff's incarceration will reach back into Plaintiff's childhood. Defendants anticipate these records will be necessary for expert discovery when the case moves to that phase.

Plaintiff has made the issues involved in this case matters of public concern, sitting for interviews, doing press conferences, attaching his name to proposed legislation, and otherwise making a public spectacle of what he claims is the "torture" Defendants inflicted on him. *See* Anthony Gay's decades in solitary confinement led to self-mutilation. Now a proposed law to limit

prisoner isolation in Illinois is named in his honor. – Chicago Tribune (last visited April 17, 2022); Press Conference: Anthony Gay Isolated Confinement Restriction Act – YouTube; (last visited April 17, 2022); Illinois General Assembly – Bill Status for HB3564 (ilga.gov) (Anthony Gay Bill a/k/a HB 3564) (last visited April 17, 2022). Given the public attention Plaintiff has sought, not allowing Defendants to robustly investigate and defend beget inaccurate public perception, as Defendants expect Plaintiff will continue to seek publicity.

## CONCLUSION

No question exists discovery into Plaintiff's incarceration history before he entered IDOC is within the scope of relevant discovery. Plaintiff has pleaded his case so it squarely puts it at issue. Through his discovery intransigence and moving to quash Defendants' attempts to defend themselves, Plaintiff has established a pattern of resisting all legitimate efforts at discovery. Plaintiff has failed to meet his burden of showing undue burden such that Defendants subpoenas should be quashed. Plaintiff's Motion must be denied.

WHEREFORE, for the above reasons, Defendants respectfully request this Honorable Court deny Plaintiff's Motion to Quash Jeffrey's Subpoena.

    Respectfully Submitted,

    CASSIDAY SCHADE LLP

    By: /s/ Joseph N. Rupcich
        One of the Attorneys for Defendant,
        WEXFORD HEALTH SOURCES, INC.,
        KELLY RENZI, PSY.D., and WILLIAM PUGA,
        M.D.

Joseph N. Rupcich  
6283899  
CASSIDAY SCHADE LLP  
3100 Montvale Drive  
Springfield, IL  62704  
(217) 572-1714  
(217) 572-1613 (Fax)  
jrupcich@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, I electronically filed the foregoing Response to Motion to Quash Defendant Rob Jeffrey's Subpoenas with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Antonio M. Romanucci
Nicolette A. Ward
Stephan David Blandin
Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654

Stephen H. Weil, Sarah Grady,
Athur Loevy, Jonathan Loevy
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago IL 60607

Nicholas S. Staley
Phillip W Rehani
Office of the Illinois Attorney General
100 W. Randolph Street, 13th Floor
Chicago IL 60601

Alan Remy Taborga
Assistant Attorney General
1776 E. Washington Street
Urbana, IL 61802

Stetson F. Atwood, Monica L Smit
Scott J. Kater, Laura Ieremia
Donohue Brown Mathewson & Smyth, LLC
140 S. Dearborn Street, Suite 800
Chicago, IL 60603

Locke E. Bowman
Roderick & Solange
MacArthur Justice Cener
160 East Grand Avenue, 6th Floor
Chicago, IL 60607

Under penalties as provided by law, I certify that the statements set forth herein are true and correct.

/s/ Joseph N. Rupcich

11035561