E-FILED
Tuesday, 06 September, 2022 02:54:22 PM
Clerk, U.S. District Court, ILCD

044653/19344/JNR

# UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| ANTHONY GAY,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF ILLINOIS, JOHN BALDWIN, JEFF SIMS, SHANE REISTER, DR. DOE 1, MELVIN HINTON, SYLVIA BUTLER, KELLY ANN RENZI, WILLIAM PUGA, DR. CHESS, DR. NUNEZ, WEXFORD HEALTH SOURCES, INC., and DOES 2-5,<br><br>Defendants. | Case Number 19-cv-01133<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Eric I. Long |

## SUPPLEMENT TO MOTION FOR SANCTIONS

NOW COMES the Defendants, WEXFORD HEALTH SOURCES, INC., KELLY RENZI, PSY.D., and WILLIAM PUGA, M.D., by and through their attorneys, CASSIDAY SCHADE LLP, and pursuant to Rule 37(b)(2) hereby submit their Supplement to Motion for Sanctions, stating as follows:

## BACKGROUND

On May 16, 2022, Defendants served their second interrogatories and requests for production. Exhibit A, B. Specifically, Defendants asked Plaintiff to: "[i]dentify all statements concerning the allegations in this case or Plaintiff's incarceration in the Illinois Department of Corrections made by Plaintiff or any representative speaking on his behalf since Plaintiff's release from IDOC, including but not limited to *blog posts, Tweets, social media posts*, interviews, press releases, and press conference statements, whether in writing or audio/visual recording. (Emphases added). Exhibit A. Defendants also asked Plaintiff to produce: "All statements

concerning the allegations in this case or Plaintiff's incarceration in the Illinois Department of Corrections made by Plaintiff or any representative speaking on his behalf since Plaintiff's release from IDOC, including but not limited to *blog posts, Tweets, social media posts*, interviews, press releases, and press conference statements, whether in writing or audio/visual recording." (Emphases added). Exhibit B.

As laid out in Defendants' pending Motion for Sanctions and Supporting Memorandum of Law, Plaintiff as convicted of a felony on May 19, 2022, and Defendants encountered protracted difficulties obtaining discovery from him both before and after that. Doc. 190 at 25. During negotiations over Plaintiff's late responses to Defendants May 16, 2022, discovery outlined above, Plaintiff's counsel informed Defendants' counsel: "Given the apparent destruction of the lost documents, we believe that all or nearly all of the remaining responsive documents in Mr. Gay's "possession" would be contained in emails he sent or received since he was released from prison in 2018 (he does not have social media accounts like Facebook or Twitter)."[1]

On August 19, 2022, Plaintiff responded to Defendants' May 16, 2022, interrogatory and request for production. Exhibits C, D. On Defendants' interrogatory, Plaintiff answered:

> Plaintiff objects to this interrogatory as unduly burdensome to the extent it seeks information equally available to the defendant, such as information available via internet search or search of court dockets. Plaintiff further objects that "any representative speaking on his behalf" is vague and undefined, overly broad and unduly burdensome in the context of this interrogatory, as both "representative" and "speaking on his behalf" are susceptible to multiple meanings, including statements that are made in support of Plaintiff or statements that offer the speaker's opinion regarding Plaintiff or his experiences; out of an abundance of caution Plaintiff has interpreted both terms broadly in responding to this interrogatory. Plaintiff further objects to this interrogatory in that the term "all statements" renders the interrogatory vague, unduly burdensome, and overbroad. Since his release from prison in 2018, Plaintiff has spoken with friends, family, acquaintances, and strangers about his experience in prison on a regular basis, approaching every day; and Plaintiff's experience during incarceration has been a

[1] To comply with the Standards for Professional Conduct within the Seventh Federal Judicial Circuit No. 30 (Lawyers' Duties to Other Counsel), Defendants have not attached emails between counsel

> matter of public concern, such that numerous other people have spoken about his experiences or in his support as well. Given the volume and regularity of responsive statements, recalling and identifying each responsive statement is unduly burdensome and effectively impossible. Subject to and without waiving these objections, Plaintiff identifies statements made in the following for a. In addition to these statements, Pursuant to Rule 33(d) Plaintiff identifies documents produced in response to Wexford's Rule 34 Request No. 30 (served May 16, 2022)." Exhibit C.

Plaintiff then listed a number of internet links and sources. *Id.*

In response to Defendants' Request for Production of Documents, Plaintiff answered:

> Plaintiff objects to this request as unduly burdensome to the extent it seeks documents equally available to the defendant, such as documents available via internet search or search of court dockets. Plaintiff further objects that "any representative speaking on his behalf" is vague and undefined, overly broad and unduly burdensome in the context of this interrogatory, as both "representative" and "speaking on his behalf" are susceptible to multiple meanings, including statements that are made in support of Plaintiff or statements that offer the speaker's opinion regarding Plaintiff or his experiences; out of an abundance of caution Plaintiff has interpreted both terms broadly in responding to this request. Plaintiff further objects to this request in that the term "all statements" renders the request vague, unduly burdensome, and overbroad. Since his release from prison in 2018, Plaintiff has spoken with friends, family, acquaintances, and strangers about his experience in prison on a regular basis, approaching every day; and Plaintiff's experience during incarceration has been a matter of public concern, such that numerous other people have spoken about his experiences or in his support as well. Given the volume and regularity of responsive statements, recalling and identifying each responsive statement is unduly burdensome and effectively impossible. ***. Exhibit D.

