# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| Anthony Gay, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-CV-01133 |
| | ) | |
| v. | ) | Judge Sue Myerscough |
| | ) | Magistrate Judge Eric I. Long |
| John Baldwin *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S STATUS REPORT AND MOTION TO SET TELEPHONIC STATUS HEARING

Plaintiff Anthony Gay, by and through his undersigned attorneys, respectfully submits this status report. Plaintiff further requests that the Court set a telephonic status hearing for October 26, 2022, to be attended by counsel for the Federal Bureau of Prisons.

In support of this request, Plaintiff states as follows:

1.   In Plaintiff's previous status report, ECF 201, Plaintiff reported that despite sending affidavit materials via expedited shipping on September 29, 2022,[1] Mr. Gay had still not received any of the materials by the time of their call on October 13.

2.   In ECF 201, Plaintiff counsel proposed that Plaintiff would submit a subsequent status report on October 19, 2022, after making further attempts to ensure that the BOP delivered the affidavits to Mr. Gay, and that Plaintiff counsel would advise the Court whether Plaintiff counsel needed assistance in ensuring that counsel was able to go over the affidavits with Mr. Gay.

---

[1] In ECF 201, Plaintiff counsel reported that the materials were shipped via UPS overnight on Friday, September 30 and placed delivery on the next day. It appears the package was signed for by Butner personnel on Monday, October 3.

3. Plaintiff served ECF 201 on counsel for the BOP, as reflected in the certificate of service.

4. Between October 17 and 19, Plaintiff counsel and BOP counsel corresponded on multiple occasions. BOP counsel has reported that she was able to locate the UPS package, and provided it to Butner's mail room for processing on October 18. BOP counsel reports that it usually takes 24 hours for the mail room to process and deliver the package to a Butner prisoner. BOP counsel reported that as of the afternoon of October 19, the package containing the affidavit materials had not yet been delivered. Plaintiff counsel has asked BOP counsel to update him when delivery is complete.

5. Presuming that the affidavit materials will be delivered to Mr. Gay on October 20 or 21, BOP counsel asked Plaintiff counsel to contact Mr. Gay's counselor to request another call with Mr. Gay. Plaintiff counsel did so immediately. Plaintiff counsel also asked BOP counsel to contact Mr. Gay's counselor to assist in setting up the call. The undersigned has not yet received a response to that request, but assumes BOP counsel will do so.

6. Based on BOP counsel's representations, Plaintiff counsel anticipates that the affidavit materials will be delivered to Mr. Gay in the next day or two. Because of the difficulty and delays that Plaintiff counsel have experience arranging calls with Mr. Gay through his counselor, however, Plaintiff counsel believes that the Court's assistance may be necessary to ensure a call with Mr. Gay occurs in a timely manner.

7. Plaintiff therefore requests that the Court set a telephonic hearing to be held on October 26, 2022, or the closest date convenient for the Court, and that the Court order BOP counsel to participate in the hearing.

8. The purpose of the October 26 hearing would be to ensure that Plaintiff counsel is able to arrange a call with Mr. Gay to go over his affidavit.

9. If Plaintiff counsel is able to hold a call with Mr. Gay to go over his affidavit before October 26, counsel will promptly contact the Court, and the October 26 hearing can be cancelled.

10. Plaintiff counsel contacted Wexford counsel to determine whether Wexford objects to this request for relief. Wexford counsel responded that Wexford's position is that the brief needs to be filed, and that if the affidavit gets signed Wexford will not object to the response being supplemented with it.

11. Plaintiff shares Wexford's frustration with the delays in obtaining his affidavit. Plaintiff submits–and Wexford does not appear to disagree–that Plaintiff has demonstrated ample diligence in attempting to secure the affidavit.

12. Plaintiff does not object to filing the brief before counsel receives signed copies of the affidavit. But Plaintiff counsel respectfully submits that he must at least go over the affidavit with Mr. Gay before submitting the response. The affidavit goes to substantive matters in the response memorandum, and to date Mr. Gay has never laid eyes on it. Plaintiff counsel needs at least oral confirmation from Mr. Gay that the statements in the affidavit are correct before filing a memorandum to the Court that relies on those statements. After receiving Mr. Gay's oral confirmation, Plaintiff counsel can make final edits file the brief within five busines days, and then supplement the brief with a signed copy of Mr. Gay's affidavit once it is received.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A) Set an order scheduling a telephonic status conference on or about October 26, 2022, to be attended by Genna D. Petre, Senior Attorney, Butner Legal Center, Old Highway 75,

P.O. Box 1600, Butner, NC 27509, 919-575-3900 ext. 6076, gpetre@bop.gov; with said status hearing to be canceled upon notification that Plaintiff counsel has been able to confer with Mr. Gay regarding the affidavit materials;

B) Set an order that Plaintiff's response to Wexford's sanctions motion will be due five business days after Plaintiff counsel is able to confer with Mr. Gay regarding the affidavit, with a signed copy of Mr. Gay's affidavit to be filed upon receipt.

Dated: October 19, 2022

Antonio Romanucci - aromanucci@rblaw.net
Bhavani Raveendran - b.raveendran@rblaw.net
Romanucci & Blandin, LLC
321 North Clark St., Suite 900
Chicago, IL 60654
(312) 458-1000

Respectfully submitted,

/s/ *Stephen H. Weil*

Jon Loevy – jon@loevy.com
Stephen Weil – weil@loevy.com
Loevy & Loevy
311 N. Aberdeen Street
Third Floor
Chicago, IL 60607
312-243-5900

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed on the Court's CM/ECF system, which serves copies on all counsel of record.

Furthermore, I certify that I simultaneously served a copy of the foregoing on the following via email:

Genna D. Petre
Senior Attorney
Butner Legal Center
Old Highway 75, P.O. Box 1600
Butner, NC 27509
919-575-3900 ext. 6076
Fax: 919-575-4813
gpetre@bop.gov


/s/ Stephen H. Weil