IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| Anthony Gay, | ) | |
| Plaintiff, | ) ) ) | Case No. 1:19-CV-01133 |
| v. | ) ) ) | Judge Sue E. Myerscough |
| John Baldwin et al., | ) ) ) | Magistrate Judge Eric I. Long |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL AND MOTION TO MODIFY SCHEDULE**

Plaintiff Anthony Gay, through his undersigned counsel, respectfully submits this motion to compel defendants to comply with discovery requests and adjust the remaining calendared dates in this case.[1]

In its March 13, 2023 Text Order, the Court made clear that the January 2024 trial date in this case would not be moved. In light of that firm deadline, and to ensure sufficient time for the Court to consider any dispositive motions in that case, the Court set August 9, 2023 as a deadline for the filing of dispositive motions. From there, the Court's order backed up to various dates for the remaining discovery in this case. As relevant here, it ordered that Plaintiff's expert reports be filed on April 28, 2023, and that defendants' expert reports be filed on June 16, 2023.

Plaintiff takes no issue with the Court's order on the firm trial and dispositive motion dates, and does not seek to move them. Plaintiff, however, will not be able to meet the Court's April 28, 2023 deadline to file expert reports. Plaintiff will not be able to meet that deadline

---

[1] Plaintiff's counsel conferred with Defendants at Mr. Gay's in-person deposition which took place on this day of filing. There, Defendants' counsel indicated non-opposition to the scheduling modifications herein. Plaintiffs anticipate finalizing terms of an agreement and supplement this motion promptly after confirming counsel's oral indication, but files at this time as Plaintiff is mindful of the discovery deadline.

because Wexford and the State have delayed—for months—presenting critical Rule 30(b)(6) witnesses necessary to put the mass of evidence in this case together.

Plaintiff sets out both his assiduous efforts and the defendants' foot-dragging herein. What Plaintiff seeks through this motion is a remedy—and one that, while being fair to the defendants, does not effectively punish Plaintiff for the defendants' indolence by eliminating his ability to obtain the expert testimony that is critical to his case.

Plaintiff therefore seeks the following relief:

***First***, an order compelling the defendants to present all Rule 30(b)(6) witnesses by April 28, 2023, and extending the remaining deadlines extended by a month: Plaintiff's expert disclosures by May 31, 2023; defense expert disclosures by July 16, 2023, etc. March 13, 2023 Text Order (listing schedule).

***Second***, an order that any further extensions, including extensions resulting from motions to compel, be taken out of the allotment of time for defendants to present experts. By way of example, if the defendants do not present all Rule 30(b)(6) witnesses until April 30—two days late—Plaintiff's deadline to present experts will move two days, to June 2. But defendants' deadlines to present their experts will remain unchanged. ***Alternatively***, the Court could issue an order providing that the deadline for defendants' presentation of their experts could be allowed to move, but would overlap with the August 9 dispositive motion deadline, to the point that defendants' expert reports themselves could be submitted, or the depositions of those experts completed, after the August 9 deadline.

Notably, Plaintiff anticipates that further delay is a real likelihood. Even if the defendants belatedly present some Rule 30(b)(6) witnesses over the next several weeks, there are still disputes about the scope of those witnesses' testimony—disputes that have not been

2

resolved to this point because of the defendants' months of foot-dragging, even in presenting their positions on the Rule 30(b)(6) notices. Plaintiff will endeavor to come to issue and file motions quickly, and welcomes the Court's assistance in adjudicating those motions promptly, but Plaintiff should not be penalized for delays that the defendants caused through flagrant obstructions.

## INTRODUCTION

Plaintiff noted the desire to take 30(b)(6) depositions of both Wexford and IDOC in September 2022, served both defendants with Rule 30(b)(6) notices in October 2022, and has been attempting, assiduously and over the course of months, to get the defendants to present witnesses to testify on the topics presented. For over half a year, however, defendants' answer has been the same: "we're working on it." It took months to get the defendants even to respond to the Rule 30(b)(6) notices. While the parties have made some limited progress in meeting and conferring regarding the 30(b)(6) topics, defendants insist on offering only abstract reassurances that they, one day, will present corresponding witnesses.

