# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| ANTHONY GAY,<br><br>    Plaintiffs,<br>v.<br><br>JOHN BALDWIN, *et al.*,<br><br>    Defendants. | No. 19-C-01133<br><br>District Judge Sue E. Myerscough<br>Magistrate Judge Eric I. Long |

### IDOC DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION TO COMPEL AND MOTION TO MODIFY SCHEDULE

Defendants, Rob Jeffreys, John Baldwin, Melvin Hinton, Jeff Sims, Shane Reister, Sylvia Butler, Jamie Chess, Michael Melvin, John Varga, Teri Kennedy, Emily Ruskin, Justin Wilks, and Sonja Nicklaus (the "IDOC Defendants"), by and through their attorney, Kwame Raoul, Attorney General of Illinois, hereby respond to Plaintiff's Motion to Compel and Motion to Modify Schedule as follows:

### INTRODUCTION

Plaintiff's motion presents a skewed and historically inaccurate depiction of discovery events in this case. While the IDOC Defendants do not oppose a majority of Plaintiff's proposed schedule adjustments, Defendants must correct Plaintiff's falsehoods and do oppose any request that further extensions be taken out of the allotment of time for Defendants to present experts.

The first misrepresentation in Plaintiff's motion concerns the meet-and-confer that took place between counsel during Plaintiff's deposition. See Dkt. 222 at n.1. It is true that counsel discussed an extension of the discovery schedule as well as Plaintiff's suggestion that if there were any further extensions these be taken out of the allotment of time for Defendants to present experts or, in the alternative, Defendants' presentation of

their experts could be moved to overlap with the August 9, 2023 dispositive motion deadline. The undersigned expressed no opposition to the discovery schedule being extended, but did not agree to any changes to the allotted time that Defendants were given to present experts. Moreover, in agreeing not to oppose Plaintiff's motion for an extension, the undersigned did not anticipate Plaintiff's motion would attempt to blame the necessity of an extension on Defendants. Counsel for Plaintiff consciously failed to mention that this was the approach Plaintiff would be taking. Plaintiff's motion also states that Plaintiff anticipated finalizing the terms of an agreement and supplementing his motion promptly after confirming counsel's oral indication. *Id*. However, in the 12 days that have passed since Plaintiff filed his motion, he has not contacted the undersigned to finalize any agreement. Nonetheless, the IDOC Defendants do not oppose the following extensions outlined in Plaintiff's motion:

- Fact discovery (except depositions) closes 3/31/31;

- Defendants must present all Rule 30(b)(6) witnesses by 4/28/23;

- Plaintiff's expert disclosure by 5/31/23 (expert immediately available for deposition);

- Defendants' expert disclosure by 7/14/23 (expert immediately available for deposition);

- Expert discovery closes 8/7/23; and

- Dispositive motions due 8/9/23

The IDOC Defendants wish to make clear that they have completed all depositions they require within the current discovery schedule of March 31, 2023. The IDOC Defendants also oppose any request that further extensions be taken out of the allotment of time for Defendants to present experts, and also adamantly disagree that any extension requested by Plaintiff is necessitated by the Defendants' foot-dragging.

2

Indeed, the failure to complete Plaintiff's requested depositions is partially due to Plaintiff's repeated failure to request depositions in a timely matter. Other intervening factors have also caused some difficulty in scheduling, most notably counsels' other commitments and the sheer scope of Plaintiff's requests.

BACKGROUND

Fact discovery was originally set to close in this case on November 20, 2020. Dkt. 52. On November 9, 2020, the fact discovery deadline was continued generally. See November 9, 2020, Text Entry. On January 20, 2021, the parties submitted competing discovery schedules. Dkts. 117 and 118. On January 22, 2021, the Court ordered all discovery closed on May 16, 2022. Dkt. 119. On January 25, 2021, after the parties jointly moved for an extension, the Court ordered discovery closed by November 16, 2022. See January 25, 2021 Text Entry.

Despite filing the case more than three years prior, Plaintiff did not attempt to schedule *any* depositions until November 2, 2021. On August 8, 2022, after the parties again jointly moved for an extension, the Court ordered all discovery closed on January 1, 2023. See August 8, 2022, Text Entry.

