# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| Anthony Gay, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-CV-01133 |
| | ) | |
| v. | ) | Judge Harold A. Baker |
| | ) | |
| John Baldwin *et al.*, | ) | Magistrate Judge Eric I. Long |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO THE IDOC DEFENDANTS' MOTION TO COMPEL

Plaintiff, through his undersigned counsel, hereby responds to a motion to compel interrogatory responses filed by the IDOC Defendants in this case, ECF 221.

Plaintiff respectfully requests that the Court deny the IDOC Defendants' motion. The IDOC's motion is highly inappropriate. It represents sharp practices on behalf of IDOC's counsel. IDOC counsel's conduct, indeed, appears to have been designed to ensure that no meaningful meet-and-confer would occur, and instead to ensure that ECF 221 could be filed *without* a meet-and-confer occurring. Because the IDOC's counsel failed to act in good faith and the parties have not yet come to issue regarding the subject of the motion to compel, the IDOC's motions should be denied.

### DISCUSSION

The interrogatories at issue were served on December 8, 2022. ECF 221 at 2. Plaintiff answered them on March 10, 2023. The IDOC's brief does not quite say, but suggests, that this elapsed time was due to Plaintiff's foot-dragging. ECF 211 at 3 ("Finally, on March 10 . . . ."). That is highly improper. Plaintiff was indeed delayed in providing these answers, but as the IDOC's counsel well knows, the bulk of that delay occurred because Plaintiff counsel's wife was

unexpectedly diagnosed with an aggressive cancer in late December 2022, and had multiple emergent hospitalizations over the course of the following month followed immediately by debilitating chemotherapy treatment. That crisis was the reason for most of the delay that IDOC's counsel cites. Plaintiff counsel informed IDOC counsel of this and requested additional time to respond to the interrogatories. IDOC counsel did not object. It is highly improper for IDOC counsel now to color this same delay as indolence on Plaintiff's part.

A second, shorter delay was attributable to Mr. Gay's mental illness. Mr. Gay is currently incarcerated at the Livingston County Jail. On February 21, Plaintiff counsel wrote to defense counsel that he had traveled to meet with Mr. Gay and go over his interrogatory responses, but that "Mr. Gay was yelling and somewhat hysterical, and he refused to meet with me." Because this meant that Plaintiff counsel would not be able to get Plaintiff's interrogatory responses before the deposition, Plaintiff counsel proposed postponing the deposition until the interrogatory responses could be obtained. As Plaintiff counsel explained,

> The events today were frustrating, but we hope you will agree that we have to make some accommodation for Mr. Gay's mental illness. We propose setting a [deposition] date for next week or the week following, while we address Mr. Gay's problem and prepare him for the deposition.

No defense counsel objected to postponing the deposition, and it was re-set to March 31, 2023. Plaintiff counsel again traveled to Livingston County, went over the interrogatory responses with Mr. Gay, who signed them on Friday, March 10, 2023. Plaintiff's counsel produced the interrogatory responses on Monday, March 13, 2023, with weeks to go before Mr. Gay's March 31 deposition. That left ample time for IDOC to identify deficiencies in the interrogatory responses counsel chosen to do so.

Plaintiff, however, heard nothing form IDOC counsel after that. IDOC counsel did not call, email, or otherwise communicate a single deficiency with the interrogatory responses to

Plaintiff's counsel. As part of their *own* efforts to enforce Plaintiff's discovery against the IDOC, Plaintiff's counsel contacted IDOC counsel to set up a Rule 37 conference. On March 20, IDOC counsel agreed to hold the conference on March 27, and in doing so mentioned that he would send a letter identifying deficiencies in Plaintiff's interrogatory responses, for discussion at the conference as well. IDOC counsel never sent that written enforcement, however.

The March 27 call was set for 2:00 p.m. Nearly the entire call, which lasted an hour, was taken up with *Plaintiff's* enforcement of his discovery against the IDOC. It was only in the last five minutes that the parties touched on Plaintiff's interrogatory responses. No specific response was discussed. Instead, IDOC counsel, while acknowledging that Plaintiff's interrogatory responses had been substantive, took issue with Plaintiff's objection that the responses were incomplete because Plaintiff still had discovery to conduct. Plaintiff counsel expressed a willingness to discuss this matter substantively, but IDOC counsel said he had another call at 3:00, and so the parties ended the call. Before doing so, they agreed to resume discussions of the interrogatory responses when they convened in person for Mr. Gay's deposition on March 31.

During the March 27 call Plaintiff counsel had made a number of pointed criticisms of the IDOC's responses to Plaintiff's discovery, and followed those criticisms up with an email later that day, demanding that the IDOC respond by Wednesday, March 29. At 8:06 p.m. in the evening on March 29, IDOC counsel transmitted an 8-page, single-spaced letter responding to Plaintiff's email.

