# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**



**ANTHONY GAY,**

       **Plaintiff,**

**v.**

                                         **Case No. 19-1133**

**JOHN BALDWIN, et al.,**

       **Defendant.**

## ORDER

On April 28, 2023, counsel in this case contacted chambers and requested a call with the Court to discuss an issue that arose during the deposition of Defendant's Rule 30(b)(6) witness. The Court held a short telephone call, during which it asked the parties to file a short, informal brief on the issue that would provide the Court more information. The parties submitted the briefs on May 2, 2023.

The parties' dispute concerns whether Defendant's 30(b)(6) witness, Dr. Hinton, represents Defendant Illinois Department of Corrections ("IDOC") or the State of Illinois. During the deposition, Plaintiff's counsel asked Dr. Hinton questions regarding the treatment provided to patients at the Illinois Department of Human Services ("IDHS"). Defendants objected to the questioning, arguing that Dr. Hinton was a witness for the IDOC, not IDHS or the State of Illinois.

Plaintiffs note that the original suit named the State of Illinois as a defendant. In ruling on the Motion to Dismiss, District Judge Colin Bruce *sua sponte* terminated the State of Illinois as a defendant (Order, #44, p. 10). Plaintiff maintains that the Court's dismissal of the State was not substantive in nature. He further argues that his case has always been against the State of Illinois and that an official capacity suit under the ADA and the Rehabilitation Act is no different than a suit against the State of Illinois.

While this case proceeds nominally against a state official, Judge Bruce noted that a lawsuit against a state official "is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As it relates to the claims under the Rehabilitation Act, the State of Illinois remains financially responsible for this case through John Baldwin in his official capacity as former IDOC director. At least for purposes of this Motion and Order, the State was properly identified as the organization under Rule 30(b)(6).

Federal Rule of Civil Procedure 30(b)(6) covers notices of depositions directed to an organization:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

As just noted, given the nature of the allegations and the Court's prior rulings, Plaintiff properly named the State of Illinois as the responsible organization in its Rule 30(b)(6) Notice. Relevant to the issue now before the Court, the Notice included the following subjects for the deposition:

> 2. The policies, practice, procedures, or agreements relating to the transfer of seriously mentally ill IDOC prisoners to outside facilities (including but not limited to facilities operated by the Illinois Department of Health and Human Services) to receive care, treatment, or evaluation for mental illness, including the mechanism by which such a transfer would take place, and the location in the production of documents that could reasonably be expected to reflect such policies, procedures, practices, or agreements.

2

3. The State's consideration given to the transfer of mentally ill persons who were still in the custody of the IDOC, to outside mental health facilities, including those operated by the IDHS, the persons involved in said consideration, communications relating to such consideration, whether any mentally ill persons were so transferred, and if not, why not.

4. The State's consideration given to the transfer of Anthony Gay to outside mental health facilities, including those operated by the IDHS, the persons involved in said consideration, communications relating to such consideration, and the reasons she was not so transferred.

(Plaintiff's Exhibit 1, #231-1.)

The policies, practice, procedures, and agreements relating to the transfer of mentally ill prisoners between IDOC and other facilities, including IDHS, is relevant to Plaintiff's claim that Defendants knew that Plaintiff's medical needs were not being treated within IDOC and that IDOC failed to transfer him to a facility where he could receive treatment. The Rule 30(b)(6) Notice gave Defendants clear notice that Plaintiff intended to question the 30(b)(6) witness about IDHS policies, practice, procedures, or agreements relating to the transfer of seriously mentally ill IDOC prisoners to outside facilities, including those operated by IDHS. In response to the Notice, Defendants produced Dr. Hinton, who answered questions about IDOC policies and procedures. Defendants' counsel directed him to not answer questions regarding IDHS's policies or procedures. It also seemed to the Court that Dr. Hinton was unfamiliar with IDHS policies and would have been unable to answer the questions even without counsel's directions.  Nevertheless, the subject matters of the Rule 30(b)(6) Notice are appropriate areas for inquiry and a witness (or witnesses) with information known to the State should have been produced.[1]

Accordingly, the Court grants Plaintiff's request to compel answers to those remaining issues raised in the Rule 30(b)(6) Notice.  Because it seems that Dr. Hinton is

---

[1] Even if the Court found that IDOC was the real party in interest (rather than the State of Illinois), Plaintiff could simply subpoena IDHS for a witness to answer these same questions.  The result would be the same. A person with information about IDHS policies would testify under oath pursuant to Rule 30(b)(6).

unaware of the IDHS policies, the Court directs Defendants to meet and confer with Plaintiff to identify the best person(s) to address the deposition topics listed in the Notice. Defendants may identify more than one witness as permitted by Rule 30(b)(6) and set out the matters on which each person designated will testify.

ENTERED this 4th day of May, 2023.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

4