**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| Plaintiff, | ) | Case No. 19-CV-1133 |
| v. | ) | |
| | ) | Judge Sue E. Myerscough |
| JOHN BALDWIN, *et al.*, | ) | |
| | ) | Magistrate Judge Eric I. Long |
| Defendants. | ) | |
| | ) | |

**IDOC DEFENDANTS' MOTION FOR A PROTECTIVE ORDER LIMITING
PLAINTIFF'S RULE 30(B)(6) NOTICE OF DEPOSITION AND FOR
CORRESPONDING RELIEF**

Defendants John Baldwin, *et al.,* (collectively, "IDOC Defendants") move pursuant to Fed. R. Civ. P. 26(c) and 30(d)(3) for a protective order barring plaintiff Anthony Gay (hereinafter "Gay") from continuing overly expansive Rule 30(b)(6) depositions of entities unlikely to possess any relevant information, including the Illinois Governor's Office. Gay's facially deficient Rule 30(b)(6) notice makes no mention of the Governor's Office, yet he now claims entitlement to depose practically any portion of Illinois state government on top of the depositions that already have occurred. As it relates to the noticed topics, Plaintiff has deposed two (2) witnesses in this case, another 30(b)(6) witness in a separate case, and the IDOC Defendants have offered to present yet a fourth IDOC witness to speak to these matters. Plaintiff's insatiable insistence on more layers of "State" testimony, unlikely to possess any relevant information, imposes undue burden, annoyance, and oppression. Fed. R. Civ. P. 26(c)(1). A protective order to bar discovery of the Governor's Office in this single-plaintiff case therefore is necessary and appropriate.

## Background

Anthony Gay filed this lawsuit in October 2018 against numerous individual defendants, the State of Illinois, and Wexford Health Sources, raising claims about his lengthy incarceration in the Illinois Department of Corrections (IDOC). (Dkt. 1.) The district court *sua sponte* dismissed the State of Illinois as a party in September 2019, and Gay later amended his complaint accordingly. (Dkts. 44, 82.) Neither the State of Illinois, nor IDOC or any other state agency are currently a party to the case.

Gay's remaining claims, many of which have been previously litigated in Gay's extensive prior litigation, generally allege defendants inflicted cruel and unusual punishment, and violated federal law in placing him in segregated housing and failing to accommodate alleged disabilities. Relevant here, Gay's twenty-five-page operative complaint makes no mention of any act or omission by any Illinois Governor or employee of the Governor's Office that allegedly caused or contributed to his alleged damages. Gay's own complaint clearly alleges that all individual defendants worked for or were affiliated with IDOC or Wexford, and not the Governor's Office or any other state agency. (Dkt. 82, ¶¶ 18-28.)

On October 18, 2022, Gay issued a notice of deposition to the State of Illinois—not IDOC or any other state agency—pursuant to Fed. R. Civ. P. 30(b)(6), with eleven different topics, not counting any subtopics. (Ex. 1, Pl.'s Notice of Rule 30(b)(6) Dep.) Gay aggressively defines the relevant timeframe for purposes of the notice as being more than twenty-two (22) years. Despite the State of Illinois not being a party to this lawsuit, his claims not addressing anything beyond IDOC-specific activity, and

the individual defendants being affiliated only with specific state agencies or a private company, Gay takes the position that his notice seeks sweeping testimony over a twenty-year period from Illinois's statewide government. Gay's notice does not, however, mention anything related to the Governor's Office. (*See* Ex. 1.)

On April 27, 2023, IDOC Defendants presented Dr. Melvin Hinton, chief of IDOC's mental health services, for a Rule 30(b)(6) deposition on numerous IDOC-related topics in Gay's notice. During the deposition, counsel for Gay attempted to explore areas outside Dr. Hinton's purview, including those related to treatment provided to patients at IDHS. IDOC Defendants objected to IDHS-related questions, as Dr. Hinton works only for IDOC and was not designated as a witness for IDHS or the entire State of Illinois. IDOC Defendants also objected because IDHS was not a party to the case. Gay disagreed. The parties' dispute culminated in a mid-deposition conference with this Court and the parties filing post-deposition position statements on the proper scope of Gay's Rule 30(b)(6) notice. (*See* Dkts. 231, 232.)

