**LOEVY + LOEVY**                                                     Steve Weil <weil@loevy.com>

## Re: Gay - Discovery matters
1 message

**Steve Weil** <weil@loevy.com>                                          Wed, Sep 20, 2023 at 4:39 PM
To: "Rupcich, Joseph N." <jrupcich@cassiday.com>, "Shannon, Robert" <rshannon@hinshawlaw.com>, Laura Ieremia <Ieremia@dbmslaw.com>, Stetson Atwood <atwood@dbmslaw.com>, "Syrcle, Joy C." <jsyrcle@cassiday.com>, Scott Kater <kater@dbmslaw.com>, "O'Carroll, Thomas L." <tocarroll@hinshawlaw.com>, Brian O'Kane <okane@dbmslaw.com>, "Monica L. Smit" <smit@dbmslaw.com>
Cc: Amanda Marini <amarini@rblaw.net>, Bhavani Raveendran <b.raveendran@rblaw.net>, Sam Harton <sharton@rblaw.net>, Megan Feddor <feddor@loevy.com>

Tom,

You asked for something in writing explaining the deficiencies I highlighted in the Hinton and Kiss depositions. We believe the annotations are a helpful (but not complete) guide. Here are some notes on points at the depositions where Hinton and Kiss expressed lack of knowledge:

Hinton

- 31-32, 96-98, 103-107, 191, 206 - Hinton has developed no knowledge regarding IDOC's policies and practices prior to 2012, and thus his knowledge remains the same as it was in his Andrews v. Rauner testimony (the subject of Judge Long's MTC ruling).

- 46-47, 50-51, 55-56 - Hinton has no knowledge about IDOC's transfer policies include transfers outside of the IDOC.

- 64-65 - Hinton does not know why the policy changes reflected in exhibit 2 were made, and he does not know whether or not there was a policy of not transferring mentally ill prisoners outside of the IDOC prior to entry of the policy reflected in exhibit 2.

- 162-164 - Hinton not aware of any consideration given to transferring mentally ill prisoners out of the IDOC.

- 172 - Hinton has no knowledge how long the IDOC has recognized that the lack of inpatient beds constituted a medical emergency within the IDOC.

- 208-226 - Hinton lacks knowledge of the substance of transfer agreements between IDOC and DHS.

Kiss

- 28-29 - Kiss has no knowledge of or involvement in transfer agreements between IDOC and IDHS. (Only limited, irrelevant mechanics about how it would be executed, 109-110)

- 35-37- Kiss has no knowledge regarding multiple deposition topics, as  identified in these pages.

- 42 - no knowledge whether state ever gave consideration to transferring mentally ill prisoners from IDOC to IDHS, or why the state had the policies it did.

- 69-76 - know knowledge regarding the highlighted topics.

- 80-93 - know knowledge regarding information about transfer agreement between IDOC and IDHS.

- 94 - does not know why there were no transfers, or which persons were involved in consideration of the transfers.

Please identify a time to discuss further. As I said on our call the purpose of approaching you is to avoid motions practice. I propose that we speak next week. I'm generally available **Monday 9/25 - Wednesday 9/27**.

I would also encourage you to contact Brandon (Robert) Schultz, who is currently working on compliance with Judge Long's order in Rauner. His email is robert.shultz@ilag.gov.

Best regards,

Steve

--
Stephen H. Weil
LOEVY & LOEVY
311 N. Aberdeen
Chicago, IL 60607
Tel:  312-243-5900
Fax: 312-243-5902
weil@loevy.com
he/him


On Wed, Aug 16, 2023 at 1:30 PM Steve Weil <weil@loevy.com> wrote:

> Dear counsel:
>
> I write regarding several discovery matters.  We request a Rule 37 conference regarding these issues next week.  We propose Friday 8/25.
>
> **State Rule 30(b)(6) deposition enforcement**
>
> We are drafting a motion to compel additional deposition testimony from the State's Rule 30(b)(6) witnesses, for lack of preparation on the noticed topics.  On Monday, Judge Long issued the attached order in Andrews v. Rauner (ECF 160, attached), granting a motion to compel the State's Rule 30(b)(6) witness for lack of preparation.  Some of the Rule 30(b)(6) topics and issues -- and one of the Rule 30(b)(6) witnesses, Dr. Hinton -- are identical.
>
> Judge Long will decide any motion to compel in this case.  In light of his Andrews ruling, we are hopeful that we can resolve the matter of additional testimony for the State's witnesses in this case informally.  We are attaching depositions of Dr. Hinton and Meredith Kiss, and are highlighting areas in which they expressed a lack of knowledge and preparation, for purposes of discussion.
>
> We request a meet-and-confer to determine whether we can resolve this matter without the Court's intervention.  Given the press of time, we would request that the conference occur by next Friday 8/25.  We hope you will agree this is preferable to litigating the matter.
>
> **Horn deposition**
>
> Please provide dates for Dr. Horn's deposition.
>
> **Grievances**
>
> Plaintiff has had an outstanding request for Mr. Gay's grievances.  Our understanding is that the IDOC has them stored at Dixon CC.  The State has produced grievances through 2014, but none thereafter.  Please let us know when you will produce the outstanding grievances.

**Inspections and Photographing**

We have an outstanding Rule 34 request to inspect and photograph the cells where Mr. Gay was housed.  We ask to meet and confer about how this discovery can be completed in a manner that is agreeable to the parties.

--
Stephen H. Weil
LOEVY & LOEVY
311 N. Aberdeen
Chicago, IL 60607
he/him
Tel:  312-243-5900
Fax: 312-243-5902
weil@loevy.com