IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Anthony Gay, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-CV-01133 |
| | ) | |
| v. | ) | Judge Sue E. Myerscough |
| | ) | |
| John Baldwin et al., | ) | Magistrate Judge Eric I. Long |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO THE IDOC DEFENDANTS' MOTION FOR LEAVE TO FILE A SECOND AMENDED AND SUPPLEMENTAL ANSWER**

Plaintiff, through his undersigned attorneys, submits this response to the IDOC defendants' motion for leave to file a second amended supplemental answer to Plaintiff's first amended complaint, ECF 269.

Plaintiff respectfully submits that the motion should be denied.

*First*, the Defendants have waived their right to assert a new affirmative defense this late in the case. "A prisoner's failure to exhaust administrative remedies before filing [suit] constitutes an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure." *Massey v. Helman*, 196 F .3d 727, 735 (7th Cir. 1999). Rule 8(c) provides that a party asserting an affirmative defense has the burden of pleading that defense, and any defense not raised in an answer is deemed waived. *See Castro v. Chicago Housing Auth.*, 360 F.3d 721, 735 (7th Cir .2004) ("We have stated numerous times that if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived.").

Mr. Gay filed this case in 2018. The grievances that the IDOC Defendants cite as their justification for the filing of a new affirmative defense now have been in the IDOC Defendants' possession since before that time. The Defendants do not explain why they waited for years, and

1

pointedly, after the close of discovery, to identify a new affirmative defense. Here the IDOC Defendants have offered no justification for seeking to assert a new affirmative defense this late in the case. The Court should deny their motion for this reason alone. *See Becker v. Indiana State Prison/Indiana Dep't of Correction*, No. 3:04-CV-543RM, 2007 WL 2710474, at *3–4 (N.D. Ind. Sept. 12, 2007) (denying defendants' request to amend answer to assert non-exhaustion at the summary judgment stage); *Abdullah v. Wainright*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008) (denying motion to amend answer to assert an affirmative defense of non-exhaustion after discovery was closed).

*Second*, the proposed amendment is futile. The affirmative defense of failure to exhaust administrative remedies applies only to lawsuits filed by *prisoners*. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir.2002). And, "[i]n determining whether a plaintiff is a 'prisoner confined in jail[]' [under the Prison Litigation Reform Act,] we must look to the status of the plaintiff at the time he brings his suit." *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004). At the time Mr. Gay filed this suit in 2018, he was not a prisoner. *See* ECF 1 ¶ 9 ("Plaintiff Anthony Gay is a resident of Illinois. Between 1994 and 2018, he was imprisoned by the IDOC at multiple prisons . . . . He now lives with his family in Rock Island, Illinois."). His subsequent (and current) incarceration, on federal charges, came years after his complaint was filed.

The PLRA's exhaustion requirement therefore does not apply in this case. Leave to file amendments that assert futile claims or defenses should be denied. *Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910 (7th Cir. 2007) (holding that denial of leave to make futile amendment to pleading after the close of discovery is appropriate).

[SIGNATURE ON FOLLOWING PAGE]

Dated: August 1, 2024

Antonio Romanucci
Bhavani Raveendran
Sam Harton
Romanucci & Blandin, LLC
321 North Clark St., Suite 900
Chicago, IL 60654
(312) 458-1000
b.raveendran@rblaw.net

Respectfully submitted,

/s/ *Stephen H. Weil*

Jon Loevy
Stephen Weil '
Megan Porter
Loevy & Loevy
311 N. Aberdeen Street, Floor 3
Chicago, IL 60607
312-243-5900
weil@loevy.com

*Attorneys for Plaintiff*