IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY GAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-CV-1133 |
| v. ) | |
| ) | |
| JOHN BALDWIN, et al., ) | |
| ) | Judge: Sue E. Myerscough |
| Defendants. ) | |

## IDOC DEFENDANTS' RESPONSE TO MOVANT'S EMERGENCY MOTION TO APPOINT A SPECIAL REPRESENTATIVE FOR ANTHONY GAY

Defendants John Baldwin, Sylvia Butler, Dr. Jamie Chess, Dr. Melvin Hinton, Rob Jeffreys, Terri Kennedy, Michael Melvin, Sonja Nicklaus, Shane Reister, Emily Ruskin, Jeff Sims, John Varga, and Justin Wilks (collectively, IDOC Defendants), hereby respond to Plaintiff's Emergency Motion to Appoint a Special Representative for Anthony Gay:

1.  On August 20, 2024, counsel for Anthony Gay formally advised this Court of Anthony Gay's death. [Dkt. 274]

2.  Based on that notification, on August 27, 2024, all Defendants filed a joint motion to stay these proceedings pending resolution of the issues created by Gay's passing, including the anticipated appointment of a special administrator of Gay's estate and the resolution of all related pleadings issues. [Dkt. 275] Under the Court's current dispositive motion schedule, the parties' motions for summary judgment are due on September 13, 2024. [Dkt. 268] This matter is set for a jury trial to begin on February 18, 2025. [Dkt. 268]

3.  Also on August 27, 2024, after all Defendants filed their joint motion to stay, Emergency Movant filed her instant emergency motion to substitute Maurisa Gay as special

representative for Anthony Gay, deceased, and for the appointment of Maurisa Gay as special representative for Anthony Gay, deceased. [Dkt. 276]

4. The unfortunate circumstances of plaintiff's passing create a standing issue that, in turn, has caused scheduling issues related to both discovery and the current dispositive motion schedule.

5. Although this Court has not yet ruled on the Movant's instant motion to be appointed as special administrator, and although certain Defendants have expressed concerns about whether there exists standing to proceed with this litigation in the interim, the parties have nonetheless agreed that the fact deposition of defendant IDOC's 30(b)(6) witness, Dr. Patrick Horn, may proceed on September 13, 2024 – the date on which the parties' motions for summary judgment are due. [Dkt. 268]

6. That 30(b)(6) fact witness testimony may be important to the issues addressed in the IDOC Defendants' motions for summary judgment. The parties may need that testimony (and any transcripts) to make their record in support of, or in opposition to, the motions for summary judgment.

7. Moreover, if Movant's emergency motion is granted, it is unclear whether or how the substitution will substantively affect any of the currently pending claims, whether the movant will simply seek substitution under Federal Rule of Civil Procedure 25(a)(1), or whether the plaintiff will seek to otherwise modify the pending complaint.

8. Primary counsel for IDOC will have limited opportunity to review those issues because he is set to go to trial this Monday, September 9, 2024 in *Asia Gaines v. Board of Education,* United States District Court for the Northern District of Illinois No. 19 cv 775 (Kennelly, J.).

9.  Because the Movant has acted quickly for appointment, the IDOC Defendants recognize that a stay of these proceedings may no longer be necessary. Concurrently with this response, the IDOC Defendants are modifying the relief sought in their August 27, 2024 motion to stay, asking instead that this Court extend the dispositive motion deadline by 14 days, to September 27, 2024, or 14 days after this Court resolves the instant motion, whichever is later.[1]

WHEREFORE, the IDOC Defendants respond to Movant's emergency motion to appoint a special representative by asking that, if this Court allows the relief sought in this motion, this Court extend the filing deadline for the IDOC Defendants to file their motion for summary judgment by fourteen (14) days, either to September 27, 2024 or after clarification as to the operative plaintiff and pleading, so that they may have the benefit of the Court's ruling on the emergency motion before filing their motions for summary judgment, and for any additional relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED,

/s/ *Robert T. Shannon*
Robert T. Shannon

Robert T. Shannon
Thomas L. O'Carroll
Ambrose V. McCall
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000

---

[1] If a newly-appointed plaintiff were to seek to modify the pleadings over any objection, the IDOC Defendants reserve their right to ask that this Court vacate any substantive motion or related court-ordered deadlines as a result.

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on September 6, 2024, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Central District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

        */s/ Stephen D. Mehr*

40432\322338252.v1