IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| Maurisa Gay, as representative of the Estate of Anthony Gay, deceased, | ) ) ) Case No. 1:19-CV-01133 |
| Plaintiff, | ) ) District Judge Sue Myerscough ) Magistrate Judge Eric I. Long |
| v. | ) ) |
| John Baldwin et al., | ) ) ) |
| Defendants. | |

**PLAINTIFF'S MOTION FOR LEAVE
TO SUPPLEMENT RULE 26(a) DISCLSOURES**

1.  Anthony Gay, the original plaintiff in this case, spent 22 years in solitary confinement, causing him untold damages.

2.  Mr. Gay passed away in August; his death was unexpected. *See* Exhibit A (Affidavit of Dana Kondos). He first informed Plaintiff's counsel in June that he was sick, but it did not become clear that the problem was imminently terminal until near the end. *Id.*

3.  Mr. Gay's death leaves Plaintiff with a gap at trial as far as the ability to inform the jury at trial about the injury Mr. Gay experienced because of his years of solitary confinement. The gap concerns both evidence about the impact it had on him, and what his personality was like before the experience for all practical purposes destroyed his psychological well-being.

4.  Plaintiff's counsel had reasonably expected that Mr. Gay would testify at the upcoming trial of this case, and that his testimony would cover both of those points in detail. Testimony on those subjects is essential if the jury is to understand the magnitude of the injury for which Plaintiff seeks recovery.

5.  Because of this gap, Plaintiff seeks leave to disclose several new witnesses. See Exhibit B (Supplemental Rule 26 disclosures). Because discovery has closed, Plaintiff files this motion seeking leave of court.

6.  In September, about one month after Mr. Gay's death, Plaintiff disclosed new family member witnesses, and two new prison witnesses. *Id.* Plaintiff's counsel's understanding is that the Defendants do not object to disclosure of the former, and have asked for deposition dates.

7.  As for the new prison witnesses, Defendants do object. They also object to the disclosure of a third witness whose identity and relevant knowledge was discovered by Plaintiff's counsel in October. This witness (Harvey Matthews) knew Mr. Gay as a young person before he was incarcerated, and then spent some time incarcerated with him inside the solitary confinement wing of the prison. Mr. Matthews can attest to Mr. Gay's pre-solitary incarceration personality and the changes that the experience wrought.

8.  Although these disclosures come after the deadlines previously established by Court order, they should be permitted. Rule 37(c) of the Federal Rules of Civil Procedure provides that a witness who was not identified as required by Rule 26(a) may not testify at trial *unless* the failure to make the disclosure "was substantially justified or is harmless."

9.  Both apply in this case. *First,* Plaintiff was substantially justified in not disclosing sooner. As long as Mr. Gay was alive and could testify on his own behalf, Plaintiff had no obvious need for a witness who could tell his story. It was only after Mr. Gay's death that it became clear that the testimony at issue would be necessary to fairly present Plaintiff's claim for damages.  *J.f. by Sifuentes v. Abbot Laboratories, Inc.*, No. 14-CV-847-NJR-SCW, 2017 WL 992781 at *2-3 (S.D. Ill. Mar. 15, 2017) (holding that the defendant's expert witness's

unexpected illness, "aside from the untimely and unforeseen death of an expert witness…present[s] the near veritable definition of a substantial justification or good cause"); *see also McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226 at *1 (N.D. Ill. July 14, 2015) ("On occasion, deadlines need to be adjusted for a variety of valid reasons, including, but not limited to, illness, mishaps, electronic discovery snags, true emergencies and the recalcitrance of non-party individuals and corporations").

10. *Second,* the late disclosure of these three witnesses is harmless. The Seventh Circuit sets forth four factors to weigh in considering whether a party's late disclosure is harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (internal citations omitted); *see Tribble v. Evanglides*, 670 F.3d 753, 760 (7th Cir. 2012) (applying the four-factor test to the "harmless" factor).

11. All of these factors undoubtedly weigh in Plaintiff's favor. The trial date in this case is more than three months away. There is plenty of time for the defense to depose them or to file motions relating to the testimony (should they choose), which will also limit disruption at trial. *See Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) ("The trial still appeared a long way off, and the defendants had plenty of time to prepare their examinations of [the plaintiff's] expert").

12. The testimony sought from these additional witnesses will shed light on that which Mr. Gay planned on revealing in his testimony had he lived, so the substance of that testimony comes to no unfair surprise to Defendants. Moreover, Plaintiff's counsel has provided

3

defense counsel with the names of these witnesses imminently following Mr. Gay's death to mitigate any risk of prejudice. To further reduce any risk of prejudice and burden on Defendants, Plaintiff's counsel will facilitate making these witnesses available for deposition at any time of defense counsel's choosing, which will also avoid any surprise or prejudice. Finally, and most compellingly, Plaintiff has not acted in bad faith or with any willful disregard of case deadlines in seeking to disclose these witnesses now. Instead, Plaintiff's goal is to ensure a fair trial on the merits of his case.

13. The Court would be warranted in allowing the disclosure of these witnesses either upon a finding that their late disclosure is substantially justified or with a finding that the other side would not be harmed if the disclosure were allowed. But both tests are satisfied here. Moreover, Plaintiff would suffer significant prejudice if the witnesses were barred, since she has no other way to present evidence that is critical support for her damages. Fairness and equity thus also support allowing the late disclosure of these witnesses.

WHEREFORE, this Court should enter an order allowing the late disclosure of the additional witnesses disclosed in Plaintiff's Supplemental Rule 26 Disclosures.

Respectfully submitted,

 /s/   Jon Loevy
*Attorney for Plaintiff*

Jon Loevy
Locke Bowman
Loevy & Loevy
311 N. Aberdeen Street, Floor 3
Chicago, IL 60607
312-243-5900
jon@loevy.com

4

ROMANUCCI & BLANDIN, LLC
Antonio Romanucci
Bhavani Raveendran
Stephen H. Weil
Romanucci & Blandin, LLC
321 North Clark St., Suite 900
Chicago, IL 60654
(312) 458-1000
***Attorneys for Plaintiff***

5