IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MAURISA GAY, as Special Representative of the Estate of ANTHONY GAY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-CV-1133 |
| v. | ) ) | |
| JOHN BALDWIN, et al., | ) ) | Judge: Sue E. Myerscough |
| Defendants. | ) | |

**IDOC DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
UNTIMELY WITNESS DISCLOSURES**

Defendants John Baldwin, Sylvia Butler, Dr. Jamie Chess, Dr. Melvin Hinton, Rob Jeffreys, Terri Kennedy, Michael Melvin, Sonja Nicklaus, Shane Reister, Emily Ruskin, Jeff Sims, John Varga, and Justin Wilks (collectively, the IDOC Defendants), move to strike Plaintiff's untimely witness disclosures pursuant to Federal Rule of Civil Procedure 37(c)(1), and state as follows:

1.    Anthony Gay filed this lawsuit in October 2018, alleging violations of his federal constitutional and statutory rights while incarcerated in the Illinois Department of Corrections. Fact discovery closed on March 31, 2023, except for certain specific discovery to be completed after the closure deadline, including a site inspection and a court-ordered Rule 30(b)(6) deposition. (*See* Text Order, Mar. 13, 2023.)

2.    Anthony Gay died on August 17, 2024.  On September 26, 2024, this Court granted a motion to substitute Anthony Gay's adult daughter, Maurisa Gay, as plaintiff in this matter.  (*See* Text Order, Sept. 26, 2024.)

3.    On September 30 and November 11, 2024, Plaintiff served supplemental Rule 26(a)(1) disclosures listing, for the first time, five additional fact witnesses who purportedly have

discoverable information about her pending claims.  (Ex. 1, Pl's Supp. Rule 26 Disclosure, Sept. 30, 2024; Ex. 2, Pl's Supp. Rule 26 Disclosure, Nov. 11, 2024.)  The untimely disclosures generally fall into two categories: (i) three of Anthony Gay's former prison associates to discuss Gay's incarceration and prison-related issues, and (ii) two of Anthony Gay's family members (though Plaintiff has not specified their exact relationship to him) to discuss his post-release life.

4.    The IDOC Defendants objected to the late disclosures.  (*See* Ex. 3, Email Correspondence.)  They noted, among other things, that Plaintiff's untimely disclosures failed to meet the standard outlined in Federal Rule of Civil Procedure 37 for late disclosures, and that the disclosures were neither substantially justified nor harmless.  Defendants also explained that Mr. Gay and his counsel must have been well-aware of each of the five newly disclosed individuals during fact discovery, given his familial relationship with some and apparent long-time prison relationship with others, and that these witnesses could and should have been timely disclosed if they possessed discoverable information, notwithstanding Mr. Gay's death.  And while Plaintiff claimed that the disclosures would only go to damages-related issues (*see* Ex. 3), Defendants also noted that the nature of the disclosures, and the topics therein, would undoubtedly touch on liability-related issues.  IDOC Defendants now move to strike all five witnesses.

5.    Federal Rule of Civil Procedure 37(c)(1) prohibits parties from using information or witnesses if they fail to provide information or identify witnesses as required by Rule 26, unless the failure was substantially justified or is harmless.  Fed. R. Civ. P. 37(c)(1).  This Court may impose other appropriate sanctions, including, but not limited to, prohibiting parties from introducing matters into evidence, striking pleadings, or even dismissing an action in whole or part.  Fed. R. Civ. P. 37(c)(1)(C), (b)(2)(A).  "The exclusion of non-disclosed evidence is mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."  *Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015) (quotations omitted); *see also Allied World Specialty*

*Ins. Co. v. SIU Physicians & Surgeons, Inc.*, No. 17-CV-3139, 2021 U.S. Dist. LEXIS 61536, *5 (C.D. Ill. Mar. 30, 2021) (Myerscough, J.) (quoting *Rossi*'s mandate).

6.    The Seventh Circuit established four factors for assessing whether a party's non-disclosure was substantially justified or harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence sooner. *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003); *see also Allied World Specialty Ins. Co.,* 2021 U.S. Dist. LEXIS 61536 at *10.   At least three of the four factors favor striking Plaintiff's untimely disclosures.

