IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MAURISA GAY, as Special Representative of the Estate of ANTHONY GAY, | ) ) ) | Case No. 19-CV-1133 |
| | ) | Judge: Sue E. Myerscough |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JOHN BALDWIN, et al., | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S DAMAGES WITNESS DISCLOSURE**

Now comes, Plaintiff, by his counsel, and respectfully responds to Defendants' Motion to Strike (R.294) as follows.

## Introduction

There have now been multiple filings on the issue of Plaintiff's proposed substitution damage witnesses. Plaintiff moved for leave to disclose them (R.293), after which Defendants responded (R.296), and separately moved to strike. R.294. Plaintiff now responds to the latter.

## Discussion

Defendants' Motion cites several cases where judges refused to allow witness disclosure under the unique facts of those cases. But for every such case, there is

another going the other way. Plaintiff cited several in his original motion, and there are obviously others. *See, e.g., Coach, Inc. v. Visitors Flea Market,* LLC, No. 6:11-cv-1905- Orl-19KRS, 2014 WL 631694 (M.D. Fla. Feb. 18, 2014); *Medina v. United Christian Evangelistic Ass'n,* No. 08-22111-CIV, 2010 WL 11504325, *2 (S.D.Fla. Jan. 14, 2010) (defendant's "late disclosure is excusable due to the death of [the prior witness]. [Defendant] is entitled to select its own witnesses, and upon the death of one, must have the ability to select another person to fill that role.").

In *Coach,* for example, a defense witness died of cancer on November 23, 2013, after the close of discovery and before the March 2014 trial date. *Id.* at *1. Following his death, the defense determined that no other witnesses could adequately testify to important issues within the deceased witness's knowledge, and so supplemented their Rule 26 disclosures to include additional witnesses on January 14, 2014. *Id.* at *1-2. The court criticized defendants for waiting to supplement their disclosures because they knew that the witness was very ill with cancer. *Id.* at *3. The court also found that the late disclosures were not harmless. *Id.* at *4. Nevertheless, the court that any unfair prejudice to the plaintiffs could be eliminated by requiring Defendants to produce the newly disclosed witnesses for deposition before trial. *Id.* Subject to such condition, the court denied plaintiffs' motion to strike the witnesses. *Id.* Notably the court issued this opinion on February 18, 2014, less than three weeks before the scheduled trial start date.

While other Courts have undoubtedly reach different conclusions, the circumstances are often different from those at issue here. For example, in *Clarke v. Schofield,* 5:06-CV-403, 2009 WL 10674468 (M.D. Ga. March 30, 2009), the court was inclined to be "quite lenient with the introduction of new evidence at this stage in the case," explaining that "[i]n most circumstances, a limited re-opening of discovery before trial can cure any prejudice." *Id.* at *1. The facts there nonetheless justified exclusion because the new witness would provide testimony constituting "the sole grounds for yet another cause of action," which could cause the case to spiral off track.

Unlike that type of scenario, the issue here is somewhat unique, at least in one important respect. Plaintiff appreciates that most witnesses who first arrive on the scene after discovery closes are inherently suspect. After all, if they had knowledge relevant to the claims or defenses, presumably they would have been identified sooner. But this situation is different. Prior to Mr. Gay's death, Plaintiff did not anticipate needing witnesses who could tell his damage story for him because he was alive and going to tell it himself. The issue is thus really more akin to substitution, which by analogy is routinely and liberally allowed in the expert context, despite being even closer to trial. *Morel v. Daimler-Chrysler Corp.,* 259 F.R.D. 17, 20 (D.P.R. 2009) (granting substitution of deceased expert witness where party moved to substitute six months after the original experts' death and where no trial date was

set); *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.,* 240 F.3d 1, 9-10 (1st Cir. 2001) (granting substitution of deceased expert witness where party moved to substitute about 3.5 months before trial); *Shipp v. Arnold,* 2019 WL 4040597 (W.D. Ark. Aug. 27, 2019) (granting substitution of deceased expert witness where party moved to substitute about two months before trial); *Haney v. Kavoukjian,* 2022 WL 1439041, at *2 (D.S.C. May 5, 2022) (granting substitution of deceased expert witness where party moved to substitute "several months" after the original experts' death and where no trial date was set).

