E-FILED
Thursday, 27 March, 2025  09:37:01 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| Maurisa Gay, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-CV-01133 |
| | ) | |
| v. | ) | Judge Sue E. Myerscough |
| | ) | |
| Latoya Hughes et al., | ) | Magistrate Judge Eric I. Long |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS [1] MOTION FOR
STATUS HEARING (ECF 311) AND [2] MOTION FOR EXTENSION
OF TRIAL DATE (ECF 312)**

Plaintiff, through her undersigned counsel, herein responds to the motion for status hearing filed by Defendant State of Illinois (*sub nom* IDOC Director Latoya Hughes in her official capacity), ECF 311, and to the motion for extension of time filed by Wexford and several of its employees (the Wexford defendants), ECF 312.  Plaintiff responds to the motions as follows:

***Motion for status conference*.**  Plaintiff does not oppose the State's request for a status conference.  The pendency of the defendants' motion for summary judgment, combined with pending deadlines for submission of pretrial materials, make a status conference advisable, as the Court can give the parties direction regarding its views of the case and the conduct of trial.

***Motion to continue the trial date*.**  Plaintiff does oppose the Wexford defendants' motion to continue the trial date.  This case was originally filed in 2018 and is now nearly seven years old.  Multiple trial dates have been set and continued—for the last four years, and through a multitude of trial re-settings. *See* ECF 52 (setting trial for November 2021); ECF 119 (setting trial for October 2022); Jan. 11, 2023 TEXT ORDER (setting trial for January 2024); June 13, 2023 TEXT ORDER (setting trial for May 2024); Sept. 5, 2023 TEXT ORDER (setting trial for September 2024); June 13, 2024 TEXT ORDER (setting trial for February 2025); Nov. 18, 2024 TEXT ORDER (setting

trial for May 2025).  Plaintiff is prejudiced by the continued delay of trial in this case. The reasons given by Wexford to continue the trial date yet again, meanwhile, do not amount to good cause.

The Wexford defendants are correct that the defendants' summary judgment motions remain pending.  But that is often the case in the period leading up to trial.  Prudent parties prepare assuming that the entire case will go to trial and then pare back their trial evidence if and when summary judgment decision limits the issues or parties in the case.  It would be one thing if "there ha[d] not been an inordinate number of continuances" in this case, *Moreno-Perez v. Toledo-Davila*, 764 F. Supp. 2d 349, 351 (D.P.R. 2011) (granting continuance due to pending summary judgment motions, but doing so because there had not been an "inordinate number of continuances" of the trial date), but in this case there *have* been an inordinate number of continuances.  Parties in this case should prepare accordingly, rather than expect to be granted yet another continuance.

The Wexford defendants next note that their counsel is scheduled to be on trial *Ross v. Gossett*, No. 15-cv-309 (S.D. Ill.), which is scheduled to begin March 31, 2025.  This means, however, that Wexford's counsel double-booked themselves for conflicting trials.  The *Ross* court set the March 31 trial date on January 9, 2025.  *See Ross* ECF 717.  Given the conflict that trial setting created with this case, it fell to Wexford's counsel to advise the *Gay* Court and parties of the conflict in a timely manner, so that the *Gay* (or the *Ross*) trial could be re-scheduled to avoid the conflict. By waiting until the eleventh hour to advise the *Gay* Court and the parties of the conflict, Wexford's counsel would now impose needless delay on the parties, given that it will take months to find another date for trial that works on the calendars of the Cour and the parties' counsel.  Plaintiff respectfully submits that this is not good cause to continue the trial in this case.

For the foregoing reasons, Plaintiff respectfully submits that the request for extension by the Wexford defendants should be denied.

Date: March 27, 2025                    Respectfully submitted,


                                        /s/ Stephen H. Weil


Jon Loevy                               Antonio Romanucci
Loevy & Loevy                           Stephen Weil
311 N. Aberdeen Street, Floor 3         Sam Harton
Chicago, IL 60607                       Romanucci & Blandin, LLC
312-243-5900                            321 North Clark St., Suite 900
jon@loevy.com                           Chicago, IL 60654
                                        (312) 458-1000
Bhavani Raveendran                      sweil @rblaw.net
Raveendran Law LLC
4849 N. Milwaukee Ave, #700
Chicago IL 60630                        *Attorneys for Plaintiff*
bhavani@brwarrierlaw.com
T: (872) 361-2302