IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MAURISA GAY, as Special Representative of the Estate of ANTHONY GAY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-CV-1133 |
| v. | ) ) | |
| JOHN BALDWIN, et al., | ) ) | Judge: Sue E. Myerscough |
| Defendants. | ) | |

**IDOC AND WEXFORD DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT**

Defendants John Baldwin, Sylvia Butler, Dr. Jamie Chess, Dr. Melvin Hinton, Rob Jeffreys, Terri Kennedy, Michael Melvin, Sonja Nicklaus, Shane Reister, Emily Ruskin, Jeff Sims, John Varga, and Justin Wilks (collectively, the IDOC Defendants) and Wexford Health Sources, Inc., Kelly Renzi, Psy.D., and William Puga, M.D. (collectively, the Wexford Defendants), jointly move to strike Plaintiff's Supplemental Expert Report of Dr. Terry A. Kupers, pursuant to Federal Rule of Civil Procedure 37(c)(1).

**INTRODUCTION**

This Court should strike Plaintiff's Supplemental Expert Report of Dr. Terry A. Kupers ("Updated Expert Report"), which Plaintiff filed nearly two years after Plaintiff's August 2023 deadline for expert disclosures. Rule 26(a)(2) requires a party to provide an expert report that contains a "complete" statement of that expert's opinions and the basis and reasons for those opinions. Plaintiff was therefore required to submit Dr. Kupers's "complete" report by August 12, 2023. She did not. On June 23, 2025, Plaintiff served Defendants with Dr. Kupers's Updated Expert Report, which included new opinions and new sources, which were previously available to Plaintiff. Because the Updated Expert Report is not otherwise appropriate under Rule 26(e),

40432\325288780.v2

Plaintiff violated Rule 26(a)(2)'s expert disclosure requirements. This Court must strike the Updated Expert Report, pursuant to Rule 37(c)(1) because Plaintiff's failure to timely submit the Updated Report was neither justified nor harmless. *See Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019).

## BACKGROUND

Anthony Gay filed this lawsuit in October 2018, alleging violations of his federal constitutional and statutory rights while incarcerated in the Illinois Department of Corrections. Anthony Gay died on August 17, 2024. On September 26, 2024, this Court granted a motion to substitute Anthony Gay's adult daughter, Maurisa Gay, as plaintiff in this matter. (*See* Text Order, Sept. 26, 2024). The following deadlines, which were previously modified, are currently in place and have since expired:

- Fact Discovery: March 15, 2024 (*See* Text Order, January 3, 2024).

- Plaintiff's Deadline to Submit Expert Disclosures: August 12, 2023 (*See* Text Order, June 13, 2023).

- Defendants' Deadline to Submit Expert Disclosures: March 29, 2024 (*See* Text Order, April 2, 2024).

- Expert and Rule 30(b)(6) Depositions: May 16, 2024 (*See* Text Order, April 2, 2024).

- Dispositive Motions: October 11, 2024 (*See* Text Order, Sept. 26, 2024).

- On-site IDOC Inspection: November 15, 2024 (*See* Text Order, Nov. 18, 2024).

On August 11, 2023, Plaintiff served the initial Expert Report of Dr. Terry Kupers, which largely opined on the effect of segregated housing on the mental health of the late Mr. Gay while he was in IDOC custody. (*See* Exh. A, Expert Report of Dr. Terry A. Kupers).

Nearly two years later, on June 23, 2025, Plaintiff served Defendants with the Supplemental Expert Report of Dr. Terry A. Kupers (Updated Expert Report). (*See* Exh. B., Email and Updated Expert Report). Despite the characterization as "supplemental," the Updated Expert

40432\325288780.v2

Report contains new expert opinions regarding Mr. Gay's mental health and mental health disorders after he was released from IDOC custody in 2018 and the effect of his release on his mental health and self-harming behaviors. (*See* Exh. B, Updated Expert Report, pp. 2-3). The Updated Expert Report based its opinions on publicly available videos from various media sources published between September 2018 and February 2023. (*See* Exh. B, Updated Expert Report, pp. 1-2). Dr. Kupers had not disclosed or relied upon these videos and sources in his initial Expert Report, despite them being publicly available at that time. (*See* Exh. C, Expert Materials List, Supp. to Expert Report).

