E-FILED
Tuesday, 22 July, 2025  05:20:56 PM
Clerk, U.S. District Court, ILCD

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MAURISA GAY, as Special Representative of the Estate of ANTHONY GAY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-CV-1133 |
| v. | ) ) | |
| JOHN BALDWIN, et al., | ) ) | Judge: Sue E. Myerscough |
| Defendants. | ) | |

**IDOC AND WEXFORD DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT**

The Court should grant IDOC and Wexford Defendants' Joint Motion to Strike Plaintiff's Supplemental Expert Report of Dr. Terry A. Kupers ("Updated Expert Report"). In her Opposition, Plaintiff concedes that the Updated Expert Report is late, minimizes the scope of the proposed Updated Expert Report and the ensuing prejudice it would cause Defendants, and admits that the Updated Expert Report is simply the vehicle through which to allow Plaintiff to present otherwise inadmissible video evidence to the jury. Just as importantly, the Updated Expert Report, and the video evidence it relies upon, is not relevant to Plaintiff's remaining claims.

As a threshold matter, Plaintiff concedes that Dr. Kupers' Updated Report is not a supplemental report, but a late disclosure. Therefore, the Seventh Circuit's test in *David v. Caterpillar*, 324 F.3d 851 (7th Cir. 2003) applies, which addresses prejudice to the *opposing* party, concerns regarding delaying trial, and the willfulness (or justification) of the late disclosure. Plaintiff has not met her burden in establishing that her late disclosure is justified or harmless. *See id.*

First, while Plaintiff accurately describes the length of Dr. Kupers' new opinion, she minimizes its scope, which expands the subject matter and temporal reach of his opinion. Dr.

Kupers' initial (and timely) expert opinion and prospective testimony was focused on the effect of segregated housing on the late Mr. Gay while he was incarcerated and his conclusions that this housing arrangement negatively affected Mr. Gay and caused him to self-harm. Dkt. 320-1, pp. 4-6 (Summary of Opinions). Dr. Kupers also concluded that Mr. Gay did not engage in such self-harming behaviors when he rejoined the community in 2018. Dkt. 320-1, p. 18.

Dr. Kupers' Updated Expert Report and his proposed prospective testimony now opines that Mr. Gay, after his release from IDOC and before his re-incarceration in federal prison, suffered from "ongoing psychiatric problems and distress" and showed "clear signs of ongoing emotional distress." Dkt. 320-2, pp. 4-5. Despite Plaintiff's protestations, this proposed expert testimony— that Mr. Gay suffered psychiatric problems and emotional distress after his release, allegedly caused by his time in segregated housing—expands the scope of Dr. Kupers' testimony and opines on Mr. Gay's mental health from 2018 to 2022.

This expansion requires Defendants to address and respond to claims about Gay's mental health when not in IDOC custody, which would likely force them to depose Dr. Kupers, conduct discovery to challenge such post-release damages, consult their own experts, and potentially offer their own supplemental discovery disclosures. In effect, allowing this late Expert Report would reopen a whole new phase of damage discovery, diverting resources and time Defendants would otherwise spend preparing for trial, which is mere months away. Plaintiff counters that there remains time for the deposition of Dr. Kupers and any other rebuttal evidence before trial, but Plaintiff does not recognize that time and resources are fixed. It is worth repeating: "Late disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery." *Dunn v. Brown,* No. 20 CV 5645, 2022 U.S. Dist. LEXIS 216, at *7 (N.D. Ill. Jan. 3, 2022) (citation omitted).

This prejudice bleeds into whether Plaintiff's delay was substantially justified, which Plaintiff fails to demonstrate. Plaintiff does not adequately justify the delay in providing Dr. Kupers' Updated Report after Mr. Gay passed. While Defendants understand that Mr. Gay's passing required Plaintiff to reconfigure her case and trial strategy, it does not explain the delay in submitting this Report, especially (as Plaintiff points out) because the new opinion consists of one paragraph (though the implications of that one paragraph are substantial). While Plaintiff contends that the specific month of disclosure does not matter, there exists a significant difference between disclosing new information a year before trial and four months before trial. Plaintiff conceded as much in her discussion of the *Amor v. Cross* case, No. 18-CV-2523 (N.D. Ill.), when defending her attempt to supplement her witness list back in November. *See* Dkt. 299, p. 4 n.1.

