IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Maurisa Gay, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-CV-01133 |
| | ) | |
| v. | ) | Judge Sue E. Myerscough |
| | ) | |
| John Baldwin et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY
IN SUPPORT OF HER MOTION FOR RECONSIDERATION**

Pursuant to Local Rule 7.1(B)(3), Plaintiff, through counsel, moves this Court for leave to file a reply in support of her motion for reconsideration of the Court's summary judgment ruling in favor of the Illinois Department of Corrections ("IDOC") (ECF 336) and in response to the opposition filed by IDOC (ECF 345). Plaintiff's proposed reply, which totals 5 pages, is attached as **Exhibit 1**. In support Plaintiff states:

1. This case has been litigated for six years. It arises from the extraordinary, 20-year solitary confinement of Anthony Gay. As to the IDOC, the summary judgment briefing in this case involved the application of the Americans with Disabilities Act, and Rehabilitation Act to the prison context and concerned multiple state policies governing the treatment of mentally ill prisoners.

2. The Court has entered two opinions, one denying summary judgment for defendant Wexford (ECF 333) and the second granting summary judgment as to Plaintiff's ADA and RA claims against the IDOC (ECF 334).

3. Plaintiff filed a motion for reconsideration of the IDOC summary judgment ruling, arguing that the Court misapprehended certain theories upon which Plaintiff proceeded

1

and certain facts and allegations on which she relied (ECF 336). The IDOC filed a response opposing those arguments (ECF 345).

4.      Whether and how the ADA/RA apply to Mr. Gay's confinement in disciplinary segregation over more than two decades is an important question, not only for Plaintiff's case but for the emerging body of law applying the disability statutes to the prison context. Plaintiff believes that she has identified two respects in which the Court misapprehended the nature of her ADA/RA claims and, thus, failed to address her contentions in the summary judgment order.

5.      IDOC's memorandum in opposition insists that the Court did address Plaintiff's claims in full and that the reconsideration motion is no more than a loser's rehash of failed arguments. With all respect to IDOC's able counsel, their brief is an exercise in misdirection and obfuscation. Plaintiff needs the opportunity to submit a short reply to clarify for the Court that the issues she has raised are genuine and the earlier summary judgment ruling is worthy of reconsideration.

6.      IDOC does not wish to see Plaintiff's reply. In a short email objecting to this motion, IDOC's counsel asserted that the issues were not sufficiently complex to warrant a reply.[1] Plaintiff's five-page reply will not overly burden this record.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order granting her leave to file the attached reply memorandum in support of her motion for reconsideration.

---

[1] There is some irony in IDOC's current position. IDOC took a very different tone when it asked for six weeks to file its response to Plaintiff's motion for reconsideration.  ECF 340.  There, IDOC emphasized the length and complexity of the summary judgment briefing, ECF 340 ¶ 5, and argued "to adequately address [Plaintiff's reconsideration arguments], the IDOC Defendants are requesting an additional 30 days in which to file their response." *Id.*

Date: November 17, 2025						Respectfully submitted,


/s/ *Paul McMahon*


Jon Loevy
Locke Bowman
Gianna Gizzi
Loevy & Loevy
311 N. Aberdeen Street, Floor 3
Chicago, IL 60607
312-243-5900


Paul McMahon
Daisy Allyon
Stephen Weil
Romanucci & Blandin, LLC
321 North Clark St., Suite 900
Chicago, IL 60654
(312) 458-1000
sweil@rblaw.net


*Attorneys for Plaintiff*