Upon serving these discovery answers, Plaintiff's counsel updated Defendants' counsel on the ESI searches of Plaintiff's computer, explaining that Plaintiff had employed an IT consulting firm to run searches on Plaintiff's computer and would be making productions by August 26. Defendants' counsel sought clarification that "social media activity will be covered by the supplemental production following ESI search." Plaintiff's counsel responded "I'm not sure what

you mean. Mr. Gay did not have social media accounts" and social media posts by third parties were not in Plaintiff's possession per Rule 45. Defendants' counsel responded:

> Steve: we are satisfied with the answers as it relates to statements other than Gay's. I was specifically referencing social media posts by Gay himself about his incarceration. The INT and RTP asks for "statements concerning the allegations of this case made by Plaintiff *** since Plaintiff's release from IDOC, including but not limited to blog posts, Tweets, social media posts…" I think that is a pretty common discovery request. If he had no social media, to close the loop on these requests he should confirm as much in supplemental answers. Thanks.

On August 26, 2022, Plaintiff made a production of materials believed to be from the ESI search of his computer and responsive to Defendants' January 25 and May 16, 2022, discovery requests. On August 28, 2022, Defendants' counsel again wrote to Plaintiff's counsel following the production of documents on August 26 but noting that Plaintiff's answer to the May 16, 2022, discovery did not specifically address Plaintiff's social media activity and asking for a supplemental response. Plaintiff's counsel responded:

> "You say that "Mr. Gay's social media activity . . . was omitted from the answer" to Wexford's May 16 interrogatory, by which you mean your 8/22 request to me that Plaintiff identify which social media accounts were maintained by Mr. Gay (or provide an interrogatory response stating that he did not maintain social media accounts). That claim of omission is incorrect. Your May 16 interrogatory asked Plaintiff to identify certain statements made by him or others, including statements made on social media. It did not ask Mr. Gay to identify which social media accounts he maintained. I informed you that Mr. Gay did not in order to provide context in answering your discovery enforcement email, but that was not the question asked in your May 16 interrogatory. Your claim that the interrogatory response is incomplete because it does not contain that information is incorrect. We do not believe supplementation is called for. If you have reason to disagree, please explain.

Defendants had an investigator do a background check on Plaintiff. The investigator determined Plaintiff not only has social media but that Plaintiff posted about the exact issues in this case numerous times. A sampling follows:


1:48
Anthony Gay
Anthony Gay is with Christopher Knox and 22 others.
Aug 3, 2021
For those who don't know, I was tortured in solitary confinement for 22 years. I was scheduled to die there. The primary reason I made it out is because I refused to relinquish God or hope. And since I refused to relinquish God or hope through all my suffering, God sent some great people to throw me a ROPE OF HOPE and pulled me out the ditch of solitary confinement. When I was in there, every chance I got, I used to read a magazine called Guidepost (a magazine of true stories of hope and inspiration). This magazine was akin to spinach for popeye. I remember reading about an 8 year-old girl, named Palmer Harston, who was paralyzed from the waist down. She got it in her head that she wasn't going to let that stop her from helping other people (in college she traveled to Africa to help abandoned babies with HIV). Palmer has a plaque in her room that says words we should never forget : "Sometimes courage doesn't roar, sometimes it's the quiet voice at the end of the day that says, I will try again tomorrow."
246
38 comments 8 shares
Like
Comment
Share
Anthony Gay is with Christopher Knox and 23 others.
Aug 2, 2021
Home
Watch
News
Marketplace
Notifications
Menu
1:41
Anthony Gay
Anthony Gay is with Freddy Jam and 27 others.
Nov 11, 2021
I remember when I was in Solitary Confinement and I first found out that I was getting an 84-year time reduction. I didn't know if I would get immediately released or if I would have to do four more years. Turned out, sadly, that I had four more to go. My dad wanted to help alleviate the pain. He got me a subscrption to the Quad Cities newspaper. I read an article in there about Pastor Mariah at the Church of Peace. I decided to write her (in 2015). She wrote me back and didn't stop and is now a great friend and ally. I am greatful for the piece she wrote. Please read it.
About this website
Quad-City Times
qctimes.com
Letter: Time to set limits on solitary confinement
26
8 comments 4 shares
Like
Comment
Share
Home
Watch
News
Marketplace
Notifications
Menu




Defendants now move to supplement their pending Motion for Sanctions, as Plaintiff's discovery answers are demonstrably false and further show a pattern of evasiveness, obfuscation, and gamesmanship warranting sanctions.