Plaintiff has repeatedly asked Defendants to provide a more concrete plan explaining how exactly they intend to comply with their discovery duties in the time frames that have been set then repeatedly reset by the Court. The Court's March 13, 2023 scheduling order made clear that in light of the trial date, these repeat extensions would no longer be granted.

Upon receiving the Court's March 13 order, Plaintiff again reiterated his request for a concrete deadline for conducting this remaining discovery. Wexford, despite being asked repeatedly, still promises that it will present witnesses, but—on *March* 27—still will not say when and provided no insight into their progress.

The State has not done much better. Plaintiff insisted that the State justify their delay and participate in a Rule 37 conference to be held on March 27. At that conference counsel for the State said he was "waiting to hear back" from two Rule 30(b)(6) witnesses that the State would propose. These were witnesses the State said it had identified in *January*. Only after Plaintiff's counsel pointed out it appeared that the State's counsel had not bothered to contact the witnesses until the very day of the March 27 conference did the State identify a handful of dates for the two witnesses, running through the end of April.

That was not all, however. At the outset of this case the Court held that Plaintiff was subject to a continuing violation, and as such his claims ran back 22 years.[2] After the State finally agreed to a meet-and-confer, in January 2023, it proposed to provide a Rule 30(b)(6) witness covering only the last 5 years (from 2013 to 2018), and to have the parties stipulate to written policies for the remaining 17 years of Plaintiff's claims. To **begin** discussions regarding this proposal, the State had promised to identify the specific policies it planned to rely on, and to do so by February 13. That date came and went; the State provided nothing, despite Plaintiff's repeated inquiries.

The State finally "identified" the policies it had promised by February 13 on March 25, less than 48 hours before the March 27 conference, when it produced 3,300 pages of undifferentiated written policies in a document dump. After Plaintiff's counsel explained that this production was entirely useless for identifying anything of relevance, on March 29 the State produced thousands of pages, leaving it to Plaintiff to guess how—and more importantly,

---

[2] At the outset of this case, the Court denied the state's motion to dismiss claims going back more than two years before the complaint was filed, holding that because the case involved an alleged continuing violation, the time period for Plaintiff's claims covered the entire period of his 22-year placement in solitary confinement. *See* ECF 44 at 10-12. Plaintiff's Rule 30(b)(6) topics covered this same period.

whether—any of these documents addressed the Rule 30(b)(6) topics he had identified. Needless to say, this 11th-hour disclosure provides no basis or time to begin discussions about whether Plaintiff would be able to stipulate to portions of topics. With time running out, Plaintiff has no recourse but to bring a motion compel, and that motion will be forthcoming. What is relevant here is that the defendants' flagrant delays have prejudiced Plaintiff's ability to gather this important discovery in time to submit his expert reports in compliance with the schedule ordered by the Court.

The timeline of Plaintiff's enforcement efforts is set out in the background section below. It is long, and it is frustrating to read. The defendants' attorneys repeatedly ignored Plaintiff's counsel's requests for updates, deposition dates, and general efforts to get the Rule 30(b)(6) discovery completed. This went on for months, with defendants repeatedly assuring Plaintiff's counsel that the witnesses would be coming.

Plaintiff should not be penalized for the repeated failures by defense counsel to follow through when Plaintiff's counsel has made painstaking efforts to obtain discovery in Defendants' control and explicitly expressed to defense counsel their desire to prevent this exact situation. The remedy Plaintiff has proposed—extending the expert schedule, even where it eats into defendants' time to prepare their own experts or requires their expert disclosures to overlap with dispositive motions—prevents Plaintiff from being prejudiced by the defendants' foot-dragging, while permitting the defendants to mount a defense in this case. That is a fair outcome.