It wasn't until October 18, 2022, that Plaintiff issued his 30(b)(6) notice.[1] Almost four years since the inception of this case and after four extensions of the fact discovery deadline. The IDOC served a written response to this notice on December 7, 2022. Given the scope of the deposition topics requested by Plaintiff (11 different topics that span five

---

[1] While Plaintiff's motion states that the discussion of 30(b)(6) depositions began in September 2022, the IDOC could not make any determination as to its ability to sit for these depositions until Plaintiff provided a notice with a list of potential topics.

3

different IDOC facilities over a 22-year time-frame), it took time to discuss the topics with IDOC to determine what it could realistically provide testimony for.

On November 21, 2022, after the parties again jointly moved for an extension, the Court ordered all discovery closed on March 10, 2023. See November 21, 2022, Text Entry. On March 13, 2023, after the parties again jointly moved for an extension, the Court ordered all discovery closed on March 31, 2023. See March 13 2023, Text Entry. Then, on March 31, 2023, Plaintiff brought the instant motion.

After the IDOC served its written response to the 30(b)(6) notice on December 7, 2022, the December and January holidays presented difficulties in making any progress on scheduling the depositions. This resulted in counsel advising Plaintiff on December 27, 2022, that dates would likely not be provided for several weeks. The undersigned was also involved in a two-week trial in the Northern District of Illinois from February 13, 2023 through February 24, 2023, and then another trial in that district on March 13, 2023 through March 14, 2023. This also caused difficulties in providing Plaintiff with potential witnesses and the policies that the IDOC Defendants agreed to provide.

ARGUMENT

Plaintiff's request for an order compelling the Defendants to present all Rule 30(b)(6) witnesses by April 28, 2023 is moot as it relates to the IDOC Defendants. On March 29, 2023 (***before Plaintiff filed his motion to compel***), the IDOC Defendants provided Plaintiff with five different dates on which their 30(b)(6) designees could sit for depositions. All of these dates fell before April 28, 2023. At the time of this filing, it is the undersigned understanding that the dates for these depositions have been agreed to by all parties. The IDOC Defendants have also provided Plaintiff with a list of over 115 previously produced policies that pertain to their requested topics.

4

If Plaintiff takes issue with the scope of the testimony IDOC has agreed to provide, he should address that in a separate motion. However, while Plaintiff takes issue with Defendants' alleged dilatory tactics, it appears that Plaintiff has also failed to abide by the proposed schedule he suggested in his motion. In his motion, Plaintiff sought the following adjustments to the discovery schedule:

- Fact discovery (except depositions) closes 3/31/31;

- Any Rule 37 motions regarding Rule 30(b)(6) deposition filed by 4/7/23; responses by 4/10/23; any reply by 4/11/23;

- Defendants must present all Rule 30(b)(6) witnesses by 4/28/23;

- Plaintiff's expert disclosure by 5/31/23 (expert immediately available for deposition);

- Defendants' expert disclosure by 7/14/23 (expert immediately available for deposition);

- Expert discovery closes 8/7/23; and

- Dispositive motions due 8/9/23

Unless Plaintiff has choses to forgo filing any Rule 37 motions related to the 30(b)(6) depositions, he has failed to comply with his own suggested deadlines.

## CONCLUSION

The IDOC provided Plaintiff with multiple dates before April 28, 2023, for presentment of IDOC's 30(b)(6) witnesses. The IDOC Defendants have no control over the schedules of the multitude of attorneys on this case and should not be prejudiced if these depositions cannot proceed because of some factor outside of their control. Therefore, any request to change the allotted time that Defendants are given to present experts should be denied. The IDOC Defendants otherwise have no objection to Plaintiff's requested extension as outlined above.

Dated: April 12, 2023

                                                              Respectfully Submitted,

KWAME RAOUL                         By:    */s/ Nicholas S. Staley*
Attorney General of Illinois                  NICHOLAS S. STALEY
                                                      Unit Supervisor, Prisoner Litigation
                                                      General Law Bureau
                                                      Office of the Illinois Attorney General
                                                      100 West Randolph Street, 13th Floor
                                                      Chicago, Illinois 60601
                                                      (312) 814-7202
                                                      nicholas.staley@ilag.gov