Nearly the entire letter was devoted to responding to Plaintiff's discovery enforcement against the IDOC. At the end of the seventh page, in an unmarked paragraph, IDOC counsel began to discuss Plaintiff's interrogatory responses. The criticisms were general, and still had not identified any particular deficiencies with any particular interrogatory. All the same, these

3

were the items that counsel had agreed to discuss at Friday's deposition. Then, on the letter's last page, in the middle of the letter's final paragraph, IDOC counsel wrote:

> Please let us know by Thursday COB whether you will be providing amended answers to interrogatories 9, 10, 12, 15, and 16 before the deposition on Friday. Please also let us know if you agree to provide amended answer to interrogatories 5, 6, 7, and 8 by April 14th. Otherwise we will be moving to compel.

Nothing in the transmitting email indicated that buried in the letter there were exploding deadlines only hours away. And while the letter's demands were still vague, they plainly demanded the impossible: wholesale revisions to multiple interrogatories, without notice, in the space of 20 hours. Indeed, citing Mr. Gay's March 31 deposition, the letter claimed:

> Defendants are prejudiced by the fact that we have incomplete answers at this stage in the case and are forced to take Plaintiff's deposition without these answers. Plaintiff will nee to provide complete answers to these interrogatories before the deposition on March 31st or we reserve the right to redepose Plaintiff as to any topics that are covered in these interrogatories.

This was nonsense—the prejudice IDOC counsel identified was entirely manufactured. The Court's March 31 deadline contemplated that the parties could agree to take depositions going past the deadline, and they have done so. Well before March 29 when IDOC counsel wrote the letter, the parties had been scheduling multiple depositions deep into April. Those depositions currently run through April 24—with IDOC counsel's full knowledge. There was no emergency, and no prejudice. Had the defendants been unhappy with Plaintiff's interrogatory responses, they simply could have asked to postpone his deposition until their concerns were addressed. Or, knowing that the deposition was on March 31, IDOC counsel could have taken enforcement steps in the two weeks after he received the responses, instead of tentatively beginning them in the few minutes at the end of the parties' March 27 telephone call. The March 29 letter's impossible, eleventh-hour deadlines were issued for no reason at all.

4

Plaintiff counsel did not read the letter before the deadline expired. Early in the morning of Thursday, March 30, Plaintiff counsel had traveled to the Livingston County Jail to meet with Plaintiff and prepare him for his deposition. The jail does not permit cellphones and there is no internet access, so Plaintiff counsel was out of communication that day. Plaintiff counsel only learned of the motion to compel after he arrived home that evening to see the ECF 221 on the docket.

On the evening of March 30, after reading the March 29 letter and piecing together why the IDOC had filed a motion to compel, Plaintiff counsel wrote IDOC counsel asking him to withdraw the motion. Plaintiff counsel explained that he had been at the jail, had not had a chance to read the letter from the night before, and noted that during their call Monday they had agreed to discuss the interrogatory responses "on Friday when we were together for Mr. Gay's deposition. That is what I have been planning to do." IDOC counsel did not dispute that both lawyers had agreed to discuss the responses at the deposition, but refused to withdraw the motion. He concluded: "we can discuss [the interrogatory responses] tomorrow. If we can reach an agreement, then I will withdraw."

**ARGUMENT**

IDOC counsel's conduct does not comply with Rule 37's requirement to meet and confer in good faith. Plaintiff is willing to give IDOC counsel the benefit of the doubt—Plaintiff does not believe IDOC counsel set out on March 13 to sandbag Plaintiff with impossible, last-minute demands. Presumably, IDOC counsel was occupied with other obligations and did not get around to conducting the enforcement he had planned on Plaintiff's interrogatory responses until the last minute.

That, however, is not an excuse for IDOC counsel's conduct, which was essentially to manufacture a dispute to bring to the Court. The exploding deadlines buried in the March 29 letter were entirely improper, and the impossible, eleventh-hour demands made in the letter were not issued in good faith. Plaintiff remains willing to meet and confer with IDOC counsel regarding his interrogatory responses, and indeed since the filing of the IDOC's motion Plaintiff's counsel has arranged held one call already that has touched on the interrogatory topics and has arranged a second call for April 14. But such conferences must occur and be exhausted *before* a party files a Rule 37 motion with the Court. The IDOC did not do that here. Its motion should be denied. And the Court should disregard the IDOC's suggestion that Plaintiff was indolent in responding to the interrogatories.

April 13, 2023

Respectfully submitted,

/s/ Stephen Weil
Stephen Weil
Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Stephen Weil
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
312-243-5900
weil@loevy.com