On May 4, 2023, upon review of the parties' memoranda, this Court ruled that Gay's noticed Rule 30(b)(6) topics entitled him to testimony about <u>IDHS</u> policies and procedures. (Dkt. 233.) The Court ordered the parties to confer about continuing the deposition and for IDOC Defendants to designate one or more individuals to testify to the topics in Gay's notice. (*Id.*)

On July 12, 2023, IDOC Defendants presented Dr. Meredith Kiss, Deputy Director of hospital operations for IDHS's Division of Mental Health, as a designee for multiple IDHS-related topics in Gay's notice.

3

The depositions of Dr. Hinton and Dr. Kiss not resulting in the testimony Gay was hoping for, he now pivots and demands testimony from the Governor's Office pursuant to the same notice of deposition. Implicit in this request is Gay's belief that a Governor or someone from the Governor's Office did or should have meddled in correctional, medical, and housing decisions, and unilaterally reassigned him from IDOC to IDHS, notwithstanding the existence of subject-matter experts at both agencies. Gay also must erroneously assume that Governors manage the correctional and medical decisions for IDOC inmates on an individualized basis. IDOC Defendants objected to this request, as Gay makes no allegations in his operative complaint about any act or omission by the Governor's Office or its personnel, and because of the burdensome nature of such a request on an entity unlikely to possess any relevant information.

After conferring by phone and email about Gay's Rule 30(b)(6) notice and latest discovery demand, the parties confirmed Gay seeks testimony on behalf of the Governor and Governor's Office going back decades, and are at impasse about Gay's ability to continue seeking testimony from an evolving list of state agencies, including the Governor's Office, on topics that have already been addressed. (*See* Ex. 2, Email Correspondence.) IDOC Defendants also have offered Dr. Patrick Horn, an IDOC psychology administrator, as a designee on several supplemental IDOC-related topics in Gay's notice, but Gay remains unsatisfied. IDOC Defendants now seek this Court's intervention.

4

**Legal Standard**

The Federal Rules of Civil Procedure allow this Court to order that a Rule 30(b)(6) deposition be terminated or limited in scope and manner as provided in Rule 26(c). Fed. R. Civ. P. 30(d)(3). This Court "enjoys extremely broad discretion in controlling discovery," and may, for good cause, issue an order under Rule 26(c) to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013); Fed. R. Civ. P. 26(c)(1).

**Argument**

Gay's Rule 30(b)(6) fishing expedition through all corners of Illinois state government must end. Having not received ideal answers from multiple designees and state agencies, Gay now harassingly resorts to demanding more testimony from additional state agencies—no matter how attenuated from his claims. IDOC Defendants have satisfied both Gay's notice and this Court's May 4 order by presenting Drs. Hinton (IDOC) and Kiss (IDHS) for deposition and by designating Dr. Horn to testify about remaining IDOC-specific topics. Nothing more is warranted or proportional, and Gay's current requests represent fishing for discovery after coming up empty.

The Federal Rules of Civil Procedure do not permit such an unchecked, expansive, and burdensome voyage through Illinois state government—especially one so unlikely to lead to any relevant or admissible evidence. Courts and elected

politicians are not "super-wardens" micromanaging individualized professional judgments by subject-matter experts operating prisons, contrary to Gay's expectation. *See Pesci v. Budz*, 935 F.3d 1159, 1167 (11th Cir. 2019) (recognizing that courts, let alone an elected politician like a governor, do not sit as "super-warden[s] to second-guess the decisions of real wardens" (citations omitted)).  For the reasons below, this Court should issue a protective order barring Gay from seeking testimony from or deposing the Governor's Office or any other state agency besides those already designated by IDOC Defendants from IDOC and IDHS.

I. **The Governor's Office, as a Non-Party, is Not a Proper Deponent.**

This Court should issue a protective order barring Gay from deposing a designee of the Illinois Governor's Office or any other state agency.  Gay's Rule 30(b)(6) notice only addresses issues related to IDOC and IDHS, yet he now seeks testimony from agencies wholly irrelevant to prison housing decisions or the provision of medical care.  The Governor's Office is not a party to this case and has nothing to offer about Gay's specific claims and circumstances in this single-plaintiff case.  The Federal Rules protect individuals and entities from annoyance, oppression, undue burden and expense, and this Court should exercise its broad discretion in managing discovery to prohibit these discovery maneuvers.