7.    First, IDOC Defendants will suffer prejudice from Plaintiff's surprise disclosures. IDOC Defendants' summary judgment motion is already on file, with their reply due to be filed in the coming weeks, and trial preparations are already underway.   In addition to their summary judgment reply, *Daubert* motions, motions *in limine*, and other pre-trial obligations, the IDOC Defendants would now have to investigate and depose five newly disclosed witnesses on a range of topics, prepare supplemental and rebuttal disclosures, consult again with expert witness (and perhaps re-depose them), and likely engage in supplemental summary judgment briefing, resulting in a "domino effect" of events in violation of prior discovery orders.

Moreover, the new witnesses will undoubtedly touch on liability-related issues, not just damages as Plaintiff has suggested.   For example, the prison-related witness disclosures include topics about "the things Mr. Gay and correctional staff said and did over years of segregation," "information about other prisoners who, like Mr. Gay, were also held in extended segregation," "the conditions and nature of segregation," and more.   (Ex. 1, ¶¶ 1-2; Ex. 2, ¶ 1.)  These subjects are not just damages-related issues, and will necessarily include discussion about the IDOC Defendants and the conditions of Anthony Gay's confinement.   Likewise, Plaintiff's disclosures

for Anthony Gay's supplemental familial witnesses do not specify their relationship or provide meaningful substance about their discoverable information. Instead, they are simply disclosed as "family members" who will testify about his mental health, activities after release, and the impact of segregation on Mr. Gay, all topics that may touch on the IDOC Defendants' alleged liability.[1]

Given the substance and timing of Plaintiff's disclosures, including one that came after the IDOC Defendants filed their summary judgment motion, Defendants will suffer significant prejudice from having to properly vet the new witnesses during summary judgment and pre-trial preparations, and from the substance of their expected testimony. Even if Plaintiff's late disclosures were somehow justified by Anthony Gay's passing, the prejudice to the IDOC Defendants substantially outweighs the need for any new witnesses so long after discovery closed and given the current posture of the case. The timing and substance of the untimely disclosures threatens considerable prejudice to the IDOC Defendants, so the disclosures should be stricken.

8.     Second, and relatedly, the prejudice to the IDOC Defendants cannot be cured. While Plaintiff has offered to present the witnesses for depositions, any discovery this close to trial, and in the midst of summary judgment briefing and pre-trial preparations, threatens valuable party and counsel time and may necessitate changes in defense strategy, as well as expert opinions. IDOC Defendants also lack any ability to disclose rebuttal witnesses or evidence in response to future depositions or investigations into Plaintiff's new witnesses. Just recently in the Northern District of Illinois, a court struck untimely witness disclosures based on Rule 37, and rejected an argument that fact discovery can be simply re-opened to allow depositions of new witnesses. *Dunn*

---

[1] Plaintiff's scant disclosures for the familial witnesses do not specify their relationships to Anthony Gay or very much detail about the discoverable information they possess. Defense counsel requested that Plaintiff supplement the disclosures with information about their relationship to Mr. Gay and more fulsome descriptions of their proposed testimony. No response or supplemental disclosures have been provided.

*v. Brown*, No. 20-CV-5645, 2022 U.S. Dist. LEXIS 216 (N.D. Ill. Jan. 3, 2022) (granting a motion to strike witnesses disclosed a week late). The court noted that a "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery. If that were the determining factor, no court could preclude expert or other testimony" disclosed in violation of discovery orders. *Id.* at *7-8 (quoting *Hard Surface Sols., Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 617 (N.D. Ill. 2010)). The court therefore struck the new witnesses, some of whom the disclosing party "likely [had] known … for years"—much like Anthony Gay had likely known Plaintiff's five new witnesses for years before his death. *Id.* at *5. The same holds true here, and further discovery will not adequately cure the prejudice to the IDOC Defendants of such untimely disclosures.

9.    Third, Anthony Gay willfully failed to timely disclose these witnesses, who were apparently all well-known to him during before discovery closed and before his passing. IDOC Defendants understand the intervening developments caused by his passing, but the newly disclosed witnesses are either family members or longtime prison associates—not new individuals who came to learn information since discovery ended. Indeed, Plaintiff has made no suggestion that the newly disclosed witness acquired their discoverable information *since* Anthony Gay's passing, either. Plaintiff could and should have disclosed these witnesses during discovery, and Mr. Gay's passing does not excuse their failure to do so. Given Anthony Gay's likely knowledge about the new witnesses before discovery ended, his willful failure to timely identify them cuts in favor of striking the disclosures.