At a minimum, the situation is thus different from the opinion of this Court relied upon by the Defendants, *Allied World Specialty Ins. Co. v. SIU Phys. & Surgeons,* Inc., 17-CV-3139, 2021 U.S. Dist. LEXIS 61536, *5 (C.D. Ill. March 30, 2021) (Mysercough, J.), where this Court refused to allow a new witness affidavit relied upon to oppose summary judgment. As Defendants themselves point out, the opposing party there had no opportunity to vet the untimely evidence that was then proffered on the merits in opposition to summary judgment.[1]

In sum, this is the kind of issue where this Court is thus not bound by any law or any decision of any other court; a decision either way (allow or bar) can be justified, and every situation presents unique equities. Absent any definitive

---

[1] Although the *Amor* facts were closer to this case, those belated disclosures came more than a year after the plaintiff's death, and included a new damages expert.

controlling precedent, the goal should be to reach the most just result.

In that regard, as Defendants' Response correctly acknowledges, the relevant factors are (1) prejudice, (2) the ability to cure the prejudice, (3) the likelihood of disrupting the trial, and (4) bad faith or willfulness in seeking to surprise the opponent. R.294 at 3, citing *David v. Caterpiller,* 324 F.3d 851, 857 (7th Cir. 2003) and *Allied World.* Resolution of this motion is actually easy, because each and every one of those factors points in favor of not imposing a sanction of witness exclusion.

**First,** Defendants' prejudice arguments are conspicuously overblown. Plaintiff seeks to substitute in a witness to try to tell his damage story because Mr. Gay's death leaves Plaintiff without any other vehicle to do so. The new witnesses have nothing to do with liability, and their testimony will be narrowly limited to damages. Defendants' Response vaguely professes potential need for rebuttal disclosures, but if they had witnesses who could testify that Mr. Gay's damages were not as bad as claimed, they would have already disclosed them. And if there were such witnesses (which there are not) Plaintiff obviously would not object to belated disclosure.[2]

---

[2] Defendants' Motion contends that they don't know who the family member witnesses are. Linda and Sandra Gay are Mr. Gay's cousins who had regular contact with him before, during, and after his incarceration. Defendants make no complaint about the sufficiency of the disclosure of Harvey Matthews, an inmate who knew Mr. Gay before prison and had an opportunity to personally observe him during his time in solitary.

Defendants also complain about the need for new experts and the alleged ramifications for summary judgment, but Defendants are missing the point. These are strictly damage witnesses. None will offer any testimony that Plaintiff needs to oppose summary judgment, and Plaintiff (who will have already responded to summary judgment by the time the Court considers this issue) is not asking to be permitted to use any new witnesses for that purpose. The same for any experts.

Defendants' point that the new witnesses will "undoubtedly touch on liability-related issues" (R.294 at 3) is easily addressed. The Court can simply order that the witnesses will only be permitted to testify on issues related to damages, and nothing related to liability. Problem solved. If Defendants are instead suggesting that they have lost the ability to develop liability-related evidence of their own through these witnesses, they are defeated by their own arguments about why it is too late for that.

**Second,** despite Defendants overstated concern that "the prejudice to the IDOC Defendants cannot be cured," R.294 at 4, the opposite is true. There is no serious dispute that an opportunity to take a deposition puts the Defendants exactly where they would have been had the witnesses been disclosed sooner. And there is plenty of time before trial to get the witnesses deposed. The second factor thus tips strongly in Plaintiff's favor as well.

So does the **third.** The trial will not be disrupted. And as far as the **fourth,** this

is not a scenario where Plaintiff exercised bad faith or tried to sandbag with a surprise witness who could show up at the eleventh hour to establish liability or rebut defenses. The need for these witnesses was not pressing until Mr. Gay's death left Plaintiff with no way to tell the damages story. Defendants have a small point that Plaintiff could have disclosed somewhat sooner after Mr. Gay's death, but the only truly salient consideration is time remaining before trial, of which there is plenty.

## Conclusion

The Court should not grant the sanction of exclusion. Given the time left to depose the witnesses prior to trial, there is no prejudice. Indeed, it is Plaintiff who would be prejudiced if Mr. Gay's death prevented any damages testimony.

DATED: December 13, 2024

Respectfully submitted,

/s/ Jon Loevy
*Attorney for Plaintiff*

Jon Loevy
Locke Bowman
Loevy & Loevy
311 N. Aberdeen Street, Floor 3
Chicago, IL 60607

Antonio Romanucci
Bhavani Raveendran
Stephen H. Weil
Romanucci & Blandin, LLC
321 North Clark St., Suite 900
Chicago, IL 60654
(312) 458-1000
*Attorneys for Plaintiff*