In the nearly two years since Plaintiff's expert disclosure deadline passed, the discovery deadlines and the deadline to file dispositive motions have expired.

## LAW AND ANALYSIS

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs disclosure requirements for expert witnesses, while Rule 37(c)(1) establishes sanctions for failing to comply with those requirements, including striking any late disclosure or report. Rule 26(a)(2)(B)(i) provides that a party must provide a report with "a complete statement of all opinions the witness will express and the basis and reasons for them," which is due by the court-ordered deadline, *see* Rule 26(a)(2)(D). This Court's deadline for Plaintiff to submit her Expert Report was August 12, 2023. (*See* Text Order, June 13, 2023). The deadlines for expert discovery and depositions expired on March 29, 2024. (*See* Text Order, April 2, 2024).

The Updated Expert Report violates Rule 26(a)(2) in two ways. First, the Updated Expert Report contains new opinions and new bases for these opinions. Dr. Kupers—for the first time—opines that Mr. Gay displayed ongoing psychiatric problems and distress after he was released from IDOC custody and opined that Mr. Gay was not prone to self-harm or suicide while in the community. To reach these opinions, Dr. Kupers relies upon publicly available news and media

3

videos, which he had not identified or relied upon in his initial expert report submitted in August 2023. Second, the Updated Expert Report is untimely. Plaintiff violated Rule 26(a)(2) when it served its Updated Expert Report nearly two years after her expert report deadline. The publicly available videos upon which the Report relies all pre-dated the August 2023 expert report deadline and were available when Dr. Kupers submitted his initial Expert Report.

In addition, the Updated Report, which Plaintiff characterizes as a "Supplemental Report" is not appropriate under Rule 26(e), which governs a party's obligation to supplement if a party learns its disclosures were incorrect or incomplete. Fed. Rule Civ. Pro. 26(e)(2). The "the duty to supplement an expert opinion cannot be used as a vehicle to disclose entirely new expert opinions after the deadline established by the court under Rule 26(a)(2)(C)." *See Vill. of Sauk Vill. v. Roadway Express, Inc.*, No. 15-cv-9183, 2017 U.S. Dist. LEXIS 10477, at *5 (N.D. Ill. Jan. 25, 2017) (internal quotation marks and citation omitted). Because the Updated Expert Report provides new expert opinions and relies upon materials available to Plaintiff at the time of her expert disclosure deadline, it cannot be considered a supplement under Rule 26(e).

Therefore, Plaintiff violated Rule 26(a)(2) when she served the Updated Expert Report, which proffered new expert opinions relying on new bases, nearly two years after Plaintiff's expert disclosure deadline and more than one year after the close of expert discovery.

Rule 37(c)(1) of the Federal Rules of Civil Procedures provides that if a party violates Rule 26(a), the evidence *must* be excluded "unless the failure was substantially justified or is harmless." *See Uncommon, LLC*, 926 F.3d at 417. The Seventh Circuit set forth the four factors courts assess in determining whether a party's non-disclosure was substantially justified or harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness

4

involved in not disclosing the evidence sooner. *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003).

First, IDOC will suffer prejudice from Plaintiff's surprise disclosure that it intends to present Dr. Kupers to opine on Mr. Gay's mental health and conditions *after* he was released from IDOC custody.[1] Discovery and dispositive motions deadlines have all closed. The IDOC and Wexford Defendants' separate motions for summary judgment are currently pending before this Court. As the Northern District of Illinois clarified, the risk of unfair surprise or prejudice applies to summary judgment briefing, not just to trial. *See Rowe Int'l Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 935 (N.D. Ill. 2008) (granting motion to strike in part and explaining that the purpose of discovery deadlines is to ensure that the parties have exchanged all their evidence, including expert evidence, well before the summary judgment deadline so the parties know where they stand).

Moreover, preparation for trial is well underway. In addition to preparing *Daubert* motions, motions *in limine*, and other pre-trial obligations, the Defendants would now have to investigate and depose Dr. Kupers, prepare supplemental and rebuttal disclosures, and consult with its own experts. This would require the reopening of discovery deadlines, may require supplemental summary judgment briefing, and could very well delay trial (again).