Instead of explaining why she waited until June 25 of this year to provide this Updated Expert Report, Plaintiff flips the script, stating she was *surprised* and *prejudiced* by Mr. Gay's passing and she would be severely and unfairly prejudiced if she is not permitted to present this testimony and the video evidence upon which it relies. Dkt. 323, pp. 2-3. But that is not the test established by the Seventh Circuit. The test focuses on how the late disclosure prejudices "the party against whom the evidence is offered" and does not balance that prejudice with how much the Plaintiff intends to rely upon that evidence during trial. *See David*, 324 F.3d at 857.

Last, the discussion of prejudice and whether Plaintiff's late disclosure is substantially justified cannot be divorced from the relevancy discussion because Plaintiff admits in her Opposition that she is using Dr. Kupers' Updated Report as her mechanism to present the video interviews of Mr. Gay to the jury to show the "impact that extended solitary confinement had" on Mr. Gay. Dkt. 323, pp. 2. In addition to this attempt to circumvent admissibility rules, Plaintiff is not "substantially justified" in submitting this late Updated Expert Report because the subject

matter of the Updated Report, and the video evidence upon which it relies, even if it were properly disclosed, is not even admissible as relevant under Rule 402 of the Federal Rules of Evidence.[1]

In her response to Defendants' pending summary judgment motions, Plaintiff did not contest dismissal of her constitutional claims against the individual defendants with one minor exception.[2] Dkt. 304, p. 150. Her only remaining claims against IDOC are brought under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Under the RA and Title II of the ADA, plaintiffs cannot recover emotional distress damages. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022) (holding that emotional distress damages are not available under the RA); *see, e.g.*, *Doherty v. Bice*, 101 F.4th 169, 171 (2d Cir. 2024) (holding that emotional distress damages are not available under Title II of the ADA); *A.W. v. Coweta Cty. Sch. Dist.*, 110 F.4th 1309, 1314 (11th Cir. 2024) (same); *Pennington v. Flora Cmty. Unit Sch. Dist. No. 35*, No. 3:20-CV-11-MAB, 2023 U.S. Dist. LEXIS 10565, *6-7 (S.D. Ill. Jan. 20, 2023) (same).

The scope of Plaintiff's claims and remedies against IDOC, therefore, have significantly narrowed. Plaintiff recently characterized her legal theory as follows: Under the ADA and RA, Mr. Gay should have been removed from segregated housing in IDOC because the conditions there, due to his mental illness, caused him to self-harm. Dkt. 318, p. 5. While a plaintiff may recover damages for physical injury—if they meet their burden—a plaintiff cannot, as a matter of law, recover any damages for emotional distress caused by a purported ADA or RA violation.

---

[1] In addition to the relevancy concern, significant concern exist as to whether Dr. Kupers' methodology—assessing Mr. Gay's psychiatric and emotional status based on recorded media interviews—is sound under *Daubert*. *See Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 783 (7th Cir. 2017).

[2] Plaintiff did not agree to the dismissal of her constitutional claims against Dr. Nunez, with whom she had reached an agreement to settle. Dkt. 305, p. 150, n.13.

Simply put, whether Mr. Gay suffered emotional distress during his imprisonment in IDOC or after his return to the community is not relevant to this case anymore. And, Plaintiff cannot circumvent the relevancy requirement through the Updated Expert Report. The prejudice suffered by Defendants in having to prepare to defend against this testimony (and media interview of Mr. Gay) is compounded by the fact that it is not even relevant to Plaintiff's remaining claims.

In sum, in addition to being irrelevant to Plaintiff's remaining claims against Defendants, Defendants would be prejudiced by the late disclosure, which was not substantially justified.

## CONCLUSION

For these reasons, Defendants respectfully request this Court strike Dr. Kupers' Supplemental Expert Report and for any additional relief that this Court deems just and proper.

Dated: July 22, 2025                          Respectfully submitted,


*/s/ Robert T. Shannon*                       */s/ Joseph N. Rupcich*
Robert T. Shannon                             Joseph N. Rupcich
Counsel for IDOC Defendants                   Counsel for Wexford Defendants
Robert T. Shannon                             Joseph N. Rupcich
Thomas L. O'Carroll                           6283899
Ambrose V. McCall                             CASSIDAY SCHADE LLP
HINSHAW & CULBERTSON LLP                      2040 West Iles Avenue, Suite B
151 N. Franklin Street, Suite 2500            Springfield, IL 62704
Chicago, Illinois 60606                       (217) 572-1714
(312) 704-3000                                (217) 572-1613 (fax)
rshannon@hinshawlaw.com                       jrupcich@cassiday.com
tocarroll@hinshawlaw.com
amccall@hinshawlaw.com