## ARGUMENT

In their pending Motion for Sanctions, Defendants argued for a sanction under Rule 37(b)(2) because Plaintiff had shown "a pattern of evasiveness, obfuscation, and gamesmanship

with discovery." Doc. 190 at 30. Under Rule 37 a "district court may dismiss a case as a sanction for discovery abuse upon finding that the plaintiff, through its actions, displayed willfulness, bad faith, or fault." *In re Pansier*, 417 F. App'x 565, 569 (7th Cir. 2011), citing *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009)). Dismissal under Rule 41(b) is a "stricter standard" that "requires a pattern of contumacious conduct and a showing of prejudice to the opposing party in order to justify dismissal for failure to prosecute or for noncompliance with court orders." *Pansier*, 417 F. App'x at 569. Dismissal "is a harsh sanction," and the Seventh Circuit has held that "a district judge in considering dismissal must be guided by the norm of proportionality." *Oliva v. Trans Union, LLC*, 123 F. App'x 725, 727 (7th Cir. 2005). But "as soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with a swift decision." *Id.*

Rule 37(d) has been interpreted to encompass responses which are evasive and incomplete, as they are tantamount to no answers at all. *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976). Alternatively, Rule 26(g) authorizes courts to sanction parties for failing to confirm that "to the best of their knowledge, information, and belief formed after a reasonable inquiry . . . with respect to a disclosure, it is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1). If parties violate that rule without substantial justification, courts must order appropriate sanctions with remedies including "an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3).

Regardless of the basis, "[u]pon finding that false information has been communicated, the court must determine whether the communicating party should be sanctioned." *Morris v. McMaster-Carr Supply Co.*, 2002 U.S. Dist. LEXIS 10484, at *6-7 (N.D. Ill. June 6, 2002). Because "[p]arties must take reasonable steps to ensure that they provide complete and accurate

information in discovery *** negligence or inadvertence, not just bad faith or willfulness, is sanctionable." *Id.*, citing *EEOC v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 626 (N.D. Ill. 1987)). The "degree of culpability, however, bears on the type of sanction that is imposed." *Id.; see also* Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendment ("In view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d).").

Defendants unequivocally asked Plaintiff about his social media posts about this case in their discovery. Plaintiff signed the interrogatory answer that failed to identify his social media activity. Curiously he did not swear to it as required by Rule 33(b)(1). Plaintiff's counsel assured Defendants' counsel on several occasions *Plaintiff did not maintain social media*. This is undeniably false, as Plaintiff not only has social media, but he also posts about this case. While Defendants can pull posts from Plaintiff's public-facing Facebook page they were assured did not exist, some posts are private and additional responsive but non-public material may exist. At this point, Defendants have absolutely no faith in anything represented to them in discovery by Plaintiff. This pattern of evasiveness, misdirection, and, in this instance, downright dishonesty continues. Defendants request the Court consider this as part of the continuing pattern of discovery violations in determining an appropriate sanction under Rule 37(d).

## CONCLUSION

Plaintiff and his counsel failed to identify responsive and highly relevant social media posts about this case, falsely assuring Defendants Plaintiff had no social media accounts. This continues a pattern of non-compliance with court orders, destruction of documents, and now false discovery answers. The Court should consider this additional evidence as part of Defendants' pending Motion for Sanctions.

WHEREFORE, Defendants respectfully request this Honorable Court grant their Motion for Sanctions or such other relief deemed appropriate.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Joseph N. Rupcich
One of the Attorneys for Defendant,
WEXFORD HEALTH SOURCES, INC.,
KELLY RENZI, PSY.D., and WILLIAM
PUGA, M.D.

Joseph N. Rupcich
ARDC No. 6283899
CASSIDAY SCHADE LLP
3100 Montvale Drive
Springfield, IL 62704
(217) 572-1714
(217) 572-1613 (Fax)
jrupcich@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2022, I electronically filed the foregoing Supplement to Motion for Sanctions with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Nicholas S. Staley
Phillip Rehani, Esq.
Office of the Illinois Attorney General
100 W. Randolph Street, 13th Floor
Chicago IL 60601

Alan Remy Taborga
Assistant Attorney General
Office of the Illinois Attorney General
1776 E. Washington Street
Urbana IL 61802

Stetson F. Atwood, Laura Ieremia,
Scott Kater, Monica L. Smit
Donohue Brown Mathewson & Smyth, LLC
131 South Dearborn Street, Suite 1600
Chicago, IL 60603

Antonio M. Romanucci, Stephan D. Blandin
Bhavani Raveendran, Esq.
Romanucci & Blandin, LLC
321 N. Clark Street,Suite 900
Chicago, IL 60654

Stephen H. Weil, Jon Loevy
Arthur Loevy, Locke E. Bowman
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago IL 60607

/s/ Joseph N. Rupcich

11170639