## BACKGROUND

**A. Plaintiff has been asking for 30(b)(6) depositions since September 2022.**

Over the course of discovery Plaintiff took a number of fact depositions in this case, and requests for depositions in August 2022 raised the matter of Rule 30's ten-deposition limit. In September 2022, once the parties had resolved that matter, Plaintiff counsel began conversations

with counsel for Wexford and the State to request dates for presenting Rule 30(b)(6) witnesses. Plaintiff followed up with simultaneous Rule 30(b)(6) notices to Wexford and to the State on October 18, 2022.

For a month, neither defendant responded. On November 17, 2022, Plaintiff counsel emailed to inquire about the status of the defendants' responses to the Rule 30(b)(6) notices, noting that Plaintiff sought to complete the Rule 30(b)(6) depositions "ASAP" in light of the January 10, 2023 discovery deadline. Counsel for the State defendants responded on November 18 that he had reached out to the IDOC regarding the Rule 30(b)(6) notice, while counsel for Wexford responded in a three-line email on November 19 that the scope of the deposition would be unduly burdensome. From there, discovery enforcement the State and Wexford depositions took individual paths, though both shared a common characteristic: delay.

After receiving Wexford's November 19 email, Plaintiff counsel promptly responded requesting a time to meet and confer regarding Wexford's objections. At Plaintiff's urging, the parties scheduled a telephonic meet-and-confer on November 29. At the November 29 conference, Wexford counsel indicated that Wexford would be providing a written response to the deposition notice.

Plaintiff counsel followed up on December 5, asking for the defendants to explain the status of their written responses to the Rule 30(b)(6) notices. Wexford counsel responded the same day that they were "working on" a written response.

The State, meanwhile, submitted written responses to the Rule 30(b)(6) notice on December 7, 2022, objecting generally that the time period covered by the notice was too long. Plaintiff promptly arranged a telephone conference to discuss these objections, which the parties held on December 9. At this conference, while the parties identified the length of the period

6

covered by the notice as a potential point of contention, the State did agree to present witnesses regarding the bulk of the deposition topics.

On December 16, Plaintiff counsel followed up, asking again for an update on the defendants' Rule 30(b)(6) deposition status, including Wexford's response and the date either party would present Rule 30(b)(6) witnesses. Wexford did not respond; counsel for the State, meanwhile, responded to other aspects of Plaintiff counsel's December 16 email but ignored the inquiry about Rule 30(b)(6) deposition dates.

On December 26, Plaintiff counsel again emailed asking for an update. On that day Wexford counsel finally responded, stating that they had provided a draft written response to their client, and that Wexford would provide Plaintiff with the response letter "as soon as possible." Counsel for the State, meanwhile, responded that he would not have dates for those Rule 30(b)(6) witnesses who had been agreed to "for several weeks."

On January 4, 2023, Plaintiff counsel followed up again, asking about the status of the Wexford's Rule 30(b)(6) written response and the State's follow up with presentation of witnesses and the State's proposal for addressing its scope objections (along with other discovery items). Neither defendant responded. Counsel for the State answered Plaintiff's email on January 5, but only addressed other discovery items, ignoring Plaintiff's request for the status of the State's Rule 30(b)(6) response. Wexford counsel responded to this email on January 8 but also did so selectively, addressing other discovery items while ignoring Plaintiff's request for the status of Wexford's Rule 30(b)(6) letter.

On January 9, counsel for Plaintiff emailed defense counsel again, asking them to address the items from her January 4 email that they had ignored. Counsel for the State responded on

7

January 10—the day fact discovery was scheduled to close—but again ignored Plaintiff's inquiry regarding the Rule 30(b)(6) deposition.