First, as a threshold matter, Gay's Rule 30(b)(6) notice is plainly deficient because it makes no mention of the Governor's Office or any state agency besides IDOC and IDHS, likely because it would have been wholly objectionable on its face.  Rule 30(b)(6) requires that a party's deposition notice "describe with reasonable

6

particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The notice must also advise a non-party like the Governor's Office to designate each person who will testify. *Id.* "Courts have limited or narrowed Rule 30(b)(6) topics that were found not to describe the matters for examination with reasonable particularity." *Sanchez v. El Milagro, Inc.*, 2023 U.S. Dist. LEXIS 184096, *16 (N.D. Ill. Sept. 25, 2023). Gay has not done so for the Governor's Office or any other state agencies besides IDOC and IDHS. His notice fails to notify them, let alone with reasonable particularity, of their duty to designate a witness. It was only through the course of irrelevant and objectionable deposition questioning that Gay's true motives were exposed. The fact that he noticed the deposition of the "State of Illinois" does not save his deficient notice as to the Governor and unrelated state agencies because Gay also failed to "describe with reasonable particularity the matters for examination" from those specific entities. Fed. R. Civ. P. 30(b)(6).

Further, for all practical and other purposes, the Governor's Office is not a party to this litigation and should be protected from Gay's hunt for favorable Rule 30(b)(6) testimony over a period of decades. Indeed, the Supreme Court's *Ex parte Young* decision requires a plaintiff plead a governor's personal involvement to be a proper party, rather than generalized statements about responsibility for enforcement of all laws. *Daniels v. Jeffreys*, 2023 U.S. Dist. LEXIS 32927, *11-16 (C.D. Ill. Feb. 28, 2023) (citing, in part, *Ex parte Young*, 209 U.S. 123 (1908)). Gay has not pled *any* theory, let alone done so sufficiently well, about a governor or a governor's individualized actions. Parties may only discover information relevant to

claims or defenses and proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues and whether the burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Here, nothing in any party's claims or defenses relates to any action by the Governor's Office or any state agency other than IDOC or IDHS. If the IDOC Defendants maintain a position that Gay was not an appropriate candidate for transfer, that position simply has nothing to do with the Governor's office. Gay may claim that a governor or someone in the Governor's Office has been or should have been acting as a "super-warden" and micromanaging correctional operations. Such claims are not actionable even when pled. *Cf. Pesci*, 935 F.3d at 1166-67 (courts do not sit as "super-warden[s] to second-guess the decisions of real wardens" (citations omitted)). The Governor's Office should not be required to research, prepare, and testify about policies and procedures spanning multiple gubernatorial administrations when the policies were carried out by other state departments.

While IDOC Defendants acknowledge this Court held in its May 4th order that the State of Illinois was a properly identified organization for purposes of the parties' prior dispute, the current situation is different. During the last dispute, Gay wanted Rule 30(b)(6) testimony from IDHS. In his Rule 30(b)(6) notice, Gay specifically listed IDHS and IDHS-specific practices, so this Court ruled that IDOC Defendants had notice that Gay intended to explore issues affecting that specific agency. (Dkt. 233 at 3.) IDOC Defendants have and will satisfy those obligations. Now, by contrast, Gay's

8

notice makes *no* such reference to the Governor's Office or any other state agency. In essence, Gay is asking to be rewarded for noticing the deposition of the broadest entity possible—the State of Illinois—and later claiming the notice comes with a license to depose *anything* under that umbrella without limitation. Even under its most charitable interpretation, Gay's notice gave no indication that he intended to explore topics over several decades relating to the Governor's Office or any other agency besides IDOC and IDHS.

Beyond the facial defects in Gay's notice, his position is particularly troublesome because it demonstrates his blatant disregard for controlling Supreme Court and Seventh Circuit precedent protecting correctional and medical officials' professional judgment. The Supreme Court has made clear, on multiple occasions, that subject-matter experts like correctional administrators enjoy significant deference in managing the safety and security of their facilities given the important interests at play with prison operations. "Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (citations omitted).

So, too, in the medical context, where the Seventh Circuit has held that courts should defer to prison medical professionals in treatment decisions unless "no minimally competent professional would have so responded under the circumstances." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir.

9

2021).  Again, Gay's position ignores this well-recognized deference for on-site administrators and medical providers.

And while evidence need not be admissible to be discoverable, Rule 30(b)(6) topics must be proportional to the needs of a case.  Attempting to depose an unrelated and high-ranking state agency about topics outside its purview and unrelated to Gay's specific situation, particularly over such a lengthy period of time, is not proportional when his claims have no relationship to the Governor's Office.

Gay's attempt to depose the Governor's Office or any additional state agency is improper.  This Court should issue a protective order barring such burdensome and harassing discovery from unrelated entities, and strike the notice to the extent it seeks such topics and testimony.