10.    Finally, case law supports striking Plaintiff's late disclosures, including a recent decision in the Northern District of Illinois denying a very similar attempt by Plaintiff's counsel to belatedly disclose new witnesses following a plaintiff's death. In *Amor v. Cross*, No. 18-CV-2523 (N.D. Ill.), a civil-rights plaintiff, represented by one of the same law firms as Plaintiff's

counsel here, died after fact discovery closed but before trial. *See id.*, Dkts. 88 (closing fact discovery in 2020) and 192 (suggestion of death in 2023). During pretrial preparations, like Plaintiff here, the substituted plaintiff disclosed several witnesses to fill perceived gaps in her case following the prior plaintiff's death. *Id.*, Dkt. 220 (motion for leave to supplement Rule 26(a) disclosures). Also like Plaintiff here, the new witnesses in *Amor* included a former IDOC prisoner disclosed to discuss prison environments, plus witnesses to discuss the decedent's post-prison life. The defendants objected, arguing that (1) the new witnesses were well-known to the plaintiff and his counsel before the decedent's death, (2) the significant prejudice resulting from untimely disclosures during trial preparations, (3) the plaintiff waited too long to disclose the witnesses, and (4) the plaintiff's bad faith in not disclosing the well-known witnesses sooner. The district court denied the plaintiff's request for leave to supplement the disclosures. *Id.*, Dkt. 228.

11.     Likewise, this Court previously struck untimely evidence similarly produced in the midst of summary judgment briefing, much like Plaintiff's untimely disclosures here. In *Allied World Specialty Ins. Co. v. SIU Physicians & Surgeons, Inc*, No. 17-CV-3139 (C.D. Ill.), a party attempted to use evidence not disclosed in its Rule 26 disclosures, or any supplements thereto, in response to the opposing party's summary judgment motion. *Allied World*, 2021 U.S. Dist. LEXIS 61536, *5-6 (C.D. Ill. Mar. 30, 2021) (Myerscough, J.). The opposing party moved to strike the untimely evidence, which this Court granted as part of its summary judgment decision. This Court found that Rule 37 mandated exclusion, in part because the non-disclosing party had no opportunity to vet the untimely evidence during discovery, and was therefore confronting the evidence for the first time at summary judgment. *Id.* at *10-11. This Court also found the disclosure timeline problematic, and thus not substantially justified or harmless, because the disclosing party could have notified the opposing party sooner that it planned to rely on new

evidence. *Id.* at *11-12. Because the disclosure did not satisfy Rule 37's standard, this Court granted the motion to strike and excluded the evidence.

12.    Plaintiff's untimely disclosures here should meet the same fate as *Amor*, *Allied World*, and *Dunn*. Fact discovery has long been closed, and Plaintiff cannot meet Rule 37's exacting standard for untimely disclosures. Here, like in *Amor*, the new witnesses were known to Anthony Gay before his death, and Plaintiff's untimely disclosures during summary judgment and trial preparations will cause IDOC Defendants prejudice in ways that further discovery cannot cure. The disclosures will also re-open an entire litigation cycle that has been closed. Nor are Plaintiff's disclosures limited to damages-related issues, given newly disclosed topics about Mr. Gay's incarceration and the conditions of his confinement. And much like *Allied World*, where this Court granted a similar motion to strike, Plaintiff here could (and should) have raised the disclosure issue sooner (like in briefing on her recent substitution motion), allowing the parties to resolve the issue with more time to spare, and to perhaps mitigate prejudice to the IDOC Defendants. *See also Dunn*, 2022 U.S. Dist. LEXIS 216 at *7-8 (rejecting an argument that re-opening fact discovery can cure prejudice). Because she failed to do so, and cannot satisfy Rule 37, her five untimely disclosures should be stricken.

## CONCLUSION

WHEREFORE, the IDOC Defendants respectfully request this Court strike Plaintiff's untimely supplemental witness disclosures served on September 30 and November 11, 2024, and for any additional relief that this Court deems just and proper.

Dated:  November 25, 2024                    Respectfully submitted,

                                             /s/ *Robert T. Shannon*
                                             Robert T. Shannon
                                             *Counsel for IDOC Defendants*

Robert T. Shannon
Thomas L. O'Carroll
Ambrose V. McCall
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
(312) 704-3000
rshannon@hinshawlaw.com
tocarroll@hinshawlaw.com
amccall@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 25, 2024, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Central District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

_/s/ Robert T. Shannon_