Second, the prejudice to the Defendants cannot be cured. While Plaintiff offered to present Dr. Kupers for deposition, any discovery this close to trial, *after* the dispositive motion deadline

---

[1] While not the focus of this motion, any testimony by Dr. Kupers as to Mr. Gay's mental health status after his release from IDOC would likely be inadmissible at trial for several reasons, including that the videos of the late Mr. Gay would be inadmissible hearsay and not admissible under Rule 703 of the Rules of Evidence as other experts in his field would not rely upon these media appearances to diagnose mental health disorders. In addition, because Plaintiff's case has narrowed to one brought under the American with Disabilities Act and the Rehabilitation Act, the scope of relief has also narrowed as IDOC explained its Opposition to Plaintiff's Motion To Compel Site-Inspection and this testimony would not be relevant. (*See* Dkt. 315).

40432\325288780.v2

has expired and pre-trial preparations are well underway, threatens valuable party and counsel time and may necessitate changes in defense strategy, as well as expert opinions. Defendants also lack the ability to disclose rebuttal witnesses or evidence in response to a proposed deposition of Dr. Kupers. If late disclosures of witnesses or new expert opinions could be cured by reopening discovery, Rule 26(a)(2) and Rule 37(c) would be rendered meaningless. *See Dunn v. Brown*, No. 20-CV-5645, 2022 U.S. Dist. LEXIS 216 (N.D. Ill. Jan. 3, 2022) ("Late disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery. If that were the determining factor, no court could preclude expert or other testimony disclosed in violation of discovery orders." (internal citation and quotation marks omitted)).

Third, allowing Plaintiff to expand the scope of Dr. Kupers' expert testimony would be greatly disruptive to the upcoming October trial. At the very least, the Defendants would need to depose Dr. Kupers, which could lead to additional expert discovery and briefing before this Court. Moreover, because Dr. Kupers is now opining on Mr. Gay's mental health condition *post*-release from IDOC in 2018, fact discovery may need to be reopened as its could shift how the Defendants present their defense at trial.

Last, Plaintiff willfully failed to timely disclose Dr. Kupers's additional expert opinions and the bases and reasons for those new opinions. The publicly available videos and media that Dr. Kupers reviewed were published between September 2018 and February 2023, well before Plaintiff's expert disclosure deadline. None of this is newly discoverable material or material that Plaintiff did not have the ability to identify and provide to Dr. Kupers before Plaintiff's August 2023 expert disclosure deadline. Nor is the question of the late Mr. Gay's mental health post-release a new issue—Mr. Gay was released from IDOC custody in 2018. If Plaintiff had wished for Dr. Kupers to assess Mr. Gay's post-release mental health status, that assessment could have been completed at any time prior to August 2023. And, while Mr. Gay's passing nearly a year ago

40432\325288780.v2

may have altered *how* Plaintiff presents her case, it does not alter that Plaintiff should have known whether she wanted to provide expert testimony as to Mr. Gay's ongoing or post-release mental health prior to his passing.

A recent decision from the Northern District supports striking Dr. Kupers's Updated Expert Report. In *Amor v. Cross*, No. 18-CV-2523 (N.D. Ill.), a civil-rights plaintiff passed away after fact discovery closed but before trial. *See id.*, Dkts. 88 (closing fact discovery in 2020) and 192 (suggestion of death in 2023). During pretrial preparations, the substituted plaintiff disclosed several witnesses to fill perceived gaps in her case following the prior plaintiff's death. *Id.*, Dkt. 220 (motion for leave to supplement Rule 26(a) disclosures). The new witnesses in *Amor* included witnesses who would discuss the decedent's post-prison life. The defendants objected, arguing that the new witnesses were well-known to the plaintiff and his counsel before the decedent's death, significant prejudice would result from the untimely disclosures, and that plaintiff waited too long to disclose the witnesses. The district court denied the plaintiff's request for leave to supplement the disclosures. *Id.*, Dkt. 228 (minute entry).