On January 10, 2023, the parties jointly moved for an extension of the discovery schedule, and on January 11 the Court entered an order setting the deadline for discovery as March 10. *See* Jan. 11, 2023 Text Order. On January 11, in light of the Court's order, Plaintiff counsel again emailed defense counsel to seek a concrete plan regarding the completion of discovery, including the Rule 30(b)(6) depositions:

> Regarding the 30(b)(6) objections and witnesses, all parties have now had our notices for 86 days. We appreciate that Defendants have had difficulty in responding to our notice and identifying witnesses, but we want to ensure we comply with Court deadlines so that we do not have to request any more extensions. We are making the following requests regarding the 30(b)(6) issue:
>
>> - [Wexford counsel], we are requesting that you provide Wexford's objections to our 30b6 request by January 19, 2023.
>>
>> - [State counsel], thank you for providing your written objections on December 7. I believe you indicated in our last discussion regarding the 30(b)(6) that you would be providing more specifics on IDOC's witnesses. Please provide that status update by January 19, 2023.
>>
>> - All parties, Plaintiff would like to meet and confer regarding the 30(b)(6) depositions on January 23, 2023 once we have both parties' objections.
>
> Please advise by Friday, January 11, 2023, at 5 p.m. whether these are acceptable requests. If any request is unacceptable to any party, please provide a reasonable alternative by Friday, January 11, 2023, at 5 p.m. By the time of our requested meet and confer, you all will have had the 30(b)(6) notice for three months, and it is time to make progress on the issue. If you are unable to do so soon, we will be seeking court intervention.

On January 12, Wexford counsel responded that Wexford would be providing a written response by January 19. The State made no commitment. Neither defendant agreed to a meet-and-confer. Plaintiff counsel followed up in writing on January 12, 13, 16, and 19, requesting a meet-and-

8

confer. She received no substantive response. And January 19 came and went without the written response Wexford had said it would provide.

Finally, on January 23, 2023, Plaintiff counsel confronted Wexford and State counsel after a deposition in the case to ask that Wexford respond to the Rule 30(b)(6) notice, or Plaintiff would move to compel. Wexford finally provided written responses to the October 2022 deposition notice a few days later, on January 27.

Upon receiving Wexford's written response, Plaintiff promptly scheduled a meet-and-confer, which the parties held on February 16. During that meeting, Wexford committed to provide witnesses to answer deposition topics by the week of March 13. However, since then, and despite repeated requests, Wexford has not provided these witnesses. After the Court issued its March 13, 2023 Text Order regarding the schedule in this case, Plaintiff counsel again asked Wexford to commit to providing concrete deposition dates for its Rule 30(b)(6) witnesses. As of this filing, Wexford has not done so.

After being confronted by Plaintiff counsel on January 23, the State agreed to a meet-and-confer on January 30. At that meeting the state identified two Rule 30(b)(6) witnesses to cover the last five years (2013 to 2018) of the 22-year time period covered by the notice. Regarding the remaining 17 years of the time period in this case, the State proposed to provide written policies for the parties to engage in further discussion as possible alternatives to testimony and committed to providing those written policies by February 13, 2023.

February 13 came and went, however, and the State provided nothing. Over the following five weeks, Plaintiff counsel repeatedly emailed counsel for the State to ask when the written policies would be provided. Those emails were either ignored or answered with commitments to provide the written policies soon—but which were never followed up on. The

State produced nothing until March 25, 2023—six days before the close of discovery—when it produced more than 3,300 pages of production, for a meet-and-confer that the parties have set to occur less than 48 hours later, on March 27. With the discovery clock ticking down, the State has left Plaintiff no time to assess the State's document dump, and no time to conduct enforcement of the Rule 30(b)(6) topic in the event the parties are not able to reach agreement.

On March 29 the State introduced a handful of dates for the two Rule 30(b)(6) witnesses that it has offered. It has typically taken weeks for the multiple parties to coordinate deposition dates, and while Plaintiff has circulated the dates belatedly offered by the State to the other parties in the case, there is no guarantee that any of them will work. With time running out and their efforts at informal enforcement exhausted, Plaintiff brings this motion.

## ARGUMENT

Since October 2022 Plaintiff counsel have diligently pursued completion of the Rule 30(b)(6) depositions in this case. In light of the complex nature of Rule 30(b)(6) preparation, Plaintiff counsel have attempted to afford defense counsel flexibility in responding. The record set out above, however, makes plain that the defendants have abused that flexibility, dragging their feet for months on end and assuring Plaintiff's counsel that they would respond by certain dates but then never following through. That conduct has brought the parties to the point at which the defendants' foot-dragging threatens to prejudice Plaintiff in the extreme. That is simply not an appropriate outcome and would reward defendants for refusing to participate diligently in discovery.

Plaintiff respectfully submits that in light of the foregoing, a remedy is required. Plaintiff's aim is not to punish defendants for their conduct, but Plaintiff submits that he should not be prejudiced by it. To achieve an appropriate outcome, Plaintiff respectfully submits that the discovery schedule in this case should be adjusted in the following manner, which would

preserve the hard dispositive motion and trial deadlines that the Court set out in its March 13 Text Order.

*First*, the deadlines in the March 13 Order should be adjusted as follows, with the defendants compelled, pursuant to Rule 37, to present their Rule 30(b)(6) witnesses by April 28, 2023:

- Fact discovery (except depositions) closes 3/31/31
- Any Rule 37 motions regarding Rule 30(b)(6) deposition filed by 4/7/23; responses by 4/10/23; any reply by 4/11/23;
- Defendants must present all Rule 30(b)(6) witnesses by 4/28/23
- Plaintiff's expert disclosure by 5/31/23 (expert immediately available for deposition)
- Defendants' expert disclosure by 7/14/23 (expert immediately available for deposition)
- Expert discovery closes 8/7/23
- Dispositive motions due 8/9/23

In the alternative, Plaintiff requests one of the two following schedules in relief:

*A*: Any delay in presenting Rule 30(b)(6) witnesses past 4/28/23 will adjust Plaintiff's expert due-date by a corresponding amount, with the time to be taken out day-for-day from the time defendants have for expert reports. Example: if defendants present their last Rule 30(b)(6) witness on 5/5/23 (seven days late); Plaintiff's expert report due date would shift to 6/7/23, but the due date for defense reports would still be due on 7/14/23, expert discovery would still close on 8/7/23, and dispositive motions would still be due 8/9/23.

*B*: Any delay in presenting Rule 30(b)(6) witnesses past 4/28/23 would shift expert due dates for both Plaintiff and defendants, even where the shift would cause discovery of the defendants' expert to overlap with dispositive motions. Example: if defendants present their last Rule 30(b)(6) witness on 5/5/23 (one week late); Plaintiff's expert report due date would shift to

11

6/7/23, defense expert reports would be due on 7/21/23; dispositive motions would still be due on 8/9/23, and expert discovery would close on 8/14/23.

* * *

These remedies, in either alternative, preserve fairness: they permit Plaintiff to gather appropriate Rule 30(b)(6) discovery (including any discovery that must be gathered after motion practice) and permit defendants to present experts as well, albeit on an accelerated schedule (or one that overlaps with dispositive motions. Plaintiff respectfully submits that his proposed remedy permits the parties sufficient opportunity to gather and develop the remaining evidence in this case while allowing the case to proceed to disposition and trial on the Court's schedule.

## CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court issue an order compelling the defendants to present all Rule 30(b)(6) witnesses by April 28, 2023, and adjusting the schedule in this case as set forth herein.

Dated: March 31, 2023

Respectfully submitted,

/s/ *Stephen H. Weil*

Antonio Romanucci
Bhavani Raveendran
Sam Harton
Romanucci & Blandin, LLC
321 North Clark St., Suite 900
Chicago, IL 60654
(312) 458-1000
b.raveendran@rblaw.net

Jon Loevy
Stephen Weil
Loevy & Loevy
311 N. Aberdeen Street, Floor 3
Chicago, IL 60607
312-243-5900
weil@loevy.com

*Attorneys for Plaintiff*