## II.  IDOC Defendants Have Satisfied Gay's Rule 30(b)(6) Notice and This Court's Order.

This Court should also issue a protective order barring Rule 30(b)(6) depositions beyond those already designated because IDOC Defendants have already satisfied Gay's notice and the Court's May 4 order.  Based on Gay's notice and this Court's order, IDOC Defendants designated three individuals—Drs. Hinton (IDOC), Horn (IDOC), and Kiss (IDHS).  Gay already deposed Drs. Hinton and Kiss, and IDOC Defendants are prepared to present Dr. Horn for the remaining IDOC-specific topics Dr. Hinton did not cover.

A Rule 30(b)(6) notice does not include a license to depose an endless stream of individuals until the noticing party receives subjectively ideal testimony.  Rather, all a deponent must do is designate one or more individuals to testify on its behalf and

10

prepare the designees in good faith to testify about information known or reasonably available to the organization. *See Smith v. Dart*, 2021 U.S. Dist. LEXIS 241764, *3 (N.D. Ill. Dec. 17, 2021). "Absolute perfection is not required of a Rule 30(b)(6) witness." *Aldridge v. Lake County Sheriff's Office*, 2012 U.S. Dist. LEXIS 102514, *12 (N.D. Ill. July 24, 2012). IDOC Defendants are meeting their burden here by presenting three different designees to address Gay's topics. Crucially, the Federal Rules do not permit a plaintiff to strategically notice a Rule 30(b)(6) deposition as broad as possible, then pivot and test the testimony from agency to agency when the relevant questions already have been asked and answered.

The parties have conferred about additional testimony from IDOC, including IDOC Defendants' designation of Dr. Horn to testify about remaining IDOC-related topics, but Gay remains unsatisfied. Gay is entitled to relevant, proportional, and prepared Rule 30(b)(6) testimony—that is it. IDOC Defendants have made a good-faith effort to prepare three corporate representatives to testify on a wide range of topics over an extensive period of time. Nothing more is warranted or required, despite Gay's overtures to the contrary.

Finally, IDOC Defendants also note that Dr. Luke Fairless, an IDOC psychology administrator, recently sat for a Rule 30(b)(6) deposition in *Andrews v. Rauner*, 18-cv-1101 (C.D. Ill.), a case also pending before this Court involving the same plaintiff's counsel and raising very similar claims to those Gay advances here. Dr. Hinton also testified as an IDOC Rule 30(b)(6) witness in *Andrews*, as well. The *Andrews* Rule 30(b)(6) notice identified topics very similar to those presented here,

11

so the depositions of Drs. Hinton and Kiss are not the only times Gay's counsel received corporate testimony from IDOC on these issues.

In sum, Gay and his counsel have repeatedly deposed IDOC designees, yet IDOC Defendants are still prepared and willing to present Dr. Horn for an additional deposition on remaining topics. Gay and his counsel also deposed an IDHS designee in this case in satisfaction of this Court's May 4th order. Given the extensive (and largely consistent) corporate testimony obtained on the noticed topics in this case and other parallel litigation involving Gay's counsel, this Court should enter a protective order limiting Gay to a Rule 30(b)(6) deposition of IDOC and IDHS on the noticed topics, including IDOC Defendants' remaining designee, Dr. Horn. Absent a protective order, Gay will continue his fishing expedition through Illinois state agencies, including the Governor's Office, claiming at each turn that designees are unprepared to discuss his topics. The Rules do not support allowing Gay to conduct excessive discovery that will impose undue burdens and expense, especially where the relevant discoverable information and witnesses have been provided.

## Conclusion

For the foregoing reasons, IDOC Defendants respectfully request this Court enter a protective order barring Anthony Gay from pursuing testimony relating to several Governor's offices and/or deposing the Illinois Governor's Office or any other state agency besides already-designated representatives of the Illinois Department of Corrections and Department of Human Services, and for any other relief the Court deems just and proper.

Date: February 15, 2024                                  Respectfully submitted,

                                                          /s/ Robert T. Shannon
                                                         Robert T. Shannon
                                                         *Counsel for IDOC Defendants*

Robert T. Shannon
Thomas L. O'Carroll
Ambrose V. McCall
Stephen D. Mehr
John Anders
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
(312) 704-3000
rshannon@hinshawlaw.com
tocarroll@hinshawlaw.com
amccall@hinshawlaw.com
smehr@hinshawlaw.com
janders@hinshawlaw.com

13

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 15, 2024, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Central District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

<i>/s/ Robert T. Shannon</i>