 The parties recently debated the applicability of the *Amor* decision in the context of Plaintiff's attempt to supplement her witness list with additional fact witnesses following Mr. Gay's passing. *See* Dkts. 294, 299. Back in December, Plaintiff distinguished the *Amor* case, explaining that in *Amor*, the substituted plaintiff waited a year after the plaintiff died to supplement witness lists, which also included a new damages expert. Dkt. 299, p. 4 n.1. In the case at hand, Plaintiff—despite attempting to supplement her witness list in November 2024—waited ten months before submitting a significantly expanded Updated Expert Report, which extended Dr. Kupers's assessment of Mr. Gay post-release and through his re-incarceration in federal prison.

Likewise, this Court previously struck untimely evidence produced in the midst of summary judgment briefing. In *Allied World Specialty Insurance v. SIU Physicians & Surgeons,*

40432\325288780.v2

a party attempted to use evidence not disclosed in its Rule 26 disclosures, or any supplements thereto, in response to a summary judgment motion. 2021 U.S. Dist. LEXIS 61536, *5-6 (C.D. Ill. Mar. 30, 2021). The opposing party moved to strike the untimely evidence, which this Court granted as part of its summary judgment decision. This Court found that Rule 37 mandated exclusion, in part because the non-disclosing party had no opportunity to vet the untimely evidence during discovery and was therefore confronting the evidence for the first time at summary judgment. *Id.* at *10-11. This Court also found the timing of the disclosure problematic, and thus not substantially justified or harmless, because the disclosing party could have notified the opposing party sooner that it planned to rely on new evidence. *Id.* at *11-12. Because the disclosure did not satisfy Rule 37's standard, this Court granted the motion to strike and excluded the evidence. The same result should happen here. Because of Plaintiff's significantly delayed disclosure, the Defendants are presented with new expert testimony relying on previously available evidence, but unrevealed sources, without the ability to vet this evidence during discovery and, if necessary, have addressed it in summary judgment briefing.

* * *

Because Plaintiff violated Rule 26(a)(2) with her attempt to proffer additional expert opinions—and new evidence in support of those opinions—nearly two years after her expert disclosure deadline passed *and* fourteen months after expert discovery closed, this Court should strike Dr. Kupers's "Supplemental" Expert Report. First, the perceived need for these updated expert opinions, which opines on the late Mr. Gay's mental health following his 2018 release from IDOC, should have been known since the filing of the initial lawsuit regardless of Mr. Gay's passing. And, the sources relied upon by Dr. Kupers were available prior to the August 2023 disclosure deadline. Crucially, Plaintiff cannot meet Rule 37's exacting standards to

40432\325288780.v2

absolve her from the untimely disclosure: The late disclosure—after discovery closed and the dispositive motion deadline passed—prejudices the Defendants and threatens to re-open an entire litigation cycle. While Plaintiff may contend that Mr. Gay's passing necessitated this Updated Expert Report, any perceived need for this testimony has been present since inception of the lawsuit in 2018 and Plaintiff had ten months already to raise this issue before the Court. Therefore, Rules 26(a)(2) and 37(c) require that Dr. Kupers's "Supplemental" Expert Report be struck.

## CONCLUSION

For these reasons, Defendants respectfully request this Court strike Dr. Kupers's Supplemental Expert Report and for any additional relief that this Court deems just and proper.

Dated: July 1, 2025                                  Respectfully submitted,


/s/ Robert T. Shannon                               /s/ Joseph N. Rupcich
Robert T. Shannon                                   Joseph N. Rupcich
Counsel for IDOC Defendants                         Counsel for Wexford Defendants
Robert T. Shannon                                   Joseph N. Rupcich
Thomas L. O'Carroll                                 6283899
Ambrose V. McCall                                   CASSIDAY SCHADE LLP
Stephen Mehr                                        2040 West Iles Avenue, Suite B
HINSHAW & CULBERTSON LLP                            Springfield, IL 62704
151 N. Franklin Street, Suite 2500                  (217) 572-1714
Chicago, Illinois 60606                             (217) 572-1613 (fax)
(312) 704-3000                                      jrupcich@cassiday.com

rshannon@hinshawlaw.com
tocarroll@hinshawlaw.com
amccall@hinshawlaw.com

